UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.    11-cr-00184-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  LEON HENDERSON ASKEW,

      Defendant.

## ORDER

THIS MATTER comes before the Court on Defendant's Unopposed Amended

Motion to Continue Trial Due to Ends of Justice, [ECF No. 11], filed November 28, 2011.

On October 11, 2011, I issued an order setting this case for trial on December 5, 2011 and

ordering a hearing on all pending motions, if any, and a final trial preparation conference

to be set at a future date upon the request of counsel.   In the pending motion, defense

counsel requests that I set a final trial preparation conference date and continue the trial

date for at least sixty days.   Counsel asserts that the ends of justice will be best served

by granting a continuance of the trial and that those ends of justice outweigh the best

interests of the public pursuant to 18 U.S.C. § 3161(h).[1]

---

[1] 18 U.S.C. § 3161 as amended became effective October 13, 2008.   18 U.S.C. § 3161(h)(7) replaced 18 U.S.C. § 3161(h)(8).   Although the motion references § 3161(h)(8), I will proceed with my analysis under § 3161(h)(7).

Turning to my analysis, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later.   18 U.S.C. § 3161(c)(1). The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions.   *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also was 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)."   *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).   The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar.   *See* 18 U.S.C. § 3161(h)."   *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial.   This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984."   *Id.* at 1048-49 (internal citation omitted).   However, the Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly.   *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing

that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985))." *Id.*

The Tenth Circuit reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at *7.

Having carefully considered the motion and the controlling law, I find that the unopposed motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. §3161(h)(7)(A) and (B)(i). Due to defense counsel's need for additional time to locate, interview, and subpoena for trial a witness with potential exculpatory information, I find that the failure to grant a continuance in this case, would deny the Defendant and his counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the above, I find that the ends of justice served by an additional sixty day

extension of the speedy trial deadlines outweigh the best interest of the public and the Defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

Based on the foregoing and for the reasons stated on the record, it is

ORDERED that the Defendant's Unopposed Amended Motion to Continue Trial Due to Ends of Justice, [ECF No. 11], filed November 28, 2011 is **GRANTED.**   In accordance therewith, it is

FURTHER ORDERED that the jury trial set for Monday, December 5, 2011 is **VACATED and RESET for Tuesday January 17, 2012.**   It is

FURTHER ORDERED that an additional **(60) sixty days** are excluded from the speedy trial deadlines.   It is

FURTHER ORDERED that a final trial preparation conference is set for **Tuesday, December 20, 2011 at 3:30 p.m.**

Dated:   November 30, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge