IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 11-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    LEON HENDERSON ASKEW,

    Defendant.

_____

**MOTION TO DISCLOSE AND PRODUCE
*BRADY* (EXCULPATORY) MATERIAL**
_____

    COMES NOW the defendant Leon Askew, by and through undersigned counsel, LaFonda Jones, hereby moves this Court to order the Government to furnish copies and/or the opportunity to copy any and all exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Unites States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1984), *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 155, 131 L.Ed.2 490 (1995) and their progeny.

    More specifically, the Defendant asks this Honorable Court to require the Government, prior to trial, to produce or to provide an opportunity to inspect any evidence, material, or information within the possession, custody or control of the Government, including any information in the possession of any investigative agencies, that is favorable to or exculpates the Defendant in any way; that tends to establish a defense in whole or in part to the allegations in the Indictment; that impeaches any witness the Government intends to call; or that may help the Defendant avoid conviction or mitigate punishment.

Defendant's request includes, but is not limited to, the following:

1. Any evidence, material or information that would tend to impeach the credibility of any person whom the Government intends to calla s a witness. *See, Kyles v. Whitley*, 514 U.S. 419 (1995); *U.S. v. Bagley*, 473 U.S. 667 (1985); *Mills v. Scully*, 653 F. Supp. 885 (S.D.N.Y. 1987), *rev'd on other grounds*, 826 F.2d 1192 (2d Cir. 1987).

    a. Any record of any Government witness' arrest or conviction maintained and prepared by the Federal Bureau of Investigation, the Drug Enforcement Administration, other federal law enforcement agencies, and state and county law enforcement agencies involved in the investigation of this case.

    b. Any facts or allegations concerning criminal or other misconduct of any Government witness that is not reflected on his criminal record including any material information found in his probation file or any pending criminal charge or investigation against the witness or any business entity with which he is connected. *See, United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. Deniedf*, 489 U.S. 1032 (1989), (probation file must be produced if material and relevant).

    c. Any material relating to any Government witness' mental or physical history that tends to impair or reflect adversely on his or her reliability as a witness, including but not limited to any information that would tend to affect the witness' motive to testify or ability to perceive, recall, or understand events.

    d.    Any statements made, written or recorded, by or of the Government witnesses referring or relating to any of the above mentioned matters.

    e.    Any information that tends to contradict the testimony that the Government anticipates will be given by any of its witnesses. *See, McDowell v. Dixon*, 858 F.2d 945 (4th Cir. 1988), *cert. denied*, 489 U.S. 1033 (1989) (state witness misidentified the defendant before trial and it should have been revealed).

    f.    Any information showing that the testimony was motivated in any degree by a personal animosity or feelings of revenge toward the Defendant, or by promises or leniency to himself or others, or promises of non-prosecution of himself or others,.

    g.    Any information concerning any Government witness' failure (especially repeated failure) of a lie detector test. *Carter v. Rafferty*, 826 F.2d 1299 (3c Cir. 1987), *cert. denied*, 484 U.S. 1011 (1988) (star witness incapable of telling the truth because he failed numerous lie detector tests and this must be revealed to the defense). But *see, Wood v. Bartholomew*, 516 U.S. 1 (1995).

2.    Any and all statements, testimony, memoranda, interviews, documents or summaries, relating to the criminal charges or defendants in this case, or any portion thereof, that the Government is aware of or should be aware of or has control over, by any person, that contradict, in whole or in part, this Defendant's or any co-defendant's culpability in the offense charged, or that contradicts and any statement (by that person

or any other person) or which it intends to use or rely on in any manner in connection with the trial of this case.  *Kyles v. Whitley, supra.*

      3.      All evidence that tends to minimize or negate the probative effect of the Government's evidence of Defendant's participation in the allegations set forth in the indictment.  *See, United States ex.rel. Smith v. Fairman*, 769 F.2d 386 (7th Cir. 1985) (report revealed gun allegedly used by defendant was inoperable).

