IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:11-cr-00184-WYD-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  LEON HENDERSON ASKEW,

      Defendant.

_____

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
AND VERDICT FORM

_____

      The United States of America, by John F. Walsh, United States Attorney for the

District of Colorado, and through Kurt J. Bohn, Assistant United States Attorney,

respectfully submits its proposed jury instructions and verdict form for trial.  The United

States reserves the right to submit additional proposed jury instructions to address issues

that arise during the course of the trial.

Dated this        day of December, 2011.

Respectfully Submitted,


JOHN F. WALSH
United States Attorney



By:   *s/Kurt J. Bohn*
KURT J. BOHN
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Co 80202
Telephone:  (303) 454-0100
Fax: (303) 454-0407
e-mail: kurt.bohn@usdoj.gov
Attorney for the Government

## **CERTIFICATE OF SERVICE**

I hereby certify that on this      day of December, 2011, I electronically filed the foregoing UNITED STATES' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

La Fonda R. Jones
LaFonda_Jones@fd.org

On this date I also sent a copy of the enclosed via e-mail to:

Chambers of Chief Judge Wiley Y. Daniel
e-mail: Daniel_Chambers@cod.uscourts.gov

s/ *Denise Guerra*
DENISE GUERRA
Legal Assistant
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0407
e-mail:  DGuerra1@usa.doj.gov

PROPOSED JURY INSTRUCTION NO.   1

**Introduction to the Final Charge--Province of
the Court and of the Jury**

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of

the arguments of counsel it becomes my duty to give you the final instructions of the

Court as the to law that is applicable to this case. You should use these instructions to

guide your decisions.

All of the instructions of law given to you by the Court -- those given to you at the

beginning of the trial, those given to you during the trial, and these final instructions --

must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the

Court and to apply these rules of law to the facts as you find them from the evidence

received during the trial.

Counsel have quite properly referred to some applicable rules of law in their

closing arguments to you.  If, however, any difference appears to you between the law as

stated by counsel and that as stated by the Court in these instructions, you, of course, are

to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must

consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in this case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice - through trial by jury - depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, § 12:01

PROPOSED JURY INSTRUCTION NO.  2

**Presumption of Innocence, Burden of Proof,
and Reasonable Doubt**

I instruct you that you must presume the defendant, Leon Askew, to be innocent of the crimes charged.  Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" -- with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt, as there are very few things in this world that we know with absolute certainty.  The test is one of reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  A "reasonable doubt" is a doubt based upon common

sense after careful and impartial consideration of all the evidence in the case. It is the kind of proof that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant, Leon Askew, has committed each and every element of each and every offense charged in the indictment, you must find him  not guilty of the offenses.

O'Malley, Grenig & Lee Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, §12:10, as modifying the reference to "two inferences, one of innocence, the other of guilt." *United States v. Kahn*, 821 F.2d 90, 93 (2d Cir. 1987); *United States v. Dowlin*, 408 F.3d 647 (10th Cir. 2005).

PROPOSED JURY INSTRUCTION NO.  3

**Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for  those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant is proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 12:02

PROPOSED JURY INSTRUCTION NO.  4

**Evidence Received in the Case -- Stipulations
and Inference Permitted**

The evidence in this case consists of the sworn testimony of the witnesses -
regardless of who may have called them - all exhibits received in evidence - regardless of
who may have produced them - all facts which may have been agreed to or stipulated.

A stipulation means simply that the government and the defendant accept the truth
of a particular proposition or fact.  When the attorneys on both sides stipulate or agree as
to the existence of a fact, you may accept the stipulation as evidence and regard that fact
as proved.

Any proposed testimony or proposed exhibit to which an objection was sustained
by the Court and any testimony or exhibit ordered stricken by the Court, must be entirely
disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and
must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in
the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your
consideration of the evidence received, however, you are not limited to the bald
statements of the witnesses or to the bald assertions in the exhibits.  In other words, you

are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, § 12:03, modified to reflect possible deletion of the following statement: "You are not required to do so, however, since you are the sole judges of the facts."

PROPOSED JURY INSTRUCTION NO.  5

**Inferences From the Evidence**

Inferences are simply deductions or conclusions which reason and common sense

lead the jury to draw from the evidence received in the case.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A,
§ 12:05

PROPOSED JURY INSTRUCTION NO.   6

**Evidence received in the case - Stipulations**

The parties, the United States of America and Defendant, Leon Askew, stipulate and agree that the facts listed below are proved and cannot be disproved, disputed, or contradicted by either party.

