**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.: 11-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  LEON HENDERSON ASKEW,

    Defendant.

_____

**NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE**
**EVIDENCE OF OTHER CRIMES, WRONGS OR BAD ACTS**
**UNDER RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**
_____

NOW comes the United States of America, by and through its attorney, the United States Attorney for the District of Colorado, and hereby files notice of its intent to offer evidence of other crimes, wrongs or bad acts under Federal Rule of Evidence 404(b). Although the Government is not conceding that the following evidence falls under Rule 404(b), the Government is filing this Notice out of an abundance of caution, in case the Court deems the evidence to be 404(b) evidence. The Government would argue that this evidence is actually evidence of acts intrinsic to the alleged crime that does not fall under Rule 404(b)'s limitations on admissible evidence.

**FACTS**

On April 1, 2011, Mr. Askew was contacted in a hotel room by law enforcement,

who immediately smelled marijuana when Mr. Askew opened the door. During the exchange with the four law enforcement officers, Mr. Askew took off on foot and pursuit was given, ultimately taking Mr. Askew into custody on an outstanding parole violation warrant. A search warrant was obtained for the hotel room and the officer located a red and black backpack in Mr. Askew's room. Inside the backpack officers found a .357 pistol, 23.25 grams of crack cocaine, 6.4 grams of cocaine, various other narcotics and narcotics paraphernalia such a scales, baggies, and United States currency. Mr. Askew has at least three prior felonies, with one other distribution of a controlled substance conviction.

## EVIDENCE THE GOVERNMENT INTENDS TO SUBMIT

The Government intends to introduce evidence of the following, which it contends are intrinsic acts of the alleged crime that do not fall under Rule 404(b)'s limitations, but that the Government hereby discloses out of an abundance of caution:

1) That the Defendant was convicted of the following offenses as disclosed in discovery already produced to the Defendant:

(A) Possession of a Controlled Substance with Intent to Distribute on or about 21 August 2000, in El Paso County District Court, Colorado, case number 2000CR0434. He was sentenced to 4 years confinement.

(B) Escape from a Felony Conviction on or about 21 February 2003, in El Paso County District Court, Colorado, case number 2002CR2718. He was sentenced to 4 years

confinement.

(C) Use of Controlled Substance on or about October 8, 1992, in El Paso County District Court, Colorado, case number 1991CR3573.  He was sentenced to 4 years probation.

The government intends to introduce evidence that the Defendant is prohibited from possessing a firearm based on his convictions.  Additionally, his convictions for Possession of a Controlled Substance with Intent to Distribute, case number 200CR0434, and Use of Controlled Substance, case number 1991CR2718, indicates that the Defendant is both familiar with narcotics and narcotics trafficking.

(2) That on or about April 1, 2011, the Defendant made statements to law enforcement officers while being contacted at the hotel room.  These statements have previously been provided in discovery.  Specifically, in response to the officer inquiring about the smell of marijuana, the Defendant indicated that he did not have a medical marijuana card prior to fleeing.

As stated earlier, it is the government's position that evidence the Defendant possessed narcotics previously and the Defendant's statements to law enforcement officers are intrinsic evidence relevant to the act charged.  These statements are direct evidence that the defendant (1) had knowledge of illegal narcotics, and (2) that the defendant knowingly possessed the narcotics on April 1, 2011.

(3) That Defendant made statements to Ms. Harvey, Ms. Womack, Ms. Ross, Ms.

Sellars, and Ms. Quintanilla about the use and distribution of various narcotics.

As stated earlier, it is the government's position that evidence the Defendant possessed, used, and distributed narcotics previously and the Defendant's statements to these individuals are intrinsic evidence relevant to the act charged. These statements are direct evidence that the defendant (1) had knowledge of illegal narcotics, and (2) that the defendant knowingly possessed the narcotics on April 1, 2011.

(4) That Defendant made statements to Mr. Carringer about the possession of the firearm identified in the Indictment.

As stated earlier, it is the government's position that evidence the Defendant possessed the firearm and the Defendant's statements to Mr. Carringer is intrinsic evidence relevant to the act charged. These statements are direct evidence that the defendant (1) had knowledge of illegal possession of a firearm, and (2) that the defendant knowingly possessed the possession on April 1, 2011.

Furthermore, pursuant to Fed. R. Evid. 404(b) it is evidence of opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.

Fed. R. Evid. 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident" provided reasonable notice is given to the accused.

In determining whether admission of evidence under Fed. R. Evid. 404(b) is proper, the Court must determine if the following four-part test is satisfied: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the court determines under Fed. R. Evid. 403 that the probative value of the evidence does not substantially outweigh its potential for unfair prejudice; and (4) the court gives proper limiting instructions. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

The evidence is relevant, as it goes to a specific element of proof required of the United States.  However, the probative value of the evidence is not substantially outweighed by any potential for unfair prejudice, as they fall within recognized exceptions of Rule 404(b).  Finally, as the finder of fact will decide what, if any, weight should be given to the evidence, any concern of the Defendant can be addressed with a limiting instruction by the Court.

Date: 30 December 2011,

JOHN F. WALSH
United States Attorney


s/ Kurt J. Bohn
KURT J. BOHN
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: kurt.bohn@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 30, 2011, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail address:

**LaFonda Jones**
Lafonda_Jones@fd.org

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

None.

s/Kurt J. Bohn
Kurt J. Bohn
Attorney for Defendant United States
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: kurt.bohn@usdoj.gov

6