IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.: 11-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  LEON HENDERSON ASKEW,

    Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
EXCLUDE CERTAIN EVIDENCE PURSUANT TO 402 AND 403
OF THE FEDERAL RULES OF EVIDENCE**
_____

NOW comes the United States of America, by and through its attorney, the United States Attorney for the District of Colorado, and hereby requests that the Court deny the Defendant's motion to exclude evidence that certain items were found during the search of the Days Inn Hotel room on April 1, 2011.

### Intrinsic Evidence

The Government intends to introduce the following items found alongside the firearm during the search: knives and sheaths, a set of brass knuckles, and eight different narcotic substances, all of which are intrinsic to the alleged crime and therefore do not fall under Rule 404(b). *See United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009). Specifically, Count Four of the Superseding Indictment alleges that the Defendant

violated 18 U.S.C. § 924(c)(1)(A) by possessing a firearm in furtherance of, and/or during and in relation to a drug trafficking crime. F.R.E. 404(b) does not exclude 'other acts' which are part and parcel of the same criminal episode simply because the defendant is indicted for less than all of his acts. *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979); *see also United States v. Jackson*, Nos. 97-8056, 97-8057, 1998 WL 642410, at *3-*4 (10th Cir.1998) (in which evidence of uncharged drug trafficking was found admissible as "res gestae" and "inextricably intertwined" with the charged crimes, including a violation of 18 U.S.C. § 924(c)). Evidence intrinsic to the charged crime includes evidence that: 1) is directly connected to the factual circumstances of the crime, 2) provides the jury with a complete story of the charged crime, 3) would leave a chronological or conceptual void in the story of the crime if absent, 4) arose out of the same transaction or series of transactions as the charged offense, or 5) is so blended or connected with the crime charged that it incidentally involves it, explains the circumstances surrounding it, or tends logically to prove an element of the charged crime. *See* 1-9 Joseph W. Cotchett, *Federal Courtroom Evidence* §404.4.3 (2009 ed.) (citations omitted); *see also United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009). The knives, brass knuckles, and narcotics were found either inside, or in close proximity to the red and black backpack containing the firearm. Along with the scales, pipes, baggies, and large amounts of cash, weapons are tools of the trade for a drug trafficker. Therefore, to omit selected weapons or selected drugs from the blended story would deny the jury

2

proper context.

### Expert Testimony

Of the eight different narcotics, each of them was recognized as a controlled substance by an expert in drug trafficking based on his specialized education, training, and experience. Specifically, Detective John Sarkisian has worked extensively with narcotics for over five and a half years. His experiences allowed him to recognize the various drugs based on their unique characteristics. Furthermore, the government "need not introduce scientific evidence to prove the identity of a substance" where lay testimony or circumstantial evidence may suffice. *United States v. Sanchez DeFundora*, 893 F.2d 1173, 1175 (10th Cir. 1990). Lay witnesses familiar with these narcotics may also testify as to their identity as controlled substances.

### Field Tested

All eight substances were field tested and these tests confirmed the findings of Detective Sarkisian. Additionally, the powder cocaine and crack cocaine were chemically lab tested. The three pharmaceutical compounds–alprazolam, oxycodone, and morphine–were confirmed based on manufacturer's markings. Finally, the remaining three drugs, marijuana, methamphetamine, and ecstasy, were readily identifiable. The absence of lab testing for six of the eight narcotic substances goes to weight not admissibility.  Together with the other evidence found in the room at the Days Inn, the weapons and narcotics form a complete picture of the criminal episode on April 1, 2011.

## **FRE 404(b), 403**

If, however, the Court finds that either the knives, brass knuckles or other narcotics fall within the parameters of FRE 404(b), these items are evidence of the defendant's opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. In determining whether admission of evidence under Fed. R. Evid. 404(b) is proper, the Court must determine if the following four-part test is satisfied: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the court determines under Fed. R. Evid. 403 that the probative value of the evidence does not substantially outweigh its potential for unfair prejudice; and (4) the court gives proper limiting instructions. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

The evidence is relevant, as it goes to a specific element of proof required of the United States.  However, the probative value of the evidence is not substantially outweighed by any potential for unfair prejudice, as they fall within recognized exceptions of Rule 404(b).  Finally, as the finder of fact will decide what, if any, weight should be given to the evidence, any concern of the Defendant can be addressed with a limiting instruction by the Court.

Date: 16 January 2012,

                                          JOHN F. WALSH
                                          United States Attorney


                                          s/ Kurt J. Bohn
                                          KURT J. BOHN
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          1225 17th Street, Suite 700
                                          Denver, Colorado 80202
                                          Telephone: (303) 454-0100
                                          Telecopier: (303) 454-0403
                                          E-mail: kurt.bohn@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 16, 2012, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail address:

**LaFonda Jones**
Lafonda_Jones@fd.org

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

None.

         s/Kurt J. Bohn
         Kurt J. Bohn
         Attorney for Defendant United States
         United States Attorney's Office
         1225 Seventeenth Street, Suite 700
         Denver, CO 80202
         Telephone: (303) 454-0100
         Fax: (303) 454-0403
         E-mail: kurt.bohn@usdoj.gov