IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.     11-cr-00184-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. LEON HENDERSON ASKEW,

      Defendant.

---

## JURY INSTRUCTIONS

---

INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and before you hear the arguments of counsel it becomes my duty to give you the final instructions of the Court as the to law that is applicable to this case.   You should use these instructions to guide your decisions.

All of the instructions of law given to you by the Court -- those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some applicable rules of law in their closing arguments to you.   If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in this case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and

to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendant.   In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice - through trial by jury - depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

INSTRUCTION NO. 2

I instruct you that you must presume the defendant, Leon Askew, to be innocent of the crimes charged.   Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" -- with no evidence against him.   The indictment, as you already know, is not evidence of any kind.   The defendant is, of course, not on trial for any act or crime not contained in the indictment.   The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.   The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.   The defendant is not even obligated to produce any evidence by cross examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt, as there are very few things in this world that we know with absolute certainty.   The test is one of reasonable doubt.   Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.   A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.   It is the kind of doubt that would make a reasonable person hesitate to act.   Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant, Leon

Askew, has committed each and every element of each and every offense charged in the

indictment, you must find him not guilty of the offenses.

INSTRUCTION NO. 3

The evidence in this case consists of the sworn testimony of the witnesses - regardless of who may have called them - all exhibits received in evidence - regardless of who may have produced them - all facts which may have been agreed to or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.   When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.   In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.   In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.   You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.   Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

INSTRUCTION NO. 4

The questions asked by a lawyer for either party to this case are not evidence.   If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.   Only the answers are evidence.

INSTRUCTION NO. 5

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

INSTRUCTION NO. 6

There are two types of evidence which are generally presented during a trial - direct evidence and circumstantial evidence.   Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.   The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.   Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.   You should weigh all the evidence in the case.

INSTRUCTION NO. 7

The parties, the United States of America and Defendant, Leon Askew, stipulate and agree that the facts listed below are proved and cannot be disproved, disputed, or contradicted by either party.

1.   That the firearm, a Smith & Wesson, .357 caliber revolver, Model 340PD, serial number CMV9659, was not manufactured in the State of Colorado.   Therefore, the firearm had to have traveled in interstate commerce to have arrived in Colorado Springs, Colorado.

Additionally, the firearm was test fired and it was determined to function as designed. It was capable of expelling a projectile by the use of explosive force.

2.   At all times relevant to the indictment, the defendant, Leon Henderson Askew, is a person prohibited from possessing a firearm due to a prior conviction of a felony, a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. 8

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.   You are expected to use your good sense in considering and evaluating the evidence in the case.   Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant is proved guilty beyond a reasonable doubt, say so.   If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

INSTRUCTION NO. 9

You, as jurors, are the sole and exclusive judges of the credibility of the witnesses called to testify in this case and only you determine the importance of the weight that their testimony deserves.   After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.   Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.   Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.   Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience.   In weighting the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness,

you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You will then be in a position to decide whether the government has proven the charge beyond a

reasonable doubt.

INSTRUCTION NO. 10

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.   An exception to this rule exists as to those persons who are described as "expert witnesses".   An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.   If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.   You should consider the testimony of expert witnesses just as you consider other evidence in this case.   If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

INSTRUCTION NO. 11

The testimony of a drug abuser must be examined and weighed by the jury with greater care and caution than the testimony of a witness who does not abuse drugs.

Lacey Sellers, Thea Quintanilla, Stephanie Ross, Hayley Womack, Ian Conner, and James Carriger may be considered to be abusers of drugs.

The jury must determine whether the testimony of the drug abuser has been affected by drug abuse or the need for drugs.

INSTRUCTION NO. 12

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment of a term of years.

A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness.   You may decide how much weight to give to any prior felony conviction that was used to impeach a witness.

INSTRUCTION NO. 13

The defendant in a criminal case has an absolute right under our Constitution not to testify. The fact that Defendant Leon Henderson Askew did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.   No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

INSTRUCTION NO. 14

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant.   The defendant is presumed to be innocent of the crime charged.   Even though this indictment has been returned against the defendant, he begins this trial with absolutely no evidence against him.

Leon Askew has pleaded "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

INSTRUCTION NO. 15

A separate crime is charged in each count of the indictment.   Each charge, and the

evidence pertaining to it, should be considered separately by the jury.

INSTRUCTION NO. 16

The defendant is not on trial for any act or any conduct not specifically charged in the

indictment.

