_____ COURT, _____ COUNTY, STATE OF COLORADO

CASE NO. 11-cr-184-WYD   DIVISION Judge Daniels

PETITION FOR A WRIT OF HABEAS CORPUS AD PROSEQUENDAM

THE PEOPLE OF THE STATE OF COLORADO,                    Plaintiff

v. LEON HENDERSON ASKEW,                                Defendant

COMES NOW, The Defendant, proceeding <u>Pro Se</u>, and respectfully moves this Honorable Court to issue a Writ of Habeas Corpus pursuant to C.R.S. 13-45-101, to the Clerk of the _____

Court, to wit, to bring the body of the Defendant before this court for disposition of the aforementioned case, and as grounds therefore, the Defendant states as follows:

1.) The Defendant requests final disposition of the untried information and complaint in the aforementioned case. The Defendant has court appearances scheduled for _____ on _____.

2.) The Defendant is presently incarcerated in the Jefferson County Sheriff's Office Detention Facility.

WHEREFORE, the Defendant respectfully requests this Honorable Court grant the relief sought in the nature of a Writ of Habeas Corpus.

Respectfully submitted,

_____                    Date: 1-24-2012

Leon Askew
(Print)

Address:   PO Box 16700
           Golden CO 80402

Form #20

On April 1st 2011 Officer Thompson and a female cadet were riding in the parking lot of the Days Inn motel on South Circle in Colorado Springs.

A van they notice 2006 Montana displayed plates that were fictious in sight or altered.

So two officers one being a cadet goes to the front desk of the days inn motel to seek who the van is registered to. The employee checks the computer to find that the van is regestered to room 434.

The officers one being an cadet goes to room 434 with the registertion and knocks on the door.

Mr. Askew opens the door and is ask if he owns the van. Mr. Askew states No and is asked to step outside. Mr. Askew steps outside and is asked if that is burnt marijuana smoke and the defendant states no. The officer then ask does he have a marijuana liscense Mr. Askew states No. Then the officer says that he is coming inside the room Mr. Askew states that "No your not." The officer again states that he is coming inside Mr Askew again

States No your not.

The officer then ask Mr. Askew if he has an I.d. Mr Askew says "yes." Then runs from the officers and the officers follows.

The officer pursue Mr. Askew and loss sight of Mr Askew.

After Mr Askew is found the officers detain Mr. Askew to find out he has a warrant.

The officers then go back to Mr. Askew resident namely Hotel Room 437. The officers enter the room without permission Intrudes on and trespass against Mr. Askew property which is protected by the 4th Amendment. see Bruning V. Pixler 949 F.2d 352, 357-10th cir 1991-citing Franks V. Delaware

Which is also unlawful act(s). which is protected by the 4th amendment. Had NO probable cause to to invade his privacy. Violated his 4th Amendment. see United States supreme court V. Gates, 462 U.S. 213 (1983) See United States V. Martin, 613 F.3d 1295, 1299 (10th cir. 2010 internal quotation omitted). United States V. Kimoana, 383 F.3d 1215, 1221 (10th cir 2004)

Mr. Askew moves on the court to state the following against the verdict.

① The evidence used to obtain The affidate to obtain the search warrant was False, misleading, knowingly, and recklessly. Violated

of his 4th amendment, which is protected by the united states constitution and therefore inadmissible. See Silva-Arzeta, 602 F.3d at 1213; Mathew v. Correa, supra; see also Pallotine vs city of Rio Rancho (N.M. 5-8-2007) Montoya vs. New Mexico (N.M. 1-5-2011)

Mr. Askew also states that any and all evidence used before during and after the indictment is Fruit of the poission, see United States v. Martin 613 F.3d 1295, 1299 (10th cir. 2010 internal quotation omitted. See also United States v. Kimoana, 383 F.3d And moves and contest the verdict moves for dismissal with prejudice and be released from custody.

To deny this motion would be tantamount to his due process and equal protection.