IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 11-cr-00184-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     LEON HENDERSON ASKEW,

      Defendant.
_____

**MOTION TO WITHDRAW AND
FOR THE DEFENDANT TO PROCEED *PRO SE***
_____

      Comes now, the Office of the Federal Public Defender, LaFonda Traorè, Assistant Federal Public Defender, and hereby requests of the Court to allow the Office of the Federal Public defender to withdraw from any further representation of the Defendant, Leon Askew, and that he be permitted to waive his Sixth Amendment right to counsel and proceed *pro se*. In support thereof the Defendant and Undersigned Counsel state as follows:

      1.     Mr. Askew was charged in a 4-count Superseding Indictment with violating several federal drug and gun statutes. Mr. Askew went to trial and was convicted of all four counts on January 20, 2012.

      2.     After the jury was empaneled and after opening statements, Mr. Askew made a request to the court that he be allowed to proceed *pro se*. After some discussion and following a meeting of defense counsel with Mr. Askew, Mr. Askew withdrew his request to proceed *pro se.*

3. After the verdict, Mr. Askew raised various issues about his trial. Defense counsel advised that those issues could be raised in an appeal of the conviction after sentencing. However, Mr. Askew started filing various *pro se* motions on his own behalf raising trial issues and later raising ineffective assistance of counsel claims.

4, Mr. Askew refused to participate in the interview for his Presentence Report. Mr. Askew also refused to review his completed Presentence Report with defense counsel.

5. At the scheduled sentencing hearing on April 2, 2012, Mr. Askew informed defense counsel that he was going to represent himself for his sentencing hearing. Defense counsel informed the court that Mr. Askew wanted to represent himself and subsequently, defense counsel made a verbal motion to withdraw from the case.

6. It is apparent that Mr. Askew does not wish the services of an attorney, thus the Office of the Public Defender should be allowed to withdraw and the Defendant be allowed to represent himself, *pro se*.

7. Mr. Askew does not desire the assistance of an attorney. A criminal defendant is both constitutionally and statutorily entitled to waive his Sixth Amendment right to counsel and proceed *pro se* in a federal criminal trial. *See Faretta v. California*, 422 U.S. 806, 835-36 (1975); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."). "When a court improperly denies the right to self-representation, that denial is not subject to harmless-error analysis." *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) (citing *Peters v. Gunn*, 33 F.3d 1190, 1193 (9th Cir.1994), citing *Arizona v. Fulminante*, 499 U.S. 279 (1991); *McKaskle v. Wiggins*, 465 U.S. 168, 177-78 n. 8

(1984)). "In order to invoke the right, the defendant must 'clearly and unequivocally' assert his intention to represent himself, and this assertion must be timely." *Id*. (citing *United States v. Reddeck*, 22 F.3d 1504, 1510 (10th Cir.1994); *United States v. Nunez*, 877 F.2d 1475, 1478 (10th Cir. 1989)).

8. By refusing to have any communication with undersigned counsel, by raising claims of ineffective assistance of counsel and by his own assertion that he wants to represent himself, this Court should view Mr. Askew's conduct as a clear and unequivocal assertion of his intention to proceed *pro se* in these proceedings. *See United States v. Willie*, 941 F.2d 1384, 1391 (10th Cir. 1991) ("Willie's repeated and unequivocal assertions of his right to self-representation, his continuous stubborn refusal to accept the services of admittedly competent and available counsel, his numerous *pro se* petitions and his clear expression that he could only work with an attorney who shared his views on taxation, constitute a valid implied waiver of his right to counsel.") (citing numerous similar cases therein). Through Mr. Askew's conduct, it is obvious to undersigned counsel that he does not wish to have the assistance of counsel. While undersigned counsel acknowledges that there is a "presumption against waiver," *see United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir. 2005), it should be clear that Mr. Askew's continuous and persistent conduct is not an "occasional musing" and there is no risk of "an inadvertent waiver" in this case. *See United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000).

9. Removing counsel from his case and allowing Mr. Askew to proceed *pro se* is the appropriate course of action.

Based upon the foregoing, undersigned counsel submits that it is Mr. Askew's desire to waive his Sixth Amendment right to counsel and proceed *pro se* at his sentencing.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender

s/ LaFonda Traorè
LAFONDA TRAORÈ
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
LaFonda.Traore@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2012, I electronically filed the foregoing

**MOTION TO WITHDRAW AND FOR THE
DEFENDANT TO PROCEED *PRO SE***

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kurt Bohn
Assistant U.S. Attorney
Email: kurt.bohn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Leon Askew *(Via U.S. Mail)*

                    s/ LaFonda Traorè
                    LAFONDA TRAORÈ
                    Assistant Federal Public Defender
                    633 Seventeenth Street, Suite 1000
                    Denver, Colorado  80202
                    Telephone:   (303) 294-7002
                    FAX:           (303) 294-1192
                    LaFonda.Traore@fd.org
                    Attorney for Defendant