IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 11CR00184-WYD

UNITED STATES OF AMERICA,
        Plaintiff,

v.

LEON HENDERSON ASKEW,
        Defendant.

## SUPPLEMENT TO MOTION FOR NEW TRIAL

COMES NOW the Defendant Leon Henderson Askew, by and through his court-appointed counsel Daniel T. Smith, and submits the following supplement to the Defendant's previously pro se filed Motion for New Trial. As grounds therefore the Defendant states as follows:

1. I have discussed this pleading and the content thereof with Assistant United States Attorney Michael Carey, and the government objects to and does not agree to the Defendant's request for a new trial.

2. This Defendant was found guilty of all charged counts on the jury verdict returned January 20, 2012.

3. On January 26, 2012, the Defendant in filing number 66 directed correspondence to "Judge Daniels" contesting the guilty verdict returned against him and alleging violation of his constitutional rights pursuant to the 4th Amendment to the United States Constitution. While the pleading is not couched in the verbage of F.R.Cr.P. 33 Motion for New Trial, it is requested the Court treat the request as such having been filed by the Defendant, without assistance of counsel.

4.      On February 21, 2012, the Defendant supplemented his previous filing with document number 73 captioned Summary Disposition Motion. In that motion, the Defendant alleges improprieties with the affidavit executed to obtain a search warrant of a hotel room and an automobile, illegal trespassing, all resulting in an illegal search of a hotel room allegedly occupied by the Defendant, as well as a car allegedly owned by the Defendant.

5.      On April 9, 2012, the Defendant's trial counsel was allowed to withdraw as counsel of record as so indicated in document number 84.

6.      On April 12, 2012, this Court appointed current counsel to represent the Defendant pursuant to the Criminal Justice Act. See order in document number 85.

7.      Current counsel has had the opportunity to review certain pleadings filed in this action, certain of the discovery provided by the government to the Defendant in this matter, as well as two search warrants and affidavits submitted in support thereof relating to the government's investigation and prosecution in this matter.

8.      Attached hereto and incorporated herein and identified as Exhibit A is the search warrant for Room 439 at the Days Inn Hotel located at 2850 South Circle Drive, Colorado Springs, Colorado, the affidavit submitted in support thereof, and the report of execution of the search warrant.

9.      Attached hereto and incorporated herein and identified as Exhibit B, is the search warrant for a 2000 Pontiac van, VIN: 1GMDX03E7YD183384, the affidavit submitted in support of that search warrant, as well as the report of execution of the search warrant. A review of page 3 of Exhibit A, the affidavit executed by a law enforcement officer in support of his request for a search warrant, it is apparent from the

face of the affidavit that while Mr. Askew was the lessor of the Days Inn Hotel room number 439, agents of the El Paso County Sheriff's Office illegally entered the room, visually searched the same, and then used that information in preparing the affidavit.

10. The same situation exists concerning page 3 and 4 of Exhibit B, the affidavit submitted in support of the request for that search warrant. Information obtained from the illegal entry into the hotel room was used in the affidavit to secure the search warrant.

11. A review of this Court's docket sheet in relation to this case, reveals that at no time did Defendant's prior counsel prepare and file a challenge to these search warrants via a Motion to Suppress or some other appropriate attack.

12. It is submitted by the Defendant that his motion captioned a contest of the guilty verdict was timely filed pursuant to the requirements of F.R.Cr.P. 33. Further, it is appropriate to amend a Motion for New Trial subsequent to the 14-day time period. _Anthony v. United States, 667 F.2d 870 (10th Cir. 1981)_. F.R.Cr.P. 33(a) states in pertinent part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

13. While the Defendant in his previously filed pro se pleadings, does not use the verbage ineffective assistance of counsel, it is clear from the content of both pleadings that that is exactly of which he complains. An ineffective assistance of counsel claim may properly be brought in a Motion for New Trial. _United States v. Sands, 968 F.2d 1058 (10th Cir. 1992)_.

Under the Supreme Court case of _Strickland v. Washington, 466 U.S. 668 (1984)_, it is incumbent upon the challenging party in attempting to establish ineffective

assistance of counsel to meet a two-part test. The initial test is that the performance of defense counsel is deficient against prevailing practice standards. It is submitted at this time, that the failure to file a challenge to these two search warrants is ineffective assistance of counsel. While present counsel has not had the opportunity to review the trial transcripts, it is submitted that the physical evidence introduced against the Defendant at the time of trial, which was obtained during the execution of these two search warrants, was the real substance of the government's case against the Defendant. Had such evidence not been available, it is submitted this prosecution would not have gone forward. That having been said, it is submitted that this Defendant was prejudiced by the ineffective performance of his prior counsel, as he never had an opportunity to challenge the efficacy of the two search warrants.

WHEREFORE, the Defendant respectfully requests that this Court allow this supplemental filing, construe the Defendant's previous filings at numbers 66 and 73 of this Court's docket sheet, to be construed as a Motion for New Trial and Supplement thereto, and to order a new trial for the Defendant in this matter.

Respectfully submitted,

/s Daniel T. Smith
Daniel T. Smith
1900 Grant Street, Suite 580
Denver, Colorado 80203
(303) 860-8100
FAX: (303) 860-8018
E-mail danieltsmith@qwestoffice.net
Attorney for Leon Henderson Askew

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 1, 2012 I electronically filed the foregoing SUPPLEMENT TO MOTION FOR NEW TRIAL with the Clerk of Court using the CM/ECF system who will send notification of such filing to the following e-mail addresses:

Kurt Bohn            kurt.bohn@usdoj.gov

Michael Carey        michael.carey@usdoj.gov

/s Daniel T. Smith
*Daniel T. Smith*
1900 Grant Street, Suite 580
Denver, Colorado  80203
(303) 860-8100
FAX: (303) 860-8018
E-mail danieltsmith@qwestoffice.net
Attorney for Defendant Leon Henderson Askew