FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 29 2012
GREGORY C. LANGHAM
CLERK

United States

v.

Leon Askew

Case No: 11-cr-00184-WYD

## Motion to Dismiss Indictment

Comes now the Defendant through his due diligence pursuant to 28 U.S.C. §1867(a) challenging compliance with selection procedures.

In support:

1) The officers included false statements and omitted information in an arrest warrant and probable cause search warrant affidavit and or grand jury testimony. Committing fraud on the court. (See exhibit 3 and 4 of pending motion for new trial.)

Dept Thompson made false statements in an affidavit to obtain a search warrant on April 1st 2011.

1) By stating in the affidavit that he was there because of drug trafficking to room #439. "at the Days Inn hotel located at 2850 South Circle Dr. Colorado Springs Co.

when in fact he was there for an alleged expired (fictious) tags on a car legally

Parked on private property. That the officers visually illegally searched out. Vin.# 1GMDX03E7Y0183384, and room #439 was illegally entered, and trespassed on to defendant property.

Therefore violating my 4th and 14th amendment rights. Montoya v. New Mexico - N.M. 1-5-2011 Dept of public safety

Omitting information would vitiate or quash probable cause in a warrant would have the same effect. Burning v. Pixler 949 F.2d 352 357 - 6th 1991

These affidavits were given to the Courts and to the grandjury. In the form of an probable cause and an arrest warrant.

Procedural approach probable cause question? Where false statements are alleged to have been included in an arrest warrant affidavit or grandjury testimony, Probable cause is determined by setting aside false information and reviewing the remaining truthful facts. Wolford v. Luster, 78 F.3d 484, 489 (10th Cir 1996).

Evidence suppress for recklessly making false statements in a probable cause search warrant. U.S. v. Garcia-Zambrano, 530 F.3d 1249 (10th Cir 2008)

Therefore had the court known that Fraud was placed upon the court in the probable cause and arrest warrant affidavit, the arrest warren must be voided. As the remaing contents in the affidavit is insufficient and inadmissible to establish probable cause. U.S v. Basham, 268 F.3d 1199 (10th cir. 2001); U.S. v. Garcia-Zambrano, 530 F.3d 1249 (10th cir 2008).

This is what these officers did. Omitted and Fabricated committing perjury to the grandjury and court Knowingly and recklessly. "the grand jury was not told that there was no probable cause to arrest or search or to be on the defendant property. Stewart v. Donges 915 F.2d 572 581-583 (10th cir 1990) Violating my 4th and 14th amendments.

Therefore the grand jury was unlawfully summoned. That which contain procedural defects. Pursuant to rule 6. United States v. McClusky (D N.M. 4-12-2012); abuse of the grand jury through prosecutorial misconduct in the form of prosecution's failure to present exculpatory evidence and it's biasing of the grand jury with inadmissible evidence. see U.S. v. Taylor, 798 F.2d 1337 (10th cir 1986); Thompkins v. McKune 433 Fed. Appx. 650 (10th cir 2011).

This procedural defect in the indictment would require automatic reversal of any conviction obtained... Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed. 2d 425 (1973)

Therefore the defendant moves this honorable court to dismiss this indictment against the defendant with prejudice.

To deny this motion would be tantamount to the Colorado constitution, Federal constitution, and United States constitution.

"A Federal court has an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is cognizable under a different remedial statutory scheme.

Respectfully Submitted

under the penalty of perjury   Leon Askew

I certify that a true and correct copy was mailed via mail on 5-23-12 to address: clerk of court
901 19th street
Denver CO 80294