UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No.    11-cr-00184-WYD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. LEON HENDERSON ASKEW,

   Defendant.

## ORDER

This matter is before the Court on Defendant's Supplement to Motion for New Trial, [ECF No. 86], filed May 1, 2012.   The Government filed it Response to Defendant's Supplement to Motion for New Trial, [ECF No. 89], on May 11, 2012.   Based upon the motion, the response and my review of the file, Defendant's motion is **denied.**

On January 20, 2012 after a four-day trial, a jury found Mr. Askew guilty of all counts charged in the Superseding Indictment which included: Count One - Felon in Possession of a Firearm, in violation of 18 § U.S.C. 922(g)(1); Counts Two and Three - Possession With Intent to Distribute Cocaine Base (Crack Cocaine) and Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Count Four - Carrying or Using a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Six days after the jury rendered its guilty verdict, on January 26, 2012, Mr. Askew himself filed a letter addressed to the Court wherein he stated "I contest the guilty verdict and request to be released for violating my constitution, 4th amendment right."   *See*

Motion for Release from Custody [ECF No. 66], filed January 26, 2012.   I construed this letter as a *pro se* motion but struck it on the grounds that the Defendant is not entitled to hybrid representation under *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976). *See* Minute Order [ECF No. 67], filed January 27, 2012.   On February 21, 2012, Mr. Askew filed another *pro se* motion, entitled "Summary Disposition Motion," [ECF No. 73]. In that motion, Mr. Askew alleged improprieties with the affidavit executed to obtain a search warrant of his hotel room and his automobile, resulting in an illegal search of the hotel room and car.   I again struck this motion on the grounds that Mr. Askew was represented by an attorney and is not entitled to hybrid representation.   *See* Minute Order [ECF No. 75], filed February 29, 2012.

On April 9, 2012, following a hearing on Defendant's Motion to Withdraw [ECF No. 79], I permitted Mr. Askew's trial counsel to withdraw as counsel of record.   Mr. Askew was appointed new counsel from the Criminal Justice Act Panel on April 12, 2012. Therefore, at all times during these proceedings and at the times he filed his *pro se* motions, Mr. Askew has been represented by counsel.

In his current motion, which was filed by CJA counsel, Mr. Askew now asks that I construe ECF No. 66, his letter contesting the guilty verdict, as a motion for a new trial pursuant to Fed. R. Crim. P. 33.   He further asks that I construe ECF No. 73, his Summary Disposition Motion, as a motion to supplement the motion for a new trial.   Mr. Askew argues that his trial attorney failed to challenge the search warrants for the hotel room and car which were relied upon by the Government at trial, that this conduct was ineffective assistance of counsel, and that he was prejudiced by the performance of his trial counsel.

In its Response, [ECF No. 89], the Government objects to Defendant's motion, arguing it is untimely. To the extent the Defendant seeks to rely on the *pro se* motion contesting the guilty verdict [ECF No. 66], the Government argues this motion was already addressed by the Court and therefore, there is no pending motion for a new trial that the Defendant can now supplement. Finally, in the event the motion is construed as a motion for new trial, the Government argues the law prohibits a Defendant from adding a new theory—ineffective assistance of counsel—that was not raised in the initial *pro se* motion.

Turning to my analysis, Fed.R.Crim.P. 33 governs new trials in criminal cases and provides that "upon the Defendant's motion, the court on motion of a defendant may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When a motion for a new trial is "grounded on any reason other than newly discovered evidence [it] must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). A motion for a new trial "is not regarded with favor and should only be granted with great caution." *United States v. Sinclair*, 109 F.2d 1527, 1531 (10th Cir. 1997); *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987) ("Courts disfavor new trials, and exercise great caution in granting them"). "A motion for a new trial lies within the discretion of the trial court and will not be reversed absent a plain abuse of discretion." *Troutman*, 814 F.2d at 1455.

In deciding a motion for new trial, "the court may weigh the evidence and consider the credibility of witnesses in determining whether the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994) (citation omitted). However, "the power to grant a new trial on this ground should be invoked only in exceptional cases" where the evidence weighs heavily

against the verdict. *Id.*; *see also United States v. Ramos-Carillo*, 2012 WL 71755 (D. Colo.) (The jury's verdict must be allowed to stand unless the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred) (citations omitted).

In this instance, I find that the Defendant has not demonstrated that the interests of justice require that he be afforded a new trial. As an initial matter, Mr. Askew's letter contesting the guilty verdict, [ECF No. 66], which I construed as a *pro se* motion, was improper because he is not entitled to hybrid representation. *See United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976). At the time Mr. Askew filed his *pro se* motion, he was represented by the Federal Defender. Even if I were to accept this filing as a timely motion for a new trial, which I do not, Mr. Askew is not permitted to amend his motion for a new trial to include a new ground after expiration of the period prescribed by Fed. R. Crim. P. 33." *Anthony*, 667 F.2d at 877.

Mr. Askew's reliance on *Anthony v. United States*, 667 F.2d 870 (10th Cir. 1981) to support his amended motion for new trial is misplaced and the facts and procedural history of *Anthony* are wholly distinguishable from this case. In *Anthony*, the defendant appealed the trial court's decision denying him a new trial based on the defendant's allegations of government misconduct, which he raised in a supplemental pleading. *Anthony*, 667 F.2d at 875. The appellate court affirmed the denial because the allegations of government misconduct raised in the supplement were filed after the period for filing a motion for a new trial had expired. *Id.* Therefore, the government misconduct allegation was raised in the first instance beyond the 14-day time period permitted by Rule 33. *Id.* In this case, Mr. Askew bases the motion for new trial on his claim of ineffective assistance of counsel, based on trial counsel's failure to file a motion to suppress the search warrants. However, this claim is raised for the first time well beyond the time period allotted by Rule 33, which expired on February 3, 2012.

-4-

To the extent that Mr. Askew challenges the affidavits of the search warrants that the Government relied on at trial as the basis for a motion for new trial, his argument also fails. When determining whether a search warrant is supported by probable cause, considerable deference is given to the initial determination of probable cause made by the magistrate or judge who issued the warrant.  *Illinois v. Gates*, 462 U.S. 213, 236 (1983).   In the context of Mr. Askew's motion, the Defendant has failed to demonstrate any inadequacies in the search warrants that would require a new trial in the interest of justice.

Based upon my analysis and conclusions above, Mr. Askew has failed to demonstrate that a new trial is required in the interest of justice.   Accordingly, it is

ORDERED that Defendant's Supplement to Motion for New Trial [ECF No. 86], filed May 1, 2012, is **DENIED.**

Dated:   June 4, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge