UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No.    11-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   LEON HENDERSON ASKEW,

    Defendant.

## ORDER

    This matter is before the Court on Defendant's Motion for Permission to Withdraw as Counsel of Record [ECF No. 96], filed May 31, 2012.   In the motion, Mr. Askew asks that his current CJA-appointed attorney be withdrawn from his representation.   However, counsel for Mr. Askew explains in the motion that by filing this pleading he "does not want this Court to understand that counsel in any way is acknowledging any of his efforts on behalf of the Defendant have been ineffective in his legal representation."   Mr. Askew's attorney goes on to say that "counsel is unaware, aside from the Defendant's directive, of any legal or ethical ground that would require this Court to dismiss counsel in this matter."

    "To warrant a substitution of counsel, the defendant must establish good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict."   *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005) (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987)).   "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney ... rather there must

-2-

be a total breakdown in communications." *Id.* (quoting *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir.2002)).

Moreover, while a defendant "certainly has a constitutionally protected right to counsel, 'there is no absolute right to counsel of one's choice.'" *United States v. Johnson,* 961 F.2d 1488, 1490 (10th Cir. 1992) (quoting *Padilla*, 819 F.2d at 956). Further, "[a] defendant is not entitled to an appointed attorney who will blindly follow the defendant's strategy or who shares his views . . . . " *United States v. Wilson*, 13 F.3d 408 (table), 1993 WL 523195 (10th Cir. 1993) (unpublished) (citing *United States v. Burson*, 952 F.2d 1196, 1199 (10th Cir. 1991), *cert. denied*, 112 S.Ct. 1702 (1992).

Upon my review of the motion, the file, the relevant law, and taking into consideration the representations made by Mr. Askew's attorney, I find that Mr. Askew's motion is without merit and he has failed to establish good cause to warrant substitution of counsel. Accordingly, it is

ORDERED that Defendant's Motion for Permission to Withdraw as Counsel of Record [ECF No. 96], filed May 31, 2012, is **DENIED.**

Dated:   June 4, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge