FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 4 2012

GREGORY C. LANGHAM
CLERK

united States

Plaintiff(s):

▲ COURT USE ONLY ▲

Defendant(s): Leon Askew

Div.:          Ctrm.:

11-CR-00184-WJD

Motion For Acquittal / motion For new trial

Form #25

Fed. R. Crim. Proc. 33 Rule 33 authorizes trial courts to grant new trials "if the interest of justice so requires. The court may vacate any judgement and grant a new trial if the interest of justice so requires. United States V. Herrera, 481 F.3d 1266, 1278 (10th cir 2007)

The government violated my rights under Brady V. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963).

By suppressing evidence favorable to the Defendant. U.S. V. Torres, 569 F.3d 1277, 1281 (10th cir 2009) U.S. V. Velarde, 485 F.3d 553, 558 (10th cir 2007)

Defendant states pursuant to rule 33. (b) (1). Newly discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. IF an appeal is pending, the court may not grant a motion for a new trial until the appelete court remands.

Therefore the defendant is within the 3 years of the verdict, and an appeal is not pending.

wherefore if it pleases the court the defendant submitts the following in good faith.

Comes Now the defendant through his due diligence to move the court for a new trial pursuant to Fed.R.Crim.P 33 and motion for acquittal pursuant to Fed.R.Crim.P 29 and the defendant supports:

1) Defendant was found guilty by a trial by jury on Jan 20th 2012.

2) The introduction of perjured witnesses and perjured testimony tainted the case and jury

3) The united states prosecutor introduced a perjured case, consisting of perjured testimony, withholding of witnesses favorable to the defendant, Non disclosure of information pertaining to deals made to witnesses, Evidence obtained Pursuant to an unconstitutional Search, witness testimony obtained by coercion, Intimidation, threats, harassment,

4) allowed witnesses to take the stand and under oath confessed to selling drugs, possessing drugs

possessing of a firearm by a prohibited person.

All of these witnesses was not charged with a crime, nor was these facts know before trial, or to the jury.

Therefore the defendant states that the prosecutor failed to disclose these facts to the jury And the prosecutor failed to charge the witnesses with the confession of their crimes which would of change their testimony and disclosed any favors made weather indirectly or directly to the jury.

Furthermore no jury, knowing these facts could convict beyond a reasonable doubt.

Wherefore Defendant moves this honorable court for a motion for acquittal pursuant to Fed. R. Crim. P 29 and a motion for a new trial pursuant to Fed. R. Crim. P 33.

To Deny this motion would be Tantanum to the United States constitution, Federal constitution, and Colorado constitution.

Leon Askew
P.O. Box 16706
Golden Co 80402

4-11-12
Date

Respectfully submitted

I certify that a true and correct copy was mailed via mail to clerk of court on 4-11-12