FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 4 2012

GREGORY C. LANGHAM
CLERK

▲ COURT USE ONLY ▲

Plaintiff(s): UNITED STATES

Defendant(s): Leon Askew

Div.:          Ctrm.:

11-cr-00184-WYD

Federal writ of habeas Corpus

Comes Now the Defendant pro se ~~and through his Attorney~~.
The Defendant states:
1) This writ has Fallen on death ears.
2) Evidence was used against defendant at trial pursuant to an unconstitutional search, illegal entry, perjured testimony (Brady violation).
3) ~~Defendant haven't been sentenced yet.~~
4) Defendant states; to exhaust state Remedies would be futile.
   Defendant is in custody at Jefferson county Jail. P.O. Box 16700, Golden co 80402

Form #25

In the mere factor that the officer had the nevere to violate my due process and equal protection by 1) coming on my private property (my curtilage).
2) going to my my private vehicle legally parked on private property.
3) running the plates of my legally parked vehicle on my private property
4) going to doors to search me out on my private property.
5) knocking on my private resident and harassing me about an issue of a traffic citation in violation of subsection(4) pursuant to CRS. 24-4.1-119(1)(F) and 24-4.2-104(1)(V).
6) holding me at bay against my will. See attachment
7) Asking for a person who was not there and was told that person was not there.
8) After being told that I did not want the officer inside my private resident numerous of times.
9) holding me at bay further then a consenual encounter.

10) officer left my residence and returning, and remain and "unconstitutional entry of my residence without a warrant". see US v. Davis, 290 F.3d 1239, 1244 (10th cir 2002). "The warrantless entry into a home in order to make an arrest, in the absence of exigent circumstances, is unconstitutional. People v. Hogan, 649 P.2d 326 (colo. 1982); In the absence of exigent circumstances, police officers may not enter a private residence for the purpose of making a warrantless arrest without first obtaing a search warrant, even though the officers have probable cause to believe a suspect residing there in has committed a crime. see People v. Magoon, 645 P.2d 286 (colo. App. 1982). Amendment IV of U.S. const ("The right of people to be secure against unreasonable searches and seizures shall not be violated."); Colo. const. art II, § 7 (The people shall be secure... from unreasonable searches and seizures") see Terry v. Ohio, 392 U.S. 1, 8 (1968); People v. King 08 CA1123 (colo. App. 10-27-2011); Arizona v. Gant, 556 U.S. 332, -, 129 S.Ct. 1710, 1716 (2009);

Dept. Thompson illegally searched my vehicle when he got out of their car and went up to my vehicle to "run" the tags of my vehicle at or around 10:00p.m while

Traffic Citation

(6) An officer coming upon an unattended vehicle that is in apparent violation of the state motor vehicle law, place upon the vehicle a penalty assessment or infraction and directing the owner or operator of the vehicle to remit the penalty assessment provided for by subsection (4) of this section and surcharge thereon pursuant to section 24-4.1-119(1)(f) and 24-4.2-104(1) C.R.S. to Colorado department of revenue within ten days.

If the penalty assessment and surcharge thereon is not paid within ten days of the issuance of the notice the department shall mail a notice of the registered owner of the vehicle, setting forth the offense or infraction and the time place where it occurred and directing the payment of the penalty assessment and surcharge thereon is not paid within twenty days from the date of mailing of such notice, the department shall request the police officer who issued the original penalty assessment notice to file a compliant with a court having jurisdiction and issue and serve upon the registered owner of the vehicle, a summons to appear in court at a time place specified there in as in the case of the other offense

"Exhaust would be futile"

"(10th Cir 1999). Exhaustion requirement for Habeas corpus relief may be waved by state, or avoided by petitioner if attempt would be futile."

In addition U.S. Attorney: Bohn, Carey allowed and produced officers on the stand to gave perjured testimony.

When dept. Thompson arrived at room # 439. It was just himself and a female cadet.

On the witness stand other officers testified that they were at room # 439. As officer Thompson and the female cadet first knocked.

The female cadet was to testify that her and officer Thompson was the only two there at the initial knock. This statement supports that

This is a perjured case as officer Thompson to testified that it was just him and the female cadet.

Proving that the other officers committed perjury, by stating they were presence at the knock. The government cannot knowingly use perjured testimony to obtain a guilty verdict. See U.S. v Rangel, 519 F.3d 1258, 1265 (10th cir 2008). If there is reasonable likelihood that the government relied on perjury to obtain a guilty verdict reversal is required. United States v. Crocket, 435 F.3d 1305, 1317... 352 U.S. 1, 77 S.Ct.

This was the government chief-in-case.

Therefore Defendant moves to Dismiss charges for Evidence gained pursuant to an unconstitutional search, unconstitutional entry, and perjury (Brady Violation)

To deny this motion would be tantamount to the United States constitution, federal constitution and Colorado constitution

Respectfully Submitted

Leon Askew
P.O. Box 16700
Golden CO 80402

"A Federal courts has an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is cognizable under different **remedial** statutory scheme."

On 6-8-12 I <u>under penalty of perjury</u> certify that a true and correct copy was mailed

~~TO Daniel T. Smith~~
~~Attorney at Law~~
~~1900 Grant St. Suite 580~~
~~Denver CO 80203~~

Clerk of court
90 19th St
Denver CO 80294

*Leon A*

Leon Askew
PO Box 16700
Golden CO 80402