FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

February 25, 2016

Elisabeth A. Shumaker
Clerk of Court

_____

In re: LEON HENDERSON ASKEW,

      Petitioner.

No. 15-1435
(D.C. No. 1:11-CR-00184-WYD-1)
(D. Colo.)

_____

**ORDER**
_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Leon Henderson Askew, a pro se federal prisoner, seeks a writ of mandamus to compel the district court to address on the merits his pro se habeas petition and a letter he submitted to the court regarding its status. The district court struck Mr. Askew's pro se pleadings because he was represented by counsel, Virginia L. Grady, and the court ruled that he had no constitutional right to a hybrid form of representation. *See United States v. Askew*, No. 1:11-CR-00184, Doc. 120 (D. Colo. Sept. 24, 2015) (citing *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976)). In his mandamus petition, Mr. Askew contends the district court erred in striking his pleadings because Ms. Grady was appointed only to represent him during sentence-reduction proceedings brought pursuant to 18 U.S.C. § 3582. He says she was not appointed to handle his post-conviction habeas proceedings and he "was without counsel when [he] filed [his] pro se federal writ of habeas corpus [and] status letter." Amended Mandamus Pet. at 6.

Mandamus is a drastic remedy "to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam). "For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).

Mr. Askew fails to meet this standard. He does not show a clear right to the relief he seeks. Although he may, of course, file a habeas petition, he has no right to hybrid representation, *see United States v. Chavis*, 461 F.3d 1201, 1205-06 (10th Cir. 2006), which is a purely discretionary matter for the district court, *see Bennett*, 539 F.2d at 49. Mr. Askew asserts he was not represented by counsel when he filed his pro se habeas petition on June 14, 2012, but another order of the district court entered the next day, on June 15, 2012, (which denied other pro se motions for the same reason) indicates that Mr. Askew was, in fact, represented by counsel, albeit a different attorney, Daniel T. Smith, who represented Mr. Askew at sentencing. *See Askew*, No. 1:11-CR-00184, Doc. 109. Thus, Mr. Askew was attempting to engage in a hybrid form of representation. And his failure to show the court's denial of such representation constituted a clear abuse of discretion forecloses mandamus relief. *See United States v. Copar Pumice Co.*, 714 F.3d 1197, 1210 (10th Cir. 2013) ("The writ of mandamus issues only in exceptional circumstances to correct a clear abuse of discretion, an abdication of the judicial function or the usurpation of judicial power." (internal quotation marks omitted)). Additionally, Mr. Askew fails to show he has no alternative remedy. He filed a motion in the district court, effectively asking the court to reevaluate its decision to strike his pro se habeas

petition based on the same arguments he advances in this court. *See Askew*, No. 1:11-CR-00184, Doc. 124.

Under these circumstances, the petition for a writ of mandamus is denied. Mr. Askew's motion to proceed in forma pauperis is granted.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk