IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 11-cr-00184-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEON HENDERSON ASKEW,

        Defendant.

**AMICA MOTION TO CORRECT ORDER TO STRIKE
DEFENDANT'S PRO SE HABEAS PETITION**

### Interest of Amica Curiae

      Undersigned counsel, Federal Public Defender for the Districts of Colorado and Wyoming, brings this matter before the Court as Amica, as she is not counsel of record on the habeas petition which is the subject of this pleading.  Amica respectfully asks this Court to correct its findings in the September 21, 2015 Order to Strike Mr. Askew's Federal Writ of Habeas Corpus (Doc. 120) on the basis that Mr. Askew was represented by the Office of the Federal Public Defender.  As explained below, this office represented Mr. Askew only through a limited General Order of Appointment, for the sole purpose of obtaining relief pursuant to United States Sentencing Guideline Amendment 782 and 18 U.S.C. §3582.

1

**Basis for Motion**

1. On June 8, 2012, Mr. Askew was sentenced by this Court. His counsel of record at that hearing was Daniel T. Smith, an attorney appointment pursuant to the Criminal Justice Act of 1964. Doc. 101.

2. On June 12, 2012 this Court entered a Judgment as to Leon Askew. Doc. 103.

3. Two days later, on June 14, 2012, Mr. Askew filed a Federal Writ of Habeas Corpus *pro se.* Doc. 108. In that motion, Mr. Askew raised matters solely related to the government's evidence in the substantive case and other matters that seem to relate to his sentencing. The court did not immediately rule on the petition.

4. Three years later, on May 26, 2015, the Office of the Federal Public Defender, through Amica, motioned this Court to reduce Mr. Askew's sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines. This Court ordered Mr. Askew's sentence reduced on June 11, 2015.

5. Amica's representation of Mr. Askew was authorized and prescribed by District Court General Order 2014-2 (General Order) (attached). The General Order appointed the Federal Public Defender to provide an "initial advisement of the application of Amendment 782 to all defendants convicted in this District who may be eligible for a reduction of sentence."

Attachment 1.  The General Order further directed that all requests for sentence reduction be filed in the original criminal case.  The General Order limited the appointment of the Office of the Federal Public Defender to the matter of seeking relief under Amendment 782.

6. On September 21, 2015, Mr. Askew wrote this Court a letter inquiring about his 2012 habeas corpus filing noting that it went unanswered and unchallenged.  Doc. 119.

7. On September 24, 2015 this Court ordered stricken Mr. Askew's June 14, 2012 habeas corpus filing as well as his September 21, 2015 letter.  Doc. 120.  In support of that Order, this court stated "Defendant is currently represented by counsel, Virginia L. Grady."  To the contrary, counsel never represented Mr. Askew on the habeas petition.

8. Mr. Askew has since made various filings and submitted several letters asking this Court to clarify the record and rule on his habeas corpus motion.  *See* Doc. 122-125, 129-132.

9. Citing the September 24, 2015 Order, and reiterating the belief that Mr. Askew is represented by counsel, this Court similarly struck those *pro se* filings.  Doc. 133.

10. The warden of the Federal Correctional Institution in Sheridan, Wyoming, is now inquiring on Mr. Askew's behalf.  He and Mr. Askew are requesting clarification from Amica.

3

To summarize: Mr. Askew's Writ of Habeas Corpus addresses issues arising from evidentiary matters in the substantive case and not Amendment 782. Indeed, Amendment 782 did not exist at the time the petition was filed, and does not, in any event, trigger relief acquired through habeas corpus. Amica did not represent Mr. Askew at the time of his habeas corpus filing, and was never appointed to the habeas case during the life of the petition. The sole purpose of Amica's limited appointment pursuant to General Order 2014-2, was to seek retroactive relief under Amendment 782, a purpose which expired when the court granted the relief.

With this pleading, Amica gives no opinion about the merits of Mr. Askew's *pro se* petition. Given the multiple inquiries and now the pressing inquiries from the Bureau of Prisons, Amica asks the Court to revisit and correct its basis for striking the petition from the docket.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Virginia_Grady@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that on September 8, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Susan Knox, Assistant united States Attorney
      susan.knox@usdoj.gov

Michael P. Carey, Assistant united States Attorney
      michael.carey@usdoj.gov

Kurt Bohn, Assistant united States Attorney
      kurt.bohn@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Leon H. Askew
Reg. No. 37987-013
c/o FCI Sheridan
P.O. Box 5000
Sheridan, OR   97378


                                        <u>s/ Virginia L. Grady</u>
                                        VIRGINIA L. GRADY
                                        Federal Public Defender
                                        633 17th Street, Suite 1000
                                        Denver, CO  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        Virginia_Grady@fd.org