```
                                                    FILED
                                            UNITED STATES DISTRICT COURT
                                                 DENVER, COLORADO

                                                   OCT 31 2016
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JEFFREY P. COLWELL
CLERK

Civil Action No. **16-cv-02590-WYD**
(To be supplied by the court)

UNITED STATES OF AMERICA,

v.

**Leon Henderson Askew**, Movant.

"**AMENDED**" MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

### A. CONVICTION UNDER ATTACK

1. Name and location of the court that entered the judgment of conviction you are attacking: **United States District Court for the District of Colorado, Denver, Colorado**

2. Date the judgment of conviction was entered: **June 12, 2012**

3. Case number: **11-cr-00184-WYD-1**

4. Describe the type and length of sentence imposed: **Prison sentence, 116 months**

5. Are you serving a sentence that was imposed for a conviction other than the conviction you are attacking in this application? ___ Yes **✓** No (CHECK ONE)

(Rev. 4/15/02)

6. Nature of the offenses with which you were charged: (all counts)

(1) 18 U.S.C. § 922(g)(i);
(2) 21 U.S.C. § 841(a)(i) and (b)(i)(c);
(3) 21 U.S.C. § 841(a)(i) and (b)(i)(c);
(4) 18 U.S.C. § 924(c)(i)(A)

7. On which counts were you convicted?   all counts

8. What was your plea?   _____

9. If you pled guilty pursuant to a plea bargain, describe the terms and conditions of the plea:   _____

10. Kind of trial:   ✓ Jury  ___ Judge only (CHECK ONE)

11. Did you testify at trial?   ___ Yes  ✓ No (CHECK ONE)

## B. DIRECT APPEAL

1. Did you file a direct appeal?   ___ Yes  ✓ No (CHECK ONE)

2. Date and result of 10th Circuit decision (attach a copy of the decision if available):   N/A

3. Date and result of any appeal to the United States Supreme Court (attach a copy of the decision if available):   N/A

4. List the claims raised on direct appeal:   N/A

(Rev. 4/15/02)                                       2

5. If you did not file a direct appeal, explain why: ___I wavied my rights to an appeal and opt to file a federal writ of Habeas corpus pro se___

## C. POSTCONVICTION PROCEEDINGS

1. Other than a direct appeal, have you initiated any postconviction proceedings with respect to the judgment under attack?

    ___ Yes ✓ No (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each postconviction proceeding. If you have initiated more than one postconviction proceeding, use extra paper to list each proceeding using the format below.

    A. Name and location of court:  N/A

    B. Type of proceeding:  N/A

    C. Date filed:  N/A

    D. List the claims raised:  N/A

    E. Date and result (attach a copy of the decision if available):  N/A

    F. Did you appeal?   ___ Yes ___ No (CHECK ONE)

    G. Date and result on appeal (attach a copy of the decision if available):  N/A

(Rev. 4/15/02)                                3

3. If the instant application is a second or successive application, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the application? __ Yes __ No (CHECK ONE)

## D. CLAIMS

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

1. Did you raise on direct appeal or in a prior action any of the claims you are asserting in this motion? __ Yes ✓No (CHECK ONE)

2. If you answered "Yes" to question 1., state which claims previously were raised and explain why those claims are being raised again:

   N/A

3. If you answered "No" to question 1., state which claims were not raised previously and explain why those claims were not raised on direct appeal or in a prior action:

   Illegal search - by the order of the court I am to Amend my Pro Se Federal writ on the approved 2255 form.

4. Claim One: Illegally present on premises.

   A. Supporting facts: On April 01, 2011 at the residence of Leon H. Askew 2850 South Circle Drive, Colorado Springs. Officers illegally entered my curtilage absent of a circumstance that was exigent.
   Violating my DUE process, and Equal Protection

(Rev. 4/15/02)                               4

Soon as Deputy Thompson drove onto my parking area he then was Immediately on Private property. Which is where my vehicle 2000 Pontiac Montana, VIN: 1GMDX03E7YD183384 was parked legally. And began his search illegally, while intruding and trespassing on private property (my private property).

See U.S. V. Brown, 984 F.2d 1074 (10th cir. 1993)

U.S. V. Jimenez, 336 Fed. Appx. 798 (10th cir. 2009).

Officers had no valid purpose for being on premises, the officers cannot rely on the "good faith" exception to the exclusionary rule of the 4th amendment.

[A] search occurs when the government intrudes on an area where a person has a reasonable expectation of privacy. A home owner has a right to privacy in the curtilage surrounding his residence.

See Oliver V. U.S., 466 U.S. 170, 180 (1984)

5. Claim Two: <u>Illegal Search</u>

A. Supporting Facts: On the same day and time, officers, illegally searched out my vehicle, parked on private property legally.

