## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02590-WYD
Criminal Action No. 11-cr-00184-WYD

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

vs.

LEON HENDERSON ASKEW,

      Defendant-Movant.

---

### GOVERNMENT RESPONSE TO DEFENDANT ASKEW'S
### MOTION UNDER 28 U.S.C. § 2255 (Doc. 138)

---

In accordance with the Court's January 23, 2017 Order (Doc. 139), the United States submits its response to Defendant Leon Henderson Askew's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 138).  Askew's motion should be denied without a hearing.

### BACKGROUND AND RULE 5 STATEMENT REGARDING TIMELINESS

Askew was found guilty after a trial on counts one to four of the Superseding Indictment, charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (count one); Possession with Intent to Distribute Cocaine Base (Crack Cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count two); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count three); and Carrying or Using a Firearm During and in Relation to a Drug

Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count four).  (Doc. 103 at 1.)
This Court sentenced Askew to 130 months of incarceration.  (Doc. 103 at 2.)

Judgment was entered on June 12, 2012.  (Doc. 103.)  Two days later Askew
filed his original *pro se* § 2255 motion.  (Doc. 108.)  He never filed a direct appeal of his
conviction and sentence.  (*See* Docket.)

In an Order filed September 24, 2015, this Court struck Askew's *pro se* § 2255
motion on the basis that he was represented by the Office of the Federal Public
Defender (PD's Office) at the time he filed the motion.  (Doc. 120.)  The Court later
reinstated the motion based on an amicus filing by the PD's Office asserting that Askew
was not represented by the PD's Office when he filed his *pro se* § 2255 motion.  (Doc.
135.)

The Court then ordered on October 18, 2016, that Askew file within 30 days an
amended § 2255 motion on the Court-approved form that is used in the District of
Colorado for filing 28 U.S.C. § 2255 motions.  (Doc. 136.)  Askew filed within the 30-day
period his amended § 2255 motion on the proper Court-approved form.  (Doc. 138.)

A § 2255 motion is timely if it is filed within one year of the date on which the
judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Askew timely filed his
original § 2255 motion in June 2012, two days after judgment was entered.  (Doc. 108.)
Pursuant to this Court's October 2016 order, he filed an amended § 2255 motion.  The
amended motion does not add any claims or grounds for relief that are not contained in
his original § 2255 motion, and there do not appear to be any substantive distinctions
between Askew's original § 2255 motion and his amended § 2255 motion.  *Compare*

Doc. 108 *with* Doc. 138.  His amended § 2255 motion therefore relates back to the

timely-filed original motion.  *See Mayle v. Felix*, 545 U.S. 644 (2005) ("So long as the

original and amended petitions state claims that are tied to a common core of operative

facts, relation back will be in order."); *see also* Fed. R. Civ. P. 15(c)(1)(B) (providing that

"[a]n amendment to a pleading relates back to the date of the original pleading when ...

the amendment asserts a claim or defense that arose out of the conduct, transaction, or

occurrence set out—or attempted to be set out—in the original pleading.").  Askew's

amended § 2255 motion is thus timely because his original § 2255 motion was timely

under 28 U.S.C. § 2255(f)(1).

     No evidentiary hearings have been conducted, and Askew is in the custody of

the Federal Bureau of Prisons.

## SUMMARY

     Askew raises four claims for relief in his amended § 2255 motion.  (Doc. 138 at

4-6.)  In each claim he alleges that police officers violated his Fourth Amendment rights.

In particular, Askew contends that police officers:

- were illegally present on his premises (claim one),

- illegally searched his vehicle and his residence (claim two),

- illegally entered his residence (claim three), and

- illegally obtained evidence during the course of the unconstitutional
search and seizure (claim four).

(*Id.*)

Askew's amended § 2255 motion should be denied for two reasons.  First, his claims are all Fourth Amendment claims and therefore are not cognizable in a § 2255 motion.  Second, all four claims rest on arguments that Askew could have raised on direct appeal, but because he did not file an appeal, the arguments are procedurally defaulted.

## GENERAL STANDARDS

Because Askew is proceeding *pro se*, his motion should be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This Court need not, however, fashion arguments to bolster claims that are "merely conclusory in nature and without supporting factual averments."  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

This Court may dispense with a hearing if "the files and the records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Thus, this Court may summarily reject any claim that rests either on invalid legal premises or on allegations that, if proved, would be insufficient to warrant relief.  *See United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (hearing was unnecessary where defendant's claims failed as a matter of law); *United States v. Whalen,* 976 F.2d 1346, 1348 (10th Cir. 1992) (first inquiry is "whether the defendant is entitled to relief if his allegations are proved").

**DISCUSSION**

I.  **Askew's Fourth Amendment Claims Are Not Cognizable in a § 2255 Motion.**

Askew alleges in all four claims of his amended § 2255 motion that his Fourth Amendment rights were violated.  (Doc. 138 at 4-6.)[1]  But "Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal."  *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993); *see also United States v. Lee Vang Lor*, 706 F.3d 1252, 1259 (10th Cir. 2013) (habeas corpus relief is unavailable as long as the defendant is afforded "an opportunity for full and fair litigation of a Fourth Amendment claim") (quoting *Stone v. Powell,* 428 U.S. 465, 482 (1976)).

