UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 16-cv-02590-WYD
Criminal Case No. 11-cr-00184-WYD

UNITED STATES OF AMERICA,

v.

LEON HENDERSON ASKEW,

Movant.

---

**ORDER DENYING 28 U.S.C. § 2255 MOTION**

---

I. INTRODUCTION

This matter is before the Court on Movant Leon Henderson Askew's pro se "Federal Writ of Habeas Corpus", which was construed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 108), and Mr. Askew's pro se Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 138). The Government file a response to the motion. No reply was filed.

II. FACTUAL AND PROCEDURAL BACKGROUND

A three-count Indictment was filed on May 2, 2011, and a Superseding Indictment was filed on January 9, 2012. Mr. Askew was charged in the Superseding Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (count one); Possession with Intent to Distribute Cocaine Base (Crack Cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count two); Possession

with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count three); and Carrying or Using a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (count four).

Mr. Askew was found guilty after a trial commencing January 17, 2012, on all four counts of the Superseding Indictment. The Court sentenced Mr. Askew to 130 months of incarceration. (ECF No. 103.) Judgment was entered on June 12, 2012. (*Id.*) Two days later Mr. Askew filed his original § 2255 motion. He did not file a direct appeal of his conviction and sentence.

In an Order filed September 24, 2015, this Court struck Mr. Askew's original § 2255 motion on the basis that he was represented by the Office of the Federal Public Defender ["PD's Office"] at the time he filed the motion. (ECF No. 120.) The Court later reinstated the motion based on an amicus filing by the PD's Office asserting that Mr. Askew was not represented by the PD's Office when he filed his original § 2255 motion. ( ECF No. 135.)

The Court then ordered on October 18, 2016, that Mr. Askew file within 30 days an amended § 2255 motion on the Court-approved form that is used in the District of Colorado for filing 28 U.S.C. § 2255 motions. (ECF No. 136.) Mr. Askew filed his amended § 2255 motion within the 30-day period on the proper Court-approved form.

Mr. Askew asserts four claims for relief in his motions, each of which alleges that police officers violated his Fourth Amendment rights. Thus, Mr. Askew alleges that police officers (1) were illegally present on his premises (claim one), (2) illegally searched his vehicle and his residence (claim two), (3) illegally entered his residence

(claim three), and (4) illegally obtained evidence during the course of the unconstitutional search and seizure (claim four).[1]

Mr. Askew's original motion was timely as it was submitted within the one-year statute of limitations set forth under 28 U.S.C. § 2255(f)(1). The government concedes that Mr. Askew's amended motion does not add any claims or grounds for relief that are not contained in his original § 2255 motion, and there do not appear to be any substantive distinctions between the two motions. Accordingly, his amended § 2255 motion relates back to the timely-filed original motion. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); *see also* Fed. R. Civ. P. 15(c)(1)(B) ("[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). Mr. Askew's amended § 2255 motion is thus timely because his original § 2255 motion was timely.

III. <u>ANALYSIS</u>

I must construe liberally Mr. Askew's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

---

[1] Although Mr. Askew also alleges in all four claims a violation of his rights under the Constitution's due process clause and equal protection clause (ECF No. 138 at 4-6), it is clear that the gravamen of his claims is that police officers violated his Fourth Amendment rights.

Turning to the merits of the § 2255 motions, "Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal." *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993); *see also United States v. Lee Vang Lor*, 706 F.3d 1252, 1259 (10th Cir. 2013). An opportunity for full and fair consideration includes, but is not limited to, "'the procedural opportunity to raise or otherwise present a Fourth Amendment claim,' a 'full and fair evidentiary hearing,' and 'recognition and at least colorable application of the correct Fourth Amendment constitutional standards.'" *Lee Vang Lor*, 706 F.3d at 1258 (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)). "Thus, a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the … court *willfully refuses to apply* the correct and controlling constitutional standards." *Gamble*, 583 F.2d at 1165 (emphasis added).

I find that Mr. Askew had an "opportunity" for full and fair consideration of his Fourth Amendment claims, and he has not shown otherwise. He had a full and fair opportunity to litigate his Fourth Amendment claims prior to trial but did not file any motions to suppress under the Fourth Amendment, during trial, or on direct appeal. He was presented the opportunity during trial for a full and fair evidentiary hearing on his Fourth Amendment claims, and nothing in the record suggests that the court failed to recognize or colorably apply the correct Fourth Amendment standards to his case. Thus, Mr. Askew's claims are not cognizable and his § 2255 motions are denied on this basis.

I also find that Mr. Askew's claims are procedurally defaulted because he could have raised his claims on appeal but failed to do so. Indeed, he did not file an appeal. "When a defendant fails to raise an issue on appeal, he is barred 'from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.'" *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (quotation and internal quotation marks omitted). Mr. Askew has not and cannot clear either hurdle to excuse his procedural default.

First, Mr. Askew has identified no cause for failing to file a direct appeal. Indeed, the government notes that Mr. Askew stated in open court during his sentencing hearing that he had instructed his attorney *not* to file a Notice of Appeal:

> *MR. SMITH:* While you were pronouncing the sentence, I understood my client, Mr. Askew, to instruct me not to file a Notice of Appeal.
>
> Is that correct, sir?
>
> *THE DEFENDANT:* Correct.
>
> *MR. SMITH:* I just want that on the record, Your Honor.
>
> *THE COURT:* All right.

(ECF No. 126 at 25.) Consequently, the Court need not even reach the second step in the analysis.

Nonetheless, I find that Mr. Askew has not shown actual prejudice. "'Actual prejudice' means 'not merely that the errors at ... trial created a *possibility* of prejudice,

but that they worked to [defendant's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *United States v. Bailey*, 286 F.3d 1219, 1223 (10th Cir. 2002) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). Mr. Askew has not demonstrated that his Fourth Amendment rights were violated, infecting his entire trial with constitutional error. The Presentence Investigation Report set forth the facts the government believed were presented at trial. The pertinent facts show no Fourth Amendment violation, as noted by the government:

- A police officer patrolling a motel in a location known for narcotics trafficking spotted a car with expired plates.
- The officer learned that the car was associated with a person staying in a room at the motel.
- Officers went to the room, Mr. Askew answered the door, an officer smelled marijuana coming from the room, Mr. Askew was asked for identification, and Mr. Askew fled. He was captured a few minutes later.
- Officers then obtained a warrant and searched the room. They found narcotics, drug paraphernalia, items consistent with drug trafficking, and a hand gun.

(ECF No. 77 at 4-5.) Thus, Mr. Askew has not meet his burden of showing actual prejudice.

Mr. Askew also cannot show a "fundamental miscarriage of justice." He does not argue or demonstrate that he is actually innocent, as required to invoke the exception. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). And the jury found that he was guilty of counts one to four of the Superseding Indictment.

Finally, since Mr. Askew's Fourth Amendment claims are not cognizable in a § 2255 motion and are procedurally defaulted, there is no reason for a hearing. 28 U.S.C. § 2255(b) provides that the court may dispense with a hearing on the motion if "the files and the records of the case conclusively show that the prisoner is entitled to no relief." *See also United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (hearing was unnecessary where defendant's claims failed as a matter of law and "there were no relevant, disputed issues of fact that needed to be resolved").

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Movant Leon Henderson Askew's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 108) and Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 138) are **DENIED**.

Dated: August 8, 2017

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge