# ATTACHMENT

# III

Government responds to the courts January 23, 2017 order.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02590-WYD
Criminal Action No. 11-cr-00184-WYD

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

vs.

LEON HENDERSON ASKEW,

      Defendant-Movant.

---

**GOVERNMENT RESPONSE TO DEFENDANT ASKEW'S
MOTION UNDER 28 U.S.C. § 2255 (Doc. 138)**

---

In accordance with the Court's January 23, 2017 Order (Doc. 139), the United

States submits its response to Defendant Leon Henderson Askew's Motion to Vacate,

Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 138). Askew's

motion should be denied without a hearing.

**BACKGROUND AND RULE 5 STATEMENT REGARDING TIMELINESS**

Askew was found guilty after a trial on counts one to four of the Superseding

Indictment, charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C.

§ 922(g)(1) (count one); Possession with Intent to Distribute Cocaine Base (Crack

Cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count two); Possession

with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

(count three); and Carrying or Using a Firearm During and in Relation to a Drug

Doc. 108 *with* Doc. 138.  His amended § 2255 motion therefore relates back to the timely-filed original motion.  *See Mayle v. Felix*, 545 U.S. 644 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); *see also* Fed. R. Civ. P. 15(c)(1)(B) (providing that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").  Askew's amended § 2255 motion is thus timely because his original § 2255 motion was timely under 28 U.S.C. § 2255(f)(1).

No evidentiary hearings have been conducted, and Askew is in the custody of the Federal Bureau of Prisons.

### SUMMARY

Askew raises four claims for relief in his amended § 2255 motion.  (Doc. 138 at 4-6.)  In each claim he alleges that police officers violated his Fourth Amendment rights.  In particular, Askew contends that police officers:

- were illegally present on his premises (claim one),

- illegally searched his vehicle and his residence (claim two),

- illegally entered his residence (claim three), and

- illegally obtained evidence during the course of the unconstitutional search and seizure (claim four).

(*Id.*)

3

## DISCUSSION

I.   **Askew's Fourth Amendment Claims Are Not Cognizable in a § 2255 Motion.**

Askew alleges in all four claims of his amended § 2255 motion that his Fourth Amendment rights were violated.  (Doc. 138 at 4-6.)[1]  But "Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal." *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993); *see also United States v. Lee Vang Lor*, 706 F.3d 1252, 1259 (10th Cir. 2013) (habeas corpus relief is unavailable as long as the defendant is afforded "an opportunity for full and fair litigation of a Fourth Amendment claim") (quoting *Stone v. Powell,* 428 U.S. 465, 482 (1976)).

An "opportunity" for full and fair consideration includes, but is not limited to, "the procedural opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing," and "recognition and at least colorable application of the correct Fourth Amendment constitutional standards." *Lee Vang Lor*, 706 F.3d at 1258 (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)).  "Thus, a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the … court *willfully refuses to apply* the correct and controlling constitutional standards." *Gamble*, 583 F.2d at 1165 (emphasis added).

---

[1]  Although he also alleges in all four claims a violation of his rights under the Constitution's due process clause and equal protection clause (Doc. 138 at 4-6), it is clear that the gravamen of his claims is that police officers violated his Fourth Amendment rights.

actual prejudice resulting from the errors of which he complains"; or (2) "that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). Askew cannot clear either hurdle to excuse his procedural default.

First, Askew cannot show cause and actual prejudice. He has identified no cause for failing to file a direct appeal. Indeed, he stated in open court during his sentencing hearing that he had instructed his attorney *not* to file a Notice of Appeal:

> *MR. SMITH:* While you were pronouncing the sentence, I understood my client, Mr. Askew, to instruct me not to file a Notice of Appeal.
>
> Is that correct, sir?
>
> *THE DEFENDANT:* Correct.
>
> *MR. SMITH:* I just want that on the record, Your Honor.
>
> *THE COURT:* All right.

(Doc. 126 at 25.) Consequently, this Court need not even reach the second step in the analysis, that is, whether Askew can show actual prejudice. He cannot satisfy the first step because he cannot show cause.

Even if this Court were to reach the second step, Askew cannot show actual prejudice. "Actual prejudice" means "not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to [defendant's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Bailey*, 286 F.3d 1219, 1223 (10th Cir. 2002) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). Askew has not demonstrated that his

Respectfully submitted this 22nd day of February, 2017.

ROBERT C. TROYER
Acting United States Attorney

*s/ Michael C. Johnson*
MICHAEL C. JOHNSON
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone:  (303) 454-0134
E-mail:  michael.johnson2@usdoj.gov

Attorneys for Plaintiff-Respondent
United States of America