**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 11-cr-00184-WYD
(Civil Case No. 16-cv-02590-WYD)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

LEON HENDERSON ASKEW,

    Defendant-Movant.

_____

**GOVERNMENT RESPONSE TO "MOTION TO INTRODUCE FRAUD" (ECF No. 158)
AND MOTION "TO PRODUCE THE BODY OF" DEFENDANT (ECF No. 159)**
_____

Pursuant to this court's order filed February 28, 2018 (ECF No. 160), the United States responds to defendant Leon Henderson Askew's "Motion to Introduce Fraud on this Court/Motion to Produce Testimony" (ECF No. 158), and Askew's "Motion for Order for this Court to Produce the Body of Leon Henderson Askew Before this Court and Show Case for False Imprisonment" (ECF No. 159).  For the reasons set forth below, this court lacks jurisdiction to grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    Askew's Underlying Conviction.**

Askew was charged in a four-count superseding indictment with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession

with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and carrying or using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 34.)  He was found guilty after a trial on all four counts.  (ECF Nos. 60, 103.)  Instead of filing a direct appeal, Askew timely filed a § 2255 motion.  (ECF No. 108.)

II.     **Askew's Allegations in His § 2255 Motion.**

Askew raised four claims for relief in his amended § 2255 motion.  (ECF No. 138 at 4-6.)  In each claim, he alleged that police officers violated his Fourth Amendment rights.  In particular, Askew contended that police officers:

- were illegally present on his premises (claim one),
- illegally searched his vehicle and his residence (claim two),
- illegally entered his residence (claim three), and
- illegally obtained evidence during the course of the unconstitutional search and seizure (claim four).

(*Id.*)

III.    **The Government's Response to Askew's § 2255 Motion.**

The government argued that Askew's § 2255 motion should be denied for two reasons.  (ECF No. 143 at 4, 5-8.)  First, it asserted his claims are all Fourth Amendment claims and therefore were not cognizable in a § 2255 motion.  (*Id.*)  Second, it asserted that all four claims rested on arguments Askew could have raised on direct appeal, but because he did not file an appeal, the arguments were procedurally defaulted.  (*Id.*)

The government also identified "pertinent facts" showing that Askew's Fourth Amendment rights were not violated:

- A police officer patrolling a motel in a location known for narcotics trafficking spotted a car with expired plates.

- The officer learned that the car was associated with a person staying in a room at the motel.

- Officers went to the room, Askew answered the door, an officer smelled marijuana coming from the room, and Askew fled. He was captured a few minutes later.

- Officers then obtained a warrant and searched the room. They found narcotics, drug paraphernalia, items consistent with drug trafficking, and a handgun.

(ECF. No. 143 at 8 (citing ECF No. 77 at 4-5).)

These pertinent facts were derived from multiple documents in this case:

- They derived from the Presentence Investigation Report (PSR). (ECF No. 77 at 4-5.)

- The "pertinent facts" in the PSR at pages 4-5 were themselves "taken verbatim from the government's sentencing statement." (ECF No. 77 at 4, ¶ 5.)

- And the pertinent facts in the government's sentencing statement (*see* ECF No. 72 at 1-3), were wholly consistent with the affidavit for a search warrant filed in this case. (ECF No. 86-1 at 3.)

In that search warrant affidavit, Deputy A. Thompson asserted, in pertinent part:

- He was conducting a routine patrol at the Days Inn Hotel and found a van in the parking lot with an expired temporary permit.

- Deputy Thompson contacted the front desk clerk and learned that the van belonged to a person staying in room 439 at the Days Inn.

3

- He went to room 439.  A man answered the door.  Deputy Thompson detected the smell of marijuana coming from the room.  The man fled from the room and was apprehended in a parking lot.  The man was later identified as Askew.

- Deputy Thompson "return[ed]" to the room to "secure the scene," found a dog in the room, and called for the Humane Society to retrieve the dog.

- Deputy Thompson then completed his affidavit for a search warrant.

(ECF No. 86-1 at 3.)

### IV.     This Court Finds the Search Warrant Affidavit Adequate.

After his conviction at trial, Askew moved for a new trial.  (ECF No. 86.)  He argued that police officers illegally entered his room at the Days Inn, visually searched the room, and then used that information to prepare the affidavit for a search warrant. (ECF No. 86 at 2-3, ¶ 9, citing ECF No. 86-1 at 3 (Exhibit A at 3).)

