UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 16-cv-02590-WYD
Criminal Case No. 11-cr-00184-WYD

UNITED STATES OF AMERICA,

v.

LEON HENDERSON ASKEW,

      Movant.

---

### ORDER

---

THIS MATTER is before the Court on Mr. Askew's "Motion to Introduce Fraud on this Court/Motion to Produce Testimony" filed September 29, 2017, and his "Motion for Order for this Court to Produce the Body of Leon Anderson Askew Before this Court and Show Cause to False Imprisonment" filed on February 6, 2018.  A response to these motions was filed on March 13, 2018.  Also pending is a "Motion for this Court to Enforce 19 U.S.C. § 1592 Penalties for Fraud, Negligence or Gross Negligence", which was docketed as a reply to the Government's response to Mr. Askew's motions.  For the reasons stated below, these motions are denied.

By way of background, Mr. Askew was charged in a four-count superseding indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and carrying or using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 34.)  He was

found guilty after a trial on all four counts. (ECF Nos. 60, 103.) Instead of filing a direct appeal, Mr. Askew timely filed a § 2255 motion. (ECF No. 108.) Mr. Askew's 28 U.S.C. § 2255 motion was denied by Order of August 8, 2017. By Order of September 21, 2017, I denied Mr. Askew's motion to reconsider the ruling on his § 2255 motions and motions asking for judgment by way of default.

Mr. Askew now requests that the court set an evidentiary hearing on his assertions of fraud on the court so that he can be "set free" and have his confiscated property returned to him. As to the merits of his motions, Mr. Askew asserts that the officer who entered his residence without a search warrant and which resulted in his arrest in his criminal case violated the Fourth Amendment, contrary to what the Presentence Investigation Report and the Government have represented, and that the Court used this fraudulent information in the Order denying his § 2255 motion.

I find that Mr. Askew's motions must be denied. I first note that Mr. Askew's amended § 2255 motion raised four claims for relief, each asserting that police officers violated his Fourth Amendment rights. (ECF No. 138 at 4-6.) Specifically, the motion contended that police officers were illegally present on his premises (claim one), illegally searched his vehicle and his residence (claim two), illegally entered his residence (claim three), and illegally obtained evidence during the course of the unconstitutional search and seizure (claim four). (*Id.*) In the Order of August 8, 2017, denying Mr. Askew's motion I found that his Fourth Amendment claims were not reviewable because he had a full and fair opportunity to litigate these claims at trial and on direct appeal. (ECF No. 149 at 4.) I also found that the claims were procedurally defaulted because Mr. Askew could have raised the claims on appeal but failed to do so. (*Id.* at 5-6.) Finally, even

reviewing the "pertinent facts" on the merits, I concluded that Mr. Askew did not suffer a Fourth Amendment violation. (*Id.* at 6.)

Mr. Askew's current motions challenge the Order denying the § 2255 motion by arguing that the court relied on improper information. As relief, he asks that the court produce the body of Leon Henderson Askew and the testimony of Deputy Thompson, "show cause" and "explain why [the court has] not corrected [itself] in this matter contrary to the law and against the United States constitution" (ECF No. 159 at 2), and issue a new ruling on his § 2255 motion. The motions are devoted to rearguing the Fourth Amendment issues he raised in his § 2255 motion. Accordingly, I find that Mr. Askew's motions are second or successive § 2255 motions which must be authorized by the Tenth Circuit. *See In Re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2006). Since nothing in the record shows that the Tenth Circuit has authorized Mr. Askew to proceed with such motions, the court lacks jurisdiction to consider them.

Moreover, while the motions allege fraud on the court, the motions are not Rule 60(b) motions because his allegations of government misconduct or fraud are not linked to the integrity of the § 2255 proceeding itself, but instead attack the integrity of his underlying trial and sentencing proceedings. *See United States v. Wardell*, 582 F. App'x 784, 785–86 (10th Cir. 2014) (unpublished). The government's "pertinent facts" in its § 2255 response that Mr. Askew attacks as fraudulent were derived directly from the government's sentencing memorandum and the search warrant affidavit. And I previously found that Mr. Askew "failed to demonstrate any inadequacies in the search warrants." (ECF No. 99 at 5.) As Mr. Askew's motions are merits-based attacked on his

underling conviction and sentence, they are second or successive § 2255 motion and not Rule 60(b) motions.

Finally, even if Mr. Askew's motions can be construed to pertain to "'a defect in the integrity of the federal habeas proceedings'" that would bring them under the rubric of Rule 60(b), *Woodberry v. McKune*, 172 F. App'x 848, 850 (10th Cir. 2006) (quotation omitted), the motions must be denied. Fraud must be pleaded with particularity. *Id.* (citing Fed.R.Civ.P. 9(b)) (other citation omitted). Mr. Askew's conclusory allegations that the government's "pertinent facts" in its § 2255 response are fraudulent and that he suffered a violation of his Fourth Amendment rights (*see* ECF Nos. 158 at 2; 159 at 2), do not satisfy this standard.

Accordingly, it is

ORDERED that Mr. Askew's "Motion to Introduce Fraud on this Court/Motion to Produce Testimony" filed September 29, 2017 (ECF No. 158), his "Motion for Order for this Court to Produce the Body of Leon Anderson Askew Before this Court and Show Cause to False Imprisonment" filed February 6, 2018 (ECF No. 159), and his "Motion for this Court to Enforce 19 U.S.C. § 1592 Penalties for Fraud, Negligence or Gross Negligence" (ECF No. 163) are **DENIED**.

Dated: May 15, 2018

                                                  BY THE COURT:

                                                  s/ Wiley Y. Daniel
                                                  Wiley Y. Daniel
                                                  Senior United States District Judge