**18-1277**

Leon Henderson Askew
#37987-013
FCI - Terre Haute
P.O. Box 33
Terre Haute, IN 47808

------------------------------------------------------------------------

------------------------------------------------------------------------



FILED
United States Court of Appeal:
Tenth Circuit

July 20, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPE**

**FOR THE TENTH CIRCUIT**

In re:  LEON HENDERSON ASKEW,

Movant.

(D.C. Nos.
1:11-CR-00184-WYD-1)
(D. Colo.)

**ORDER**

Before **LUCERO**, **KELLY**, and **HOLMES**, Circuit Judges.

Leon Henderson Askew, proceeding pro se, moves for authorization to file a

second or successive 28 U.S.C. § 2255 motion challenging his convictions for felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to

distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession

with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and

carrying or using a firearm during and in relation to a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1)(A).  We deny authorization.

Mr. Askew did not appeal from his conviction.  Instead, he filed a timely pro se

§ 2255 motion, later amended, which the district court denied.  The district court also

denied his motion for reconsideration of the denial.

Mr. Askew then filed a "Motion to Introduce Fraud on This Court/Motion to

Produce Testimony," *United States v. Askew*, No. 11-cr-00184-WYD, doc. 158 (D. Colo.

Sept. 29, 2017), a "Motion for Order for This Court to Produce the Body of Leon

Henderson Askew Before This Court and Show Cause to False Imprisonment,"
*id.* doc. 159 (Feb. 6, 2018), and a "Motion for This Court to Enforce 19 U.S.C. §1592
Penalties for Fraud, Negligence, or Gross Negligence," *id.* doc. 163 (Mar. 29, 2018). The
district court denied each of the motions, ruling that (1) they were second-or-successive
§ 2255 motions, and (2) even if they were not, he had failed to plead fraud with
particularity. Mr. Askew did not appeal from the denial.

A second or successive § 2255 motion cannot proceed in the district court without
first being authorized by this court. *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(3). We may
authorize a claim only if the prisoner makes a prima facie showing, *id.* § 2244(b)(3)(C),
that the motion contains (1) "newly discovered evidence that, if proven and viewed in
light of the evidence as a whole, would be sufficient to establish by clear and convincing
evidence that no reasonable factfinder would have found [him] guilty of the offense"; or
(2) "a new rule of constitutional law, made retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable," *id.* § 2255(h).

In his motion for authorization, Mr. Askew argues the government committed
fraud in its response to his amended § 2255 motion, by concealing facts that constituted a
Fourth Amendment violation. He further asserts that the district court relied on this fraud
in its order denying his § 2255 motion. It is not entirely clear from his motion whether
the "fraud on the court" he describes merely represents a "defect in the integrity of the
[§ 2255] proceeding," *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). If it
does, he does not require authorization to proceed, because a pleading raising such a
defect would not be a second or successive § 2255 motion. *See id.* To the extent

2

Mr. Askew seeks authorization to present such a claim, we deny authorization as unnecessary.

To the extent Mr. Askew seeks to assert or re-assert an attack on his underlying conviction in the guise of a "fraud on the court" claim, he must obtain authorization to do so. *See id.* at 1216 & n.4. But he has failed to satisfy the requirements for authorization under 28 U.S.C. § 2255(h). He fails to show that the allegedly concealed facts were newly discovered. Instead, he asserts that the facts were presented in the testimony at his trial. Mot. for Authorization at 8, 10. Although he makes vague assertions that the trial court failed to provide him with a transcript of this trial testimony, *see id.* at 9, 10, he does not assert that he was absent when the testimony was presented during his trial. He has failed to make a prima facie showing of "newly discovered evidence" that could warrant authorization. 28 U.S.C. § 2255(h)(1).

The motion for authorization is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

3



Leon Henderson Askew
37987-013
Federal Correctional Institute
P.O. Box 33
Terre Haute, IN 47808

RECEIVED
AUG 1 6 2018
By _____

INMATE
IDENTIFICATION
CONFIRMED

FEDERAL CORRECTIONAL COMPLEX
4700 BUREAU ROAD SOUTH
TERRE HAUTE, IN 47802
DATE: _____

The enclosed letter was processed through special mailing procedures for
forwarding to you. The letter has been neither opened nor inspected.
If the writer raises a question or problem over which this facility has
jurisdiction, you may wish to return the material for further information
or clarification. If the writer encloses correspondence to be forwarded
to another individual, please return to the above listed address.

United States District Court
District of Colorado
901 - 19th Street
Denver, CO 80294