**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 11-cr-00184-WYD
(Civil Case No. 16-cv-02590-WYD)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

LEON HENDERSON ASKEW,

    Defendant-Movant.

_____

**GOVERNMENT RESPONSE TO
"MOTION TO ENFORCE 19 U.S.C. § 1592" (ECF No. 169)**
_____

    Defendant Leon Henderson Askew's "Motion . . . to Enforce 19 U.S.C. § 1592 Penalties for Fraud, Negligence, or Gross Negligence" (ECF No. 169), is now before the Court.  This Court lacks jurisdiction to consider the motion.

    This is Askew's second motion to the Court under 19 U.S.C. § 1592 in which he alleges fraud, negligence, or gross negligence.  His first motion was filed on March 29, 2018.  *See* ECF No. 163.[1]  This Court found that Askew, by way of his motion, was rearguing the Fourth Amendment issues he raised in his § 2255 motion.  ECF No. 165 (*Order*) at 3.  It concluded that his first 19 U.S.C. § 1592 motion was a second or successive § 2255 motion which must be authorized by the Tenth Circuit.  *Id.*  Because

---

[1]    The Clerk's Office docketed Askew's first motion under 19 U.S.C. § 1592 as a reply to the Government's response to Askew's motions.  *See* ECF No. 163; *see also* ECF No. 165 (*Order*) at 1.

nothing in the record showed that the Tenth Circuit authorized Askew to proceed with his first 19 U.S.C. § 1592 motion, this Court determined that it lacked jurisdiction to consider the motion. *Id.*

The same holds true for his second motion. As with his first motion, he reargues the Fourth Amendment issues he raised in his § 2255 motion. *See* ECF No. 169. His second 19 U.S.C. § 1592 motion is therefore a second or successive § 2255 motion which must be authorized by the Tenth Circuit. *See In Re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2006). Because the record does not show that the Tenth Circuit has authorized Askew to proceed with this second 19 U.S.C. § 1592 motion, this Court lacks jurisdiction to consider it. *Id.*

Askew claims he has demonstrated "a defect in the integrity of the [§ 2255] proceedings," ECF No. 169 at 3, but he does not in fact attack the integrity of those proceedings. Rather, as with his first motion, his second motion attacks the integrity of his underlying trial and sentencing proceedings. *Id.* at 1-2. This Court found that Askew's first motion was a "merits-based attack[] on his underling conviction and sentence," and therefore the first motion was a second or successive § 2255 motion and not a Rule 60(b) motion. ECF No. 165 at 3-4 (citing *United States v. Wardell*, 582 F. App'x 784, 785–86 (10th Cir. 2014) (unpublished)). This Court should make the same finding as to Askew's second motion under 19 U.S.C. § 1592.

In sum, this Court lacks jurisdiction to consider Askew's second motion under 19 U.S.C. § 1592. The motion should be dismissed for lack of jurisdiction.

Respectfully submitted this 10th day of September, 2018.

>ROBERT C. TROYER
>United States Attorney
>
>*/s/ Michael C. Johnson*
>MICHAEL C. JOHNSON
>Assistant United States Attorney
>United States Attorney's Office
>1801 California Street, Suite 1600
>Denver, CO 80202
>Telephone: 303-454-0100
>E-mail:  michael.johnson2@usdoj.gov
>
>Attorneys for Plaintiff-Respondent United States of America

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 10, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, and will mail a copy of the foregoing, U.S. postage prepaid, to:

Leon Henderson Askew
BOP Reg. No. 37987-013
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Leavenworth, KS  66048

*s/ Amanda Bell*
Amanda Bell
United States Attorney's Office
