**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 11-cr-00184-WJM
(Civil Case No. 16-cv-02590-WJM)

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

LEON HENDERSON ASKEW,

      Defendant-Movant.

_____

**RESPONSE TO "MOTION FOR RETURN OF PROPERTY" (ECF No. 196)**
_____

In accordance with this court's orders (ECF Nos. 199, 202), the United States responds to defendant Leon Henderson Askew's "Motion for Return of Property" (ECF No. 196).  This court lacks jurisdiction to consider Askew's motion.  Even if this court possesses jurisdiction, the motion should be denied for several reasons.  First, Askew cannot use his post-conviction motion to collaterally challenge the circumstances surrounding the search and seizure.  Second, the information Askew claims was omitted from the search warrant affidavit was in fact included in that affidavit.  Third, the United States has never been in possession of the property Askew seeks to have returned to him.

**BACKGROUND**

Askew was charged in a four-count superseding indictment with "felon in possession of a firearm," possession with intent to distribute cocaine base, possession

with intent to distribute cocaine, and carrying or using a firearm during and in relation to a drug trafficking crime.  (ECF No. 34.)  In 2012, a jury found him guilty on all four counts.  (ECF Nos. 60, 103.)

Instead of filing a direct appeal, Askew timely filed a § 2255 motion.  In his amended motion he raised four claims for relief, alleging in each claim that police officers violated his Fourth Amendment rights.  (ECF No. 138 at 4-6.)  The government filed an opposition.  (ECF No. 143.)  This court denied the motion, ruling that Askew's Fourth Amendment claims were not reviewable and were procedurally defaulted because he had a full and fair opportunity to litigate these claims at trial and on direct appeal.  (ECF No. 149 at 4-6.)  This court also analyzed the pertinent facts and concluded that Askew did not suffer any Fourth Amendment violation.  (*Id.* at 6.)

Askew moved for leave to file a second or successive § 2255 motion, which the Tenth Circuit denied.  *See In re: Leon Henderson Askew*, No. 18-1277, Doc. 010110026205 (10th Cir. July 20, 2018).

Askew then filed a request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), claiming there is a "fraudulent document … in the form of a search warrant affidavit."  (ECF No. 178.)  This court denied the request, ruling that Askew had not made a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit" as required by *Franks.*  (ECF No. 180).  Askew filed a second motion for a *Franks* hearing, but again failed to make any showing that a false statement was included in the affidavit.  (ECF No. 187)  This court denied that motion as well.  (ECF

No. 188.)  Askew appealed, and the matter is now before the Tenth Circuit.  *See United States v. Askew*, No. 19-1453.

Askew's Motion for Return of Property is now before this court.  (ECF No. 196.) He does not identify the jurisdictional basis for his motion.  (*Id.*)  It appears that Askew's motion is brought pursuant to Fed. R. Crim. P. 41(g), which allows for a motion to return property by "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property."[1]  Askew claims he is aggrieved by an unlawful search and seizure, as he argues that "[t]he search warrant affidavit contains knowing or reckless omissions…."  (ECF No. 196 at 1.)  He claims this constituted a *Franks* violation, and that as a consequence "all evidence obtained was the product of an illegal search (4th amendment violation), and, must be returned."  (*Id.* at 1-2.)  Askew recognizes, however, that this issue is now on appeal to the Tenth Circuit and asks that this court delay a ruling on his motion until after the circuit rules on his appeal.  (*Id.*)

---

[1]     Rule 41 was amended in 2002 as part of the general restyling of the Federal Rules of Criminal Procedure.  What was formerly Rule 41(e) is now Rule 41(g), with only stylistic changes.  *United States v. Copeman*, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006). "Rule 41( [g] ) is an equitable remedy, ... available to [the movant] only if he can show irreparable harm and an inadequate remedy at law."  *Clymore v. United States,* 164 F.3d 569, 571 (10th Cir. 1999).  As a general rule, "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated."  *United States v. Rodriguez–Aguirre,* 264 F.3d 1195, 1212 (10th Cir. 2001) (internal quotation marks omitted).