      4.      Any evidence, statement, or information in the possession of the Government describing or relating to the conduct of the Defendant or others that in any way refutes or is inconsistent with the Defendant's participation in the alleged offenses, including but not limited to the following:

        a.      Any written, recorded, or oral statements or comments made by witnesses or others to any person, including Government agents and the Grand Jury, whether by informal debriefings or formal grand jury testimony, that are favorable to the Defendant, including but not limited to whether any other person or persons might be the source of any illegal activity attributed to the Defendant.

        b.      Any written, recorded or oral statements or comments of persons interviewed by the Government in this matter who are not expected to be witnesses for the Government at the trial.

        c.      Any results, reports, and opinions obtained from examinations, tests, and experiments on physical items and evidence that indicate a lack of criminal involvement or which are otherwise favorable to the Defendant.

    d.  Any evidence, statement or information that tends to contradict the testimony that the Government anticipates will be given by any one of its witnesses. *United States v. Foster*, 874 F.2d 491 (8th Cir. 1988) (prosecutor failed to correct false testimony which was a violation of due process); *Brown v. Wainwright*, 785 F.2d 1457 (11th Cir. 1986). Defendant Adam Frost specifically requests the government to produce, in its entirety for defense counsel to review or for the court to review *in camera* for any *Brady* material, a diary which was kept by the complaining witness, A.W.

    e.  Any evidence relating to searches and seizures, aural, wire, electronic or otherwise, that would make any search or seizure illegal.

  5. Any promises, agreements, or deals offered by the Government concerning rewards, special treatment or immunity to witnesses *or others* involved in this case. *Bagley v. United States*, 473 U.S. 667 (1985).

    a.  Any evidence that any Government witness has or has sought a financial inducement to testify or a promise of leniency in witness' own criminal dealings or for another person. *Bagley v. Lumpkin*, 798 F.2d 1297 (9th Cir. 1986), *cert. denied*, 434 U.S. 939 (1977); *Moynahan v. Manson*, 419 F. Supp. 1139 (D. Conn. 1976), *aff'd*, 559 F.2d 1204 (2d Cir. 1977); *Hughes v. Bowers*, 711 F. Supp. 1574 (N.D. Ga. 1989), *aff'd*, 896 F.2d 559 (11th Cir. 1990).

6. Any written or oral statement and/or confession made by the Defendant which is unknown to defense counsel. *See, Government of Virgin Islands v. Martinez*, 780 F.2d 302 (3rd Cir. 1985).

7. Any written or oral statement and/or confession made during a debriefing by a Defendant in a prior criminal action whom the Government does or does not intend to call at trial in this case.

8. Any information about any eyewitness for which the prosecution has a name and/or address which the Government does not intend to call. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

9. Any statement or testimony by an expert which would tend to corroborate the Defendant's theory of defense. *People v. Johnson*, 38 Cal. App. 3d 228, 113 Cal. Rptr. 303 (1974).

10. Any information which would tend to lessen the impact of the Sentencing Guidelines on the Defendant in the event of conviction, including but not limited to the role in the offense, lesser quantities, fewer instances of illegal conduct, ignorance of the true scope of any conspiracy and any evidence of acceptance of responsibility.

WHEREFORE, Defendant prays for the relief requested, and for such other and further relief as the Court seems just and proper in the premises.

    Respectfully submitted,

    RAYMOND P. MOORE
    Federal Public Defender


    s/ LaFonda R. Jones
    LaFONDA R. JONES
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:   (303) 294-7002
    Facsimile:     (303) 294-1192
    LaFonda_Jones@fd.org
    Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2011, I electronically filed the foregoing

**MOTION TO DISCLOSE AND PRODUCE
*BRADY* (EXCULPATORY) MATERIAL**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Kurt Bohn
    Assistant U.S. Attorney
    Email: kurt.bohn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Leon Askew    *(Via U.S. Mail)*


    s/ LaFonda R. Jones
    LaFONDA R. JONES
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:   (303) 294-7002
    Facsimile:     (303) 294-1192
    LaFonda_Jones@fd.org
    Attorney for Defendant