    1.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> Sixth Edition, Vol. 1A, § 12:03

PROPOSED JURY INSTRUCTION NO.  7

**Direct and Circumstantial Evidence**

There are two types of evidence which are generally presented during a trial -

direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person

who asserts or claims to have actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence is proof of a chain of facts and circumstances indicating the

existence of a fact.  The law makes no distinction between the weight or value to be given

to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of

circumstantial evidence than of direct evidence.  You should weigh all the evidence in the

case.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A,
§ 12:04

PROPOSED JURY INSTRUCTION NO.  8

**The Question Is Not Evidence**

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 12:08

PROPOSED JURY INSTRUCTION NO.  9

**Jury's Recollection Controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 12:07

PROPOSED JURY INSTRUCTION NO.   10

**Opinion evidence – The expert witness**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses".  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, Vol. 1A, § 14:01

PROPOSED JURY INSTRUCTION NO.  11

**Credibility of Witnesses – Generally**

You, as jurors, are the sole and exclusive judges of the credibility of the witnesses called to testify in this case and only you determine the importance of the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon

human experience.  In weighting the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, § 15:01

PROPOSED JURY INSTRUCTION NO.  12

**Credibility of Witnesses - Drug or alcohol abuser**

The testimony of a drug abuser must be examined and weighed by the jury with greater care and caution than the testimony of a witness who does not abuse drugs.

Lacey Sellers and Thea Quintanilla may be considered to be an abuser of drugs.

The jury must determine whether the testimony of the drug abuser has been affected by drug abuse or the need for drugs.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, § 15:05 (Modified)

PROPOSED JURY INSTRUCTION NO.  13

**Impeachment by prior conviction - Witness other than Defendant**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment of a term of years.

A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give to any prior felony conviction that was used to impeach a witness.

1.12 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

PROPOSED JURY INSTRUCTION NO.  14

**Non-Testifying Defendant**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

1.08.1 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)
*United States v. Coleman*, 7 F.3d 1500, 1505-06 (10th Cir. 1993).

PROPOSED JURY INSTRUCTION NO.   15

**Similar Acts**

You have heard evidence of other crimes engaged in the defendant.  You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.  Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

1.30 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

PROPOSED JURY INSTRUCTION NO. 16

**Immediate flight or concealment**

Evidence that defendant immediately fled and concealed himself after having been accused of committing a crime is a circumstance that, if proven, can be considered by the jury as showing a consciousness of guilt on the part of the defendant.  In your evaluation of this evidence of flight and concealment you may consider that there may be reasons—fully consistent with innocence—that could cause a person to flee conceal himself.  Fear of law enforcement or a reluctance to become involved in an investigation or simple mistake may cause a person who has committed no crime to immediately flee and conceal himself.

Whether or not evidence of immediate flight and concealment on the part of the defendant causes you as members of the jury to find a consciousness of guilt on his part and the significance, if any, of that consciousness of guilt is entirely up to you as the sole judges of the facts of this case.

O'Malley, Grenig & Lee Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, § 14:08

PROPOSED JURY INSTRUCTION NO.   17

**The Indictment Is Not Evidence**

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The  defendant is presumed to be innocent of the crime charged.  Even though this indictment has been returned against the defendant, he begins this trial with absolutely no evidence against him.

Leon Askew has pleaded  "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

O'Malley, Grenig & Lee <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 13:04

PROPOSED JURY INSTRUCTION NO. __18__

**Consider Each Count Separately**

A separate crime is charged in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.

O'Malley, Grenig & Lee Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, § 12:12 as modified to remove the second statement in the stock instruction, which states: "The fact that you may find the defendant guilty or not guilty as to any of the counts should not control your verdict as to any other count."

PROPOSED JURY INSTRUCTION NO. __19__

**Consider Only the Offenses Charged**

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, §12:09

PROPOSED JURY INSTRUCTION NO.   20

**Count One:  The Nature of the Offense Charged**

Count One of the indictment charges that on or about April 1, 2011, in the State and District of Colorado, the defendant, LEON HENDERSON ASKEW, having been previously convicted of crimes punishable by imprisonment by a term exceeding one year, did unlawfully and knowingly possess a firearm, to wit: a Smith & Wesson, .357 caliber revolver, Model 340PD, in and affecting interstate commerce.

The defendant, Leon Askew, has entered a plea of "not guilty" and has denied that he is guilty of the offense charged Count One of the indictment.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, Vol. 1A, § 13:01

PROPOSED JURY INSTRUCTION NO.  21

Count Two: The Essential Elements of the Offense Charged

Defendant is charged in Count One with a violation of 18 U.S.C. section 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm in or affecting interstate commerce.