INSTRUCTION NO. 17

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

INSTRUCTION NO. 18

Count One of the indictment charges that on or about April 1, 2011, in the State and District of Colorado, the defendant, LEON HENDERSON ASKEW, having been previously convicted of crimes punishable by imprisonment by a term exceeding one year, did unlawfully and knowingly possess a firearm, to wit: a Smith & Wesson, .357 caliber revolver, Model 340PD, in and affecting interstate commerce.

The defendant, Leon Askew, has entered a plea of "not guilty" and has denied that he is guilty of the offense charged Count One of the indictment.

INSTRUCTION NO. 19

Defendant is charged in Count One with a violation of 18 U.S.C. section 922(g)(1).   This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm in or affecting interstate commerce.

To find Defendant Askew guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly possessed a firearm;

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

INSTRUCTION NO. 20

The term "knowingly", as used in these instructions to describe the alleged state of mind of Defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

INSTRUCTION NO. 21

The term "to possess" means to exercise control or authority over something at a given time.   There are several types of possession—constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something.   The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

INSTRUCTION NO. 22

Count Two of the indictment charges that on or about April 1, 2011, in the State and District of Colorado, the defendant, LEON HENDERSON ASKEW, did unlawfully, knowingly and intentionally possess with intent to manufacture, distribute, or dispense, or possess with intent to distribute or dispense, approximately 12.73 grams of a mixture and substance purporting to be cocaine base (crack cocaine), which is a controlled substance listed in Schedule II, Title 21, United States Code, Section 812, and the regulations enacted thereunder.

The defendant, Leon Askew, has entered a plea of "not guilty" and has denied that he is guilty of the offense charged Count Two of the indictment.

INSTRUCTION NO. 23

The defendant is charged in Count Two with a violation of 21 U.S.C. section 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact cocaine base, also known as crack cocaine, as charged in the indictment;

*Third*: the defendant possessed the substance with the intent to distribute it.

Cocaine base is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 24

The term intentionally, where I have used it in these instructions, means, "deliberately and purposely."   That is, defendant's acts must have been the product of the defendant's conscious objective, rather than the product of mistake or accident.

INSTRUCTION NO. 25

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

INSTRUCTION NO. 26

You are instructed, as a matter of law, that cocaine and cocaine base are controlled

substances.

It is solely for the jury, however, to determine whether or not the government has proven

beyond a reasonable doubt that the Defendant Leon Askew possessed a substances which was

cocaine or cocaine base.

INSTRUCTION NO. 27

It is not necessary for the government to prove that the Defendant, Leon Askew, knew the precise nature of the controlled substance that was possessed.

The government must prove beyond a reasonable doubt, however, that Defendant Leon Askew did know that some type of controlled substance was possessed.

INSTRUCTION NO. 28

The evidence in this case need not prove the exact amount of the controlled substance alleged in the indictment as possessed by the Defendant Leon Askew.

The government must prove beyond a reasonable doubt, however, that a detectable amount of the controlled substances were, in fact, knowingly or intentionally possessed by the Defendant Leon Henderson Askew.

INSTRUCTION NO. 29

Count Three of the indictment charges that on or about April 1, 2011, in the State and District of Colorado, the defendant, LEON HENDERSON ASKEW, did unlawfully, knowingly and intentionally possess with intent to manufacture, distribute, or dispense, or possess with intent to distribute or dispense, approximately 7.85 grams of a mixture and substance purporting to be cocaine, which is a controlled substance listed in Schedule II, Title 21, United States Code, Section 812, and the regulations enacted thereunder.

The defendant, Leon Askew, has entered a plea of "not guilty" and has denied that he is guilty of the offense charged Count Three of the indictment.

INSTRUCTION NO. 30

The defendant is charged in Count Three with a violation of 21 U.S.C. Section 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact cocaine;

*Third*: the defendant possessed the substance with the intent to distribute it.

Cocaine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 31

Count Four of the Indictment charges that on or about April 1, 2011, in the State and District of Colorado, the defendant, Leon Henderson Askew, did knowingly carry and use a firearm during and in relation to a drug trafficking crime, or did knowingly possess the firearm in furtherance of such crime, for which he may be prosecuted in a court of the United States. These drug trafficking crimes are described in Counts Two and Three.

The defendant, Leon Askew, has entered a plea of "not guilty" and has denied that he is guilty of the offense charged Count Four of the indictment.