Then, continued the search to the front desk clerk, of my property, and searched out my room, #434, and then continued the illegal search to the sanctity of my home. And absent of exigent circumstances, seizing this information illegally.

Violating, my Due Process and equal Protection, and 4th Amendment.

See U.S. V. Martinez, 643 F.3d 1292 (10th cir. 2011).

Stating: the government has the burden of proving that exigent circumstances rendered a warrantless search reasonable.

The government did this by obtaining information from my legally parked vehicle, and prepared an illegal search. with that evidence to the hotel desk clerk.

By, the constitutional violation and the product of the search must be suppressed as fruit of the poisonous tree. See Wong Sun. V. United States, 371 U.S. 471, 484-88, 83 S.Ct 407, 415-17, 9 L.Ed. 2d.

(Rev. 4/15/02)                                 5

6. Claim Three: <u>Illegal entry. Agents of the El Paso county sheriffs office illegally entered the room, visually searched the same.</u>

   A. Supporting facts: officers on the same day and time Illegally entered my residence after repeatedly telling the officers (Deputy Thompson) and (female cadet) they could not come in my residence."

   Violating my Due process and equal protection, absent of a search warrant, probable cause, and exigent circumstances. U.S. v. Davis (10th cir 2002). "while intruding and trespassing onto my property." Fruit-of-the-poisonious-tree, provides that evidence Obtained by the police through unlawful means such as an illegal entry, is inadmissable and must be suppressed, Bostic, 148 P.3d at... following illegal actions of the police. Lewis, 975 P.2d at 170

7. Claim Four: <u>conviction obtained by use of evidence obtained to an unconstitutional search and seizure.</u>

   A. Supporting facts: On same day and time. While the officers illegally inside of my home, officers remained inside for an extended amount of time, even exchanging officers at one point during the seizure of my residence, and visually searching, while illegally inside, and obtaining evidence (all the evidence used) to convict me at trial. (after they used that evidence to prepare an affidavit.) Violating, My Due Process and equal protection. Searches and seizures inside a home without a warrant are presumptively unreasonable. See U.S. v. martin, 613 F.3d 1295, 1299 (10th cir. 2010) internal quotation omitted). This presumption applies not just homes but also temporary residence like hotel rooms. See U.S. v. Kimonae 383 F.3d 1215, 1221 (10th cir. 2004). In order to make effective the fundamental Constitution gurantees of the sancity of the home and involability of the person, Boyd v. United States, 116 U.S. 616, this court held nearly half a Century ago that evidence seized during an unlawful search could not constitute proof against the victim of the. weeks v. united-states. ("It's axiomatic that the physical entry of the home is the chief evil against which the wording of the fourth Amendment is directed...")

(Rev. 4/15/02)

## E. OTHER CONVICTIONS

1. Do you have any concurrent or future sentence(s) to be served after you complete the sentence imposed as a result of the conviction under attack? ___ Yes _✓_ No (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each sentence:

   A. Name and location of the court: _N/A_

   B. Case number: _____

   C. Type and length of sentence: _____

## F. LEGAL REPRESENTATION

1. List the names and address, if known, of each attorney who has represented you in proceedings regarding the conviction under attack:

   A. Preliminary hearing: _Lafonda Jones (Troa)_

   B. Arraignment and plea: _arraignment Lafonda Jones (Troa)_

   C. Trial: _Lafonda Jones (Troa)_

   D. Sentencing: _Daniel T. Smith_

   E. Appeal: _—_

   F. Postconviction proceedings: _— Virginia L. Brady_

   G. Appeal from any adverse ruling in postconviction proceedings: _—_

## G. REQUEST FOR RELIEF

(Rev. 4/15/02)                                  7

I request the following relief: To Vacate or set Asside Sentence, and to be released From B.O.P. and the return of my property. (property that was on my person and at my residence.)

Thank you!

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the movant in this action, that I have read this motion, and that the information in this motion is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on October 23, 2016
(Date)

_Leon Henderson As_
(Movant's Original Signature)

Movant's prisoner identification number and complete mailing address:

Leon Henderson Askew, # 37987-013
Sheridan-FCI Federal Correctional Institution,
P.O. Box 5000 SHERIDAN, OR 97378

(Rev. 4/15/02)                                         8

Leon Henderson Askew
#37987-013
Sheridan FCI
Federal correctional Institution
P.O. Box 3000
Sheridan, OR 97378

Legal Mail

FEDERAL CORRECTIONAL INSTITUTION
27072 BALLSTON ROAD
P.O. BOX 8000
SHERIDAN, OR. 97378-5001
DATE: 10-28-2016
"SPECIAL MAIL"
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.

⇔37987-013⇔
Us Clerk District Court
901 19TH ST
Denver, CO 80294
United States

PORTLAND OR
28 OCT 2016 PM 5 L