An "opportunity" for full and fair consideration includes, but is not limited to, "the procedural opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing," and "recognition and at least colorable application of the correct Fourth Amendment constitutional standards."  *Lee Vang Lor*, 706 F.3d at 1258 (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)).  "Thus, a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the … court *willfully refuses to apply* the correct and controlling constitutional standards."  *Gamble*, 583 F.2d at 1165 (emphasis added).

---

[1]  Although he also alleges in all four claims a violation of his rights under the Constitution's due process clause and equal protection clause (Doc. 138 at 4-6), it is clear that the gravamen of his claims is that police officers violated his Fourth Amendment rights.

Askew had an "opportunity" for full and fair consideration of his Fourth Amendment claims, and he cannot show otherwise.  He had a full and fair opportunity to litigate his Fourth Amendment claims prior to trial,[2] during trial, and on direct appeal. He was presented the opportunity during trial for a full and fair evidentiary hearing on his Fourth Amendment claims.  And nothing in the record suggests that this Court failed to recognize or colorably apply the correct Fourth Amendment standards to his case.

Thus, Askew's claims are not cognizable in a § 2255 motion and his motion should be denied.

## II.   Askew Could Have Raised His Claims on Direct Appeal but He Failed to Appeal, and Therefore His Claims Are Procedurally Defaulted.

The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165 (1982).  *See Bousley v. United States*, 523 U.S. 614, 621 ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotation marks omitted); *see also United States v. Bolden*, 472 F.3d 750, 751 (10th Cir. 2006) ("[A] § 2255 petition is not an appropriate vehicle to raise issues that should have been raised on direct appeal.") (citation omitted).

When a defendant fails to raise an issue on appeal, he is barred from raising it in a § 2255 motion unless he shows:  (1) "cause excusing his procedural default and

---

[2]  The record does not indicate that Askew filed any pretrial motions to suppress evidence, or that this Court held a pretrial hearing to consider whether any evidence should be suppressed.

actual prejudice resulting from the errors of which he complains"; or (2) "that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). Askew cannot clear either hurdle to excuse his procedural default.

First, Askew cannot show cause and actual prejudice. He has identified no cause for failing to file a direct appeal. Indeed, he stated in open court during his sentencing hearing that he had instructed his attorney *not* to file a Notice of Appeal:

> *MR. SMITH:* While you were pronouncing the sentence, I understood my client, Mr. Askew, to instruct me not to file a Notice of Appeal.
>
> Is that correct, sir?
>
> *THE DEFENDANT:* Correct.
>
> *MR. SMITH:* I just want that on the record, Your Honor.
>
> *THE COURT:* All right.

(Doc. 126 at 25.) Consequently, this Court need not even reach the second step in the analysis, that is, whether Askew can show actual prejudice. He cannot satisfy the first step because he cannot show cause.

Even if this Court were to reach the second step, Askew cannot show actual prejudice. "Actual prejudice" means "not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to [defendant's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Bailey*, 286 F.3d 1219, 1223 (10th Cir. 2002) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). Askew has not demonstrated that his

Fourth Amendment rights were violated, infecting his entire trial with constitutional error.

The Presentence Investigation Report set forth the facts the government believed were

presented at trial.  The pertinent facts show no Fourth Amendment violation:

- A police officer patrolling a motel in a location known for narcotics trafficking spotted a car with expired plates.

- The officer learned that the car was associated with a person staying in a room at the motel.

- Officers went to the room, Askew answered the door, an officer smelled marijuana coming from the room, and Askew fled.  He was captured a few minutes later.

- Officers then obtained a warrant and searched the room.  They found narcotics, drug paraphernalia, items consistent with drug trafficking, and a hand gun.

(Doc. 77 at 4-5.)  In short, Askew cannot meet his burden of showing actual prejudice.

*See Bailey*, 286 F.3d at 1223 (holding that there is no actual prejudice in the absence of

reversible error).

Second, Askew cannot show a "fundamental miscarriage of justice."  He does not

argue or demonstrate that he is actually innocent, as required to invoke the

"fundamental miscarriage of justice" exception.  *Murray v. Carrier*, 477 U.S. 478, 496

(1986).  The jury found that he was guilty of counts one to four of the Superseding

Indictment.  He offers nothing to show that he is actually innocent of the charges.

Therefore, Askew's claims in his amended § 2255 motion are procedurally

barred.

## CONCLUSION

Askew's motion should be denied.  No hearing is necessary.

Respectfully submitted this 22nd day of February, 2017.

ROBERT C. TROYER
Acting United States Attorney

*s/ Michael C. Johnson*
MICHAEL C. JOHNSON
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone:  (303) 454-0134
E-mail:  michael.johnson2@usdoj.gov

Attorneys for Plaintiff-Respondent
United States of America

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/Colorado)**

I hereby certify that on February 22, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and mailed a copy to the following address:

Leon Henderson Askew
BOP Register No. 37987-013
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Sheridan, Oregon  97378

_s/ Dorothy Burwell_
Dorothy Burwell
United States Attorney's Office
Denver, Colorado