This court denied Askew's motion for a new trial, concluding that, "[t]o the extent that Mr. Askew challenges the affidavits of the search warrants that the Government relied on at trial as the basis for a motion for new trial, his argument also fails."  (ECF No. 99 at 5.)  It noted that "[w]hen determining whether a search warrant is supported by probable cause, considerable deference is given to the initial determination of probable cause made by the magistrate or judge who issued the warrant."  (*Id.*, citation omitted.)  In denying the motion, this court ruled that Askew "has failed to demonstrate any inadequacies in the search warrants that would require a new trial in the interest of justice."  (*Id.*)

## V. This Court Denies Askew's § 2255 Motion

This court on August 8, 2017, denied Askew's § 2255 motion, ruling that his Fourth Amendment claims were not reviewable because he had a full and fair opportunity to litigate these claims at trial and on direct appeal. (ECF No. 149 at 4.) The court also found that the claims were procedurally defaulted because Askew could have raised the claims on appeal but failed to do so. (*Id.* at 5-6.) Finally, the court analyzed the "pertinent facts" and concluded that Askew did not suffer a Fourth Amendment violation. (*Id.* at 6.) Accordingly, the court found no reason for a hearing on Askew's motion. (*Id.* at 7.)

## VI. Askew's Allegations in His Pending Motions

### A. Askew's allegations and request for relief in His "Motion to Introduce Fraud on This Court"

In his "Motion to Introduce Fraud," Askew alleges that Deputy Thompson testified at trial "that he entered my room to retrieve my dog and to wait for the dog pound to come even at some point exchanging officers, before a search warrant was issued." (ECF No. 158 at 1.) He asserts that the government—in its response to his § 2255 motion—"lied" in its "pertinent facts to show no Fourth Amendment violation occurred." (*Id.* at 2.) He notes that this court "put that information in" when the court denied his § 2255 motion. (*Id.*)

Thus, by way of his "Motion to Introduce Fraud on This Court," Askew challenges this court's August 8, 2017, Order denying his § 2255 motion. He argues that this court relied on improper information in denying his motion. As relief, he asks that this court

5

"produce the testimony of Dept. Thompson." (*Id.*)  Askew then appears to ask that this court issue a new ruling on his § 2255 motion.

### B.    Askew's allegations and request for relief in His "Motion to Produce the Body"

In his "Motion for Order for This Court to Produce the Body of Leon Henderson Askew," Askew argues that "Dept. Thompson entered my residence to retrieve my dog even exchanging officers at some point, without a search warrant, as he testified at trial." (ECF No. 159 at 2.)  Askew claims that these acts "clearly show a Fourth Amendment violation, contrary to the presentence investigation [report]." (*Id.*, citing ECF No. 77 at 4-5.)

By way of relief, Askew asks that this court "show cause" and "explain why you have not corrected yourself in this matter contrary to the law and against the United States constitution…." (*Id.*)

## ARGUMENT

### Askew's Motions are Second or Successive § 2255 Petitions, and Therefore This Court Lacks Jurisdiction to Consider Them.

Askew's motions challenge this court's denial of his § 2255 motion.  Under clearly established Tenth Circuit case law, the motions are second or successive § 2255 motions.  Nothing in the record shows that the Tenth Circuit has authorized Askew to proceed with such motions.  Accordingly, this court lacks jurisdiction to consider them.

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence.  *Gonzalez v. Crosby,* 545 U.S. 524, 528 (2005); *see* Fed.R.Civ.P. 60(b).  Before entertaining the

6

merits of Askew's motions, however, this court must determine whether they are "true" Rule 60 motions, or, in effect, second or successive motions under 28 U.S.C. § 2255. The Tenth Circuit has held:

> Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.  Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing *Gonzalez*) (citations omitted).  See also *Peach v. United States*, 468 F.3d 1269, 1270-72 (10th Cir. 2006); *In re Lindsey,* 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (applying *Spitznas* to § 2255 proceedings).

The Tenth Circuit concluded in *Spitznas* that a Rule 60(b) motion asserting fraud in the federal habeas proceeding "requires a more nuanced analysis." *Id*. at 1216. When the fraud claim "relates *solely* to fraud on the federal habeas court," the motion may be a true 60(b) motion. *Id.* (original emphasis).  "However, if the fraud on the habeas court includes (or necessarily implies) related fraud on the state court (or the federal district court that convicted and/or sentenced the movant in the case of a § 2255 motion), then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." *Id*.  The Tenth Circuit cautioned litigants "that spurious attempts to re-cast substantive habeas arguments in the guise of "fraud on the court" . . . will properly be treated as an

attempt to allege or re-allege substantive grounds for habeas relief, thus presenting a second or successive petition." *Id.*, n.4.