**ARGUMENT**

**I.     This Court Lacks Jurisdiction to Consider Askew's Motion**

This court lacks jurisdiction to consider Askew's Motion for Return of Property,
because he has timely appealed to the Tenth Circuit.  "The filing of a timely and
sufficient notice of appeal has the effect of immediately transferring jurisdiction from the
district court to the court of appeals with respect to any matters involved in the appeal.
It divests the district court of authority to proceed further with respect to such matters,
except in aid of the appeal, or to correct clerical mistakes…, or in aid of execution of a
judgment that has not been superseded, until the district court receives the mandate of
the court of appeals."  *Int'l Paper Co. v. Whitson,* 595 F.2d 559, 561-62 (10th Cir. 1979)
(citation omitted).  *See also W.N.J. v. Yocom*, 257 F.3d 1171, 1172-73 (10th Cir. 2001)
(citing *Int'l Paper Co.*).  It is indisputable that the Motion for Return of Property raises a
matter that is directly involved in Askew's appeal, namely, his claim that the search
warrant affidavit contains knowing or reckless omissions in violation of *Franks.*  It is also
beyond dispute that the Motion for Return of Property is not "in aid" of Askew's appeal,
does not seek to correct a clerical mistake, and is not in aid of execution of a judgment.
This court is therefore divested of authority to proceed further with the Motion for Return
of Property until this court receives the mandate of the court of appeals.  *Int'l Paper Co.*,
595 F.2d at 561-62; *see also Yocom*, 257 F.3d at 1172-73.

Notably, Askew does not ask this court to rule at this time on his motion.  (ECF
No. 196 at 1.)  Rather, he requests that this court hold off on ruling on the motion until

after the Tenth Circuit has ruled on his appeal.  (*Id.*)  Thus, he appears to concede at a

minimum that his motion is not ripe for adjudication at this time.

## II.    Even If This Court Possesses Jurisdiction, the Motion Should Be Denied

Even if this court possesses jurisdiction and determines that Askew's Motion for

Return of Property is ripe for adjudication, the motion should be denied for several

reasons.  First, Askew cannot use his motion to collaterally challenge the search

warrant affidavit.  *See United States v. Penry*, 515 F. App'x 784, 789 (10th Cir. 2013)

(unpublished) (holding post-conviction Rule 41(g) motion cannot be used to collaterally

challenge circumstances surrounding search and seizure).

Second, nothing in the record suggests the search and seizure at issue were

illegal.  Askew argues that the motion should be granted because the search warrant

affidavit contains knowing or reckless omissions in violation of *Franks*.  (ECF No. 196.)

But this court has already denied, *twice*, his motions contending that the search warrant

affidavit contained knowing or reckless omissions.  (ECF Nos. 180, 188.)  Nothing in

Askew's Motion for Return of Property suggests that this court erred in denying his

earlier motions alleging *Franks* violations.

Indeed, the record supports this court's earlier rulings.  As noted, Askew alleges

in his Motion for Return of Property a *Franks* violation for not including certain

information in the search warrant affidavit.  In particular, he contends Detective

Thompson testified at trial that "he entered my residence to retrieve my dog remaining

inside for up to 40 minutes, even exchanging officers at some point … before a search

warrant was issued" (ECF No. 196 at 1), but argues these facts were omitted from the

5

affidavit  (*Id.*)  They were not omitted from the affidavit.  In the search warrant affidavit

prepared and signed by Deputy Thompson of the El Paso County Sheriff's Office,

Deputy Thompson, in pertinent part:

- • Deputy Thompson went to room 439.  A man answered the door.
    Deputy Thompson detected the smell of marijuana coming from the
    room.  The man fled from the room and was apprehended in a parking
    lot.  The man was later identified as Askew.

- • Deputy Thompson "return[ed]" to the room to "secure the scene," found
    a dog in the room, and called for the Humane Society to retrieve the
    dog.

- • While waiting in room 439 for the arrival of the Humane Society,
    another deputy observed a plastic baggie containing several "rocks" of
    suspected narcotics.  The baggie was in plain sight on the bed nearest
    the bathroom, near the pillow at the head of the bed.