To find Defendant Askew guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  defendant knowingly possessed a firearm;

*Second*:  defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*: before defendant possessed the firearm, that the firearm had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

2.44 <u>Pattern Jury Instructions, Criminal Cases,</u> Tenth Circuit (2006)

PROPOSED JURY INSTRUCTION NO.   22

**"On or About" – Explained**

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 13:05

PROPOSED JURY INSTRUCTION NO. __23__

**"Knowingly" – Defined**

The term "knowingly", as used in these instructions to describe the alleged state of mind of Defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 17:04

PROPOSED JURY INSTRUCTION NO.   24

**Firearm – Defined**

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

2.45 & 2.45.1 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

PROPOSED JURY INSTRUCTION NO.  25

**"To Possess" – Defined**

The term "to possess" means to exercise control or authority over something at a given time. There are several types of possession—constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something. The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 64:08

PROPOSED JURY INSTRUCTION NO.   26

**Count Two:  The Nature of the Offense Charged**

Count Two of the indictment charges that on or about April 1, 2011, in the State and District of Colorado, the defendant, LEON HENDERSON ASKEW, did unlawfully, knowingly and intentionally possess with intent to create, distribute, or dispense, or possess with intent to distribute or dispense, approximately **23.25** grams of a mixture and substance purporting to be cocaine base (crack cocaine), and approximately **6.4** grams of a mixture and substance purporting to be cocaine, which is a controlled substance listed in Schedule II, Title 21, United States Code, Section 812, and the regulations enacted thereunder.

The defendant, Leon Askew, has entered a plea of "not guilty" and has denied that he is guilty of the offense charged Count Two of the indictment.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, Vol. 1A, § 13:01

PROPOSED JURY INSTRUCTION NO.  27

**Count Two:  The Statute Defining the Offense Charged**

Section 841(a)(1) of Title 21 of the United States Code provides, in part, that:

"(a) . . . it shall be unlawful for any person knowingly or intentionally--

(1) to . . . possess with intent to . . . distribute, or dispense, . . .  a controlled

substance; . . . ,"

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 2B, § 64:06

PROPOSED JURY INSTRUCTION NO.   28

**Count 2:  The Essential Elements of the Offense Charged**

**Controlled Substances—possession with Intent to Distribute**

The defendant is charged in Count Two with a violation of 21 U.S.C. section 841(a)(1).  This law makes it a crime to possess a controlled substance with the intent to distribute it.  To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**:        the defendant knowingly or intentionally possessed a controlled substance as charged;

**Second**:        the substance was in fact cocaine or cocaine base, also known as crack cocaine as charged in the indictment;

**Third**:        the defendant possessed the substance with the intent to distribute it.

Cocaine and cocaine base are controlled substances within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

2.85 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)

PROPOSED JURY INSTRUCTION NO. __29__

**"A Controlled Substance" – Defined**

You are instructed, as a matter of law, that cocaine and cocaine base are controlled substances.

It is solely for the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the Defendant Leon Askew possessed a substances which was cocaine or cocaine base.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, Vol. 1A, § 64:12

PROPOSED INSTRUCTION NO. __30__

**Knowledge of Precise Controlled Substance Need Not Be Proven**

It is not necessary for the government to prove that the Defendant, Leon Askew, knew the precise nature of the controlled substance that was possessed.

The government must prove beyond a reasonable doubt, however, that Defendant Leon Askew did know that some type of controlled substance was possessed.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 2B, § 64:15

PROPOSED JURY INSTRUCTION NO. __31__

**Actual or Exact Amount of Controlled Substance Need Not Be Proven**

The evidence in this case need not prove the exact amount of the controlled substance alleged in the indictment as possessed by the Defendant Leon Askew.

The government must prove beyond a reasonable doubt, however, that a detectable amount of the controlled substance was, in fact, knowingly or intentionally possessed by the Defendant Leon Henderson Askew.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 64:14, as modified by agreement of the parties.

PROPOSED JURY INSTRUCTION NO.   32

**"Intentionally" – Defined**

The term intentionally, where I have used it in these instructions, means, "deliberately and purposely." That is, defendant's acts much have been the product of the defendant's conscious objective, rather than the product of mistake or accident.