INSTRUCTION NO. 32

The defendant is charged in Count Four with a violation of 18 U.S.C. Section 924(c)(1)(A). This law can be violated in one of two ways: (1) use/carrying of a firearm during and in relation to the commission of a drug trafficking crime; or (2) possession of a firearm in furtherance of a drug trafficking crime.

(1) Use/Carrying a Firearm During and in Relation to the Commission of a Drug Trafficking Crime.

This law makes it a crime to use or carry a firearm during and in relation to any drug trafficking crime for which a person may be prosecuted in a court of the United States.

To find the defendant guilty of this crime under this theory of the offense you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First: the defendant Leon Askew committed the crime of Possession with Intent to Distribute a Controlled Substance, as charged in Counts Two and Three of the indictment.   You are instructed that Possession with Intent to Distribute a Controlled Substance is a drug trafficking crime.

Second: the defendant Leon Askew used or carried a firearm.

Third: during and in relation to the crime of Possession with Intent to Distribute a Controlled Substance.

The phrase "during and in relation to" means that the defendant availed himself of the firearm and that the firearm played an integral part in the drug trafficking offense, that it had a role in, facilitated (i.e. made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively

employed by the defendant during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

In determining whether the defendant knowingly used or carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence.   The government must prove a direct connection or nexus between the defendant's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason the defendant used or carried the firearm.


(2) Possession of a Firearm in Furtherance of a Drug Trafficking Offense

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime. To find the defendant guilty of this crime under this theory of the offense you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First: The defendant Leon Askew committed the crime of Possession with Intent to Distribute a Controlled Substance as charged in Counts Two and Three of the indictment, which is a drug trafficking crime.

Second: The defendant Leon Askew possessed a firearm in furtherance of this crime.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime.   Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

INSTRUCTION NO. 33

Your verdict must be unanimous.   Count Four of the Indictment accuses the defendant of committing the following acts:

1. Carrying or using a firearm during and in relation to a drug trafficking crime; or

2. Possessing a firearm in furtherance of a drug trafficking crime.

The government does not have to prove both of these different acts for you to return a guilty verdict on Count Four.   But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed and that he committed at least one of the acts listed.

INSTRUCTION NO. 34

In your deliberations, your duty is to apply the Court's instructions of law to the evidence that you have seen and heard in the courtroom.   You are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the internet, or any material of any type or description in connection with your jury service.   I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes Google, Wikipedia, blogs, and any other website.   You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you.   Do not do your own investigation about this case.   You are not allowed to visit any places mentioned in the evidence. If this is an area that you normally go through, you should try to take an alternate route. If you are not able to take an alternate route you should not gather any information from that location.

INSTRUCTION NO. 35

If you find the defendant guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your

verdict.

INSTRUCTION NO. 36

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.   Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.   You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.   Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.   Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury.   As I have told you

many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

[The verdict or a summary can be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the form, date and sign the form, all other jurors will sign the form, and then notify the Court Security Officer that you have reached a verdict.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.    11-cr-00184-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. LEON HENDERSON ASKEW,

      Defendant.

---

## FINAL VERDICT FORM

---

### COUNT ONE

We, the jury, upon our oaths, unanimously find the defendant, LEON HENDERSON

ASKEW, in Count One of the indictment:

\_\_\_\_\_ Not Guilty

\_\_\_\_\_ Guilty

### COUNT TWO

We, the jury, upon our oaths, unanimously find the defendant, LEON HENDERSON

ASKEW, in Count Two of the indictment:

\_\_\_\_\_ Not Guilty

\_\_\_\_\_ Guilty

COUNT THREE

We, the jury, upon our oaths, unanimously find the defendant LEON HENDERSON

ASKEW, in Count Three of the indictment:

_____ Not Guilty

_____ Guilty

COUNT FOUR

We, the jury, upon our oaths, unanimously find the defendant LEON HENDERSON

ASKEW, in Count Four of the indictment:

_____ Not Guilty

_____ Guilty

To find the defendant LEON HENDERSON ASKEW guilty of Count Four you must unanimously

agree as to at least one of the following theories:

A. as to the offense of Carrying or Using a Firearm During and in Relation to a Drug

Trafficking Crime in Counts Two or Three of the indictment:

_____ Not Guilty

_____ Guilty

B. as to the offense of Possession of a Firearm in Furtherance of a Drug Trafficking

Offense in Counts Two and Three of the indictment:

_____ Not Guilty

_____ Guilty

Dated this _____ day of January, 2012.

_____         _____
Foreperson

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____