"It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). If the pleading "seeks relief from the conviction or sentence," it should be treated as a successive § 2255 application. *Id.* at 1147. "On the other hand, if the pleading only attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, then it is not advancing a new claim and should not be characterized as a successive petition." *Id.* (internal quotation marks omitted).

It is beyond cavil that Askew's motions should be viewed as second or successive § 2255 motions. They are spurious attempts to re-cast his § 2255 arguments. First, Askew's motions are devoted exclusively to re-arguing the Fourth Amendment issues he raised in his § 2255 motion. *See Spitznas,* 464 F.3d at 1216. These arguments have already been rejected by this court. (*See* ECF Nos. 99, 149.) Second, his allegations of government misconduct or fraud are not linked to the integrity of the § 2255 proceeding itself, but instead attack the integrity of his underlying trial and sentencing proceedings. *See United States v. Wardell*, 582 F. App'x 784, 785–86 (10th Cir. 2014) (unpublished). As noted above, the government's "pertinent facts" in its § 2255 response were derived directly from the government's sentencing memorandum and the search warrant affidavit. And this court has already found that Askew "has failed to demonstrate any inadequacies in the search warrants." (ECF No. 99 at 5.)

Because at their core Askew's motions seek renewed consideration of claims already decided against him, his motions require authorization under § 2255. *United States v. Washington*, 441 F. App'x 605, 606 (10th Cir. 2011) (unpublished); *see Gonzalez,* 545 U.S. at 532 (a motion to reconsider should be construed as a successive habeas petition if it "attacks the federal court's previous resolution of a [habeas] claim on the merits."). This court addressed the merits and found no Fourth Amendment violation. (ECF No. 149 at 6.) Without authorization from the Tenth Circuit allowing Askew to file a second or successive motion, this court has no jurisdiction to consider his motions. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).

It does not matter that Askew's motions allege fraud on this court. Ultimately, they allege fraud with respect to the rulings pertaining to his trial and his sentence, not his § 2255 motion. In cases where the allegation of fraud attacks only "some defect in the integrity of the federal habeas proceedings," *Gonzalez,* 545 U.S. at 530-33, without attacking "the substance of the federal court's resolution of a claim on the merits," the motion will be considered a true 60(b) motion that can be decided by the district court without prior authorization under § 2244(b). *Berryhill v. Evans*, 466 F.3d 934, 937–38 (10th Cir. 2006). Askew's allegations of fraud do not fall into this category. His current motions constitute merits-based attacks on his underlying conviction and sentence. *See United States v. Bell*, 600 F. App'x 624, 626 (10th Cir. 2015) (unpublished) ("It is beyond dispute that Bell's allegations of prosecutorial misconduct or fraud attacked the integrity of the underlying trial, and not some defect in the integrity of the § 2255 proceeding itself.").

But even if Askew's fraud claim pertains to "some defect in the integrity of the federal habeas proceedings," his motions should nevertheless be denied. When fraud is alleged, it must be pleaded with particularity. *Woodberry v. McKune*, 172 F. App'x 848, 850 (10th Cir. 2006) (unpublished) (citing Fed.R.Civ.P. 9(b)) (other citation omitted). Askew's conclusory allegation that the government's "pertinent facts" in its § 2255 response are fraudulent, and that he suffered a violation of his Fourth Amendment rights (*see* ECF Nos. 158 at 2; 159 at 2), do not satisfy this standard.

## CONCLUSION

Defendant Leon Henderson Askew's motions must be regarded as second or successive § 2255 motions. This court lacks jurisdiction to consider them.

Respectfully submitted this 13th day of March, 2018.

    ROBERT C. TROYER
    United States Attorney

    */s/ Michael C. Johnson*
    MICHAEL C. JOHNSON
    Assistant United States Attorney
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, CO 80202
    Telephone: 303-454-0100
    E-mail:  michael.johnson2@usdoj.gov

    Attorneys for Plaintiff-Respondent United States of America

**CERTIFICATE OF SERVICE (CM/ECF)**

  I hereby certify that on March 13, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of filing to:

Leon Henderson Askew
BOP Reg. No. 37987-013
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Leavenworth, KS  66048

            *s/ Amanda Bell*
            Amanda Bell
            United States Attorney's Office