- • Deputy Thompson then completed his affidavit for a search warrant.

(ECF No. 86-1 at 3.)

Accordingly, Askew's *Franks* claim is baseless.  The search warrant affidavit

contains the facts Askew alleges were omitted.

Third, the United States has never been in possession of the property Askew

seeks to have returned to him.  In his motion, Askew seeks the following property:

| ITEM | VALUE (as claimed by Askew) |
|---|---|
| a. Confiscated cash with interest | value unknown |
| b. Van Pontiac Montana 2000 | $  5,500 |
| c. Jewelry | $ 10,000 |
| d. Electronics | $  5,000 |
| e. Football career and equipment | $ 20,000 |
| f.  Dog | $  1,000 |
| g. Bike | $  1,000 |
| h. Miscellaneous | $ 30,000 |
|     i.   Sacred family items | |

      ii.     Clothes
      iii.    Resumes
      iv.    Cooking ware
      v.     Personal training equipment
      vi.    Antique pictures
      vii.   Camping equipment
      viii.  Business plans
      ix.    Self-help books
      x.     Bible (religious items)
      xi.    Home video footage
      xii.   DVDs

(ECF No. 196 at 3.)

None of these items were forfeited to the United States. *See* attached declaration of Asst. U.S. Attorney Tonya Andrews at ¶¶ 2-5. Indeed, the United States never brought a forfeiture action to obtain any of Askew's property. *Id.*

Nor were any of the items listed in Askew's motion ever placed in the custody of the United States or its designees. *Id.* at ¶¶ 6-11. During the search of Askew's motel room at the Days Inn Motel on April 1, 2011, sheriff's deputies with the El Paso County Sheriff's Office seized a number of items from his room. But even then, the only item identified as seized from the motel room that is also included in Askew's Motion for Return of Property is $1,350.00 in U.S. Currency. *Id.* at ¶ 6.[2] Askew's 2000 Pontiac van is also listed on his Motion for Return of Property, but that van was taken into custody by state and local law enforcement. *Id.* at ¶ 8. The government has since

---

[2]    As noted in Ms. Andrews' declaration, the currency, "specifically $1,341.00," is currently being held by the Colorado Springs Police Department. *Id.* at ¶ 8. "The United States has authorized the release of those funds, which were being held as evidence pending appeals." *Id.* Accordingly, Askew may wish to ask the Colorado Springs Police Department for the currency.

learned that the 2000 Pontiac Van was sold at auction by El Paso County. *Id.* Askew also listed his dog in his Motion for Return of Property, but apparently the Humane Society retrieved the dog. *Id.* at ¶ 9.

Because the property Askew seeks in his motion was never in the possession of the United States, the motion should be denied. *See Copeman*, 458 F.3d at 1072 (property seized and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution) (citing *Clymore*, 164 F.3d at 571); *United States v. Brown*, 2007 WL 1888370, at *1 (N.D. Okla. 2007) (unpublished) (Rule 41(g) only addresses the return of property in the possession of the federal government).

In short, Askew's motion should be denied even if it is reviewed on the merits.

## CONCLUSION

This court lacks jurisdiction to consider Defendant Leon Henderson Askew's Motion for Return of Property. Even on the merits, Askew's motion should be denied.

The government notes that the Tenth Circuit's ruling on Askew's pending appeal may alter the procedural or substantive posture of this case. Accordingly, the government may move for leave to supplement this Response once the Tenth Circuit renders its decision.

Respectfully submitted this 15th day of June, 2020.

JASON R. DUNN
United States Attorney

*/s/ Michael C. Johnson*
MICHAEL C. JOHNSON
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO  80202
Telephone:  (303) 454-0100
E-mail:  michael.johnson2@usdoj.gov

Attorneys for Plaintiff-Respondent
United States of America

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/Colorado)**

I hereby certify that on June 15, 2020, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system. I also certify that a copy

will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Leon Henderson Askew
Reg. No. 37987-013
FCI Inmate Mail/Parcels P.O. Box 5000
Bruceton Mills, WV 26525

/s/Erin Prall
ERIN PRALL
U.S. Attorney's Office

10