1 L.Sand, et al., Modern Federal Jury Instructions, Par..  3A.01.

PROPOSED JURY INSTRUCTION NO.  33

**Proof of Knowledge or Intent**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 1A, § 17:07

PROPOSED JURY INSTRUCTION NO.  34

**Count Three: The Nature of the Offense Charged**

Count Three of the Indictment charges that on or about April 1, 2011, in the State and District of Colorado, the defendant, Leon Henderson Askew, did knowingly carry and use a firearm during and in relation to a drug trafficking crime, and did knowingly possess the firearm in furtherance of such crime, for which he may be prosecuted in a court of the United States.  This drug trafficking crime is described in Count Two.

*see* 18 U.S.C. § 924(c)

PROPOSED JURY INSTRUCTION NO.   35

**Count Three:  The Statute Defining the Offense Charged**

Section 924(c) of the United States Code provides, in pertinent part, that

"Any person who, during and in relation to any... drug trafficking crime . . . , uses or

carries a firearm, or who, in furtherance of any such crime, possesses a firearm," shall be

guilty of an offense against the United States.

*see*18 U.S.C. § 924(c)

PROPOSED JURY INSTRUCTION NO.   36

**Unanimity of Theory as to Count Three**

Your verdict must be unanimous.  Count Three of the Indictment accuses the defendant of committing the following acts:

1.    Carrying or using a firearm during and in relation to a drug trafficking crime and

2.    Possessing a firearm in furtherance of a drug trafficking crime

The government does not have to prove both of these different acts for you to return a guilty verdict on count two.  But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed and that he committed at least one of the acts listed.

1.24 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

PROPOSED JURY INSTRUCTION NO.  37

**The Essential Alternative Elements of Count Three**

The defendant is charged in Count Three with a violation of 18 U.S.C. Section 924(c)(1)(A).  This law can be violated in one of two ways.

**1.  Use/Carrying a Firearm During and in Relation to the Commission of a Drug Trafficking Crime.**

This law makes it a crime to use or carry a firearm during and in relation to any drug trafficking crime for which a person may be prosecuted in a court of the United States.

To find the defendant guilty of this crime under this theory of the offense you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

**First**: the defendant Leon Askew committed the crime of Possession with Intent to Distribute a Controlled Substance, as charged in Count Two of the indictment.  You are instructed that Possession with Intent to Distribute a Controlled Substance is a drug trafficking crime.

**Second**: the defendant Leon Askew use or carried a firearm.

**Third**: during and in relation to the crime of Possession with Intent to Distribute a Controlled Substance.

The phrase "during and in relation to" means that the defendant availed himself of the firearm and that the firearm played an integral part in the drug trafficking offense, that it had

a role in, facilitated (i.e. made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed by the defendant during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

In determining whether the defendant knowingly used or carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence.  The government must prove a direct connection or nexus between the defendant's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason the defendant used or carried the firearm.

**2.  Possession of a Firearm in Furtherance of a Drug Trafficking Offense**

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime under this theory of the offense you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

**First**: The defendant Leon Askew committed the crime of Possession with Intent to Distribute a Controlled Substance as charged in Count The of the indictment, which is a drug trafficking crime.

**Second**: The defendant Leon Askew possessed a firearm in furtherance of this crime.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7.  the time and circumstances under which the firearm is found; and

8.  proximity to drugs or drug profits.

2.45& 2.45.1 <u>Pattern Jury Instructions, Criminal Cases,</u> Tenth Circuit (2011)
*Smith v. United States*, 508 U.S. 223, 238 (1993)
*United States v. Richardson*, 86 F3d 1537, 1548 (10th. Cir 1996)
*United States v. Shuler*, 181 F.3d 1188, 1190-91 (10th Cir. 1999)
*United States v. IIland*, 254 F.3d 1264, 1271-74 (10th Cir. 2001)
*United States v. Avery,* 295 F.3d 1158, 1172-1176 (10th Cir. 2002)

PROPOSED JURY INSTRUCTION NO. <u> 38 </u>

**Cautionary Instruction**

In your deliberations, your duty is to apply the Court's instructions of law to the evidence that you have seen and heard in the courtroom.  You are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the internet, or any material of any type or description in connection with your jury service.  You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you. Do not do your own investigation about this case.  You are not allowed to visit any places mentioned in the evidence.  If this is an area that you normally go through, you should try to take an alternate route.  If you are not able to take an alternate route you should not gather any information from that location.

*see United States v. Race*, 11-cr-00130xxxx-WYD.

PROPOSED JURY INSTRUCTION NO.   39

**Election of Foreperson–Duty to Deliberate–Unanimity–Punishment–
Form of Verdict–Communication with Court**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during

the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

[The verdict or a summary can be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the form, date and sign the form, all other jurors will sign the form, and then notify the Court Security Officer that you have reached a verdict.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, Vol. 2B § 20.01