Declaration of Tonya S. Andrews

I, Tonya S. Andrews, declare under penalty of perjury:

1. I am an Assistant United States Attorney, and Chief of the Asset Recovery Division for the District of Colorado. I have been an Assistant United States Attorney, practicing Asset Forfeiture, for over 15 years.

2. I have reviewed the pleadings in *United States v. Leon Henderson Askew*, 11-cr-00184-WJM, and can confirm that there was no criminal forfeiture of any assets in this case.

3. I have also searched the Consolidated Asset Tracking System for any assets that were seized and federally pursued for forfeiture from defendant Leon Askew, including administrative, civil, or criminal forfeiture. The Consolidated Asset Tracking System is a database of all assets that are taken into federal custody by the Department of Justice for which forfeiture proceedings are initiated. I searched for all assets seized from "Leon Henderson Askew" and found no results. I also searched for all assets seized from April 1, 2011 (the date of the search of the defendant's hotel room in this case) to May 15, 2011 and initiated by the Bureau of Alcohol, Tobacco, Firearms and Explosives (the federal agency involved in the defendant's criminal case) and found no results of assets seized in relation to the defendant's case.

4. I also contacted a Forfeiture Paralegal Specialist at ATF, who confirmed that ATF had not initiated forfeiture of any assets seized from defendant Leon Askew.

5. Accordingly, I conclude that no assets identified by defendant in his Motion for Return of Property (ECF #196) were forfeited by the United States.

6. I also reviewed the Report of Execution of Search Warrant for the defendant's hotel room in EPSO Case #11-4040. (Bates Doc. 00092). The only item identified as seized by local law enforcement on the Report of Execution of Search Warrant that is also included in the defendant's Motion for Return of Property is $1,350.00 in U.S. Currency. No other assets identified by the defendant in his Motion for

Return of Property was also identified as seized on this list as having been seized by local law enforcement as part of the execution of the search of his hotel room.

7. I also reviewed an Application and Affidavit for Search Warrant for the defendant's 2000 Pontiac Van (Bates Doc. 00094-96). The Application and Affidavit noted that the 2000 Pontiac Van was being maintained at the El Paso County Sheriff's Office Evidence Enclosure.

8. I further contacted the case agent and confirmed that the seized currency and 2000 Pontiac Van were taken into custody by state and local law enforcement and were never placed in the custody of the United States. I learned that the currency, specifically $1,341.00, is cuurently being held by the Colorado Springs Police Department. The United States has authorized the release of those funds, which were being held as evidence pending appeals. I also learned that the 2000 Pontiac Van was sold at auction by El Paso County.

9. Further, in Attachment A to the Application and Affidavit for the defendant's 2000 Pontiac Van, Deputy A. Thompson, a Deputy Sheriff with the County of El Paso, noted that he had contacted the Humane Society to retrieve the dog located in the defendant's hotel room. (Bates Doc. 00094-96).

10. In light of the above, it appears that neither the cash or the 2000 Pontiac Van identified by the defendant in his Motion for Return of Property were taken into federal custody by the United States or its designees.

11. A review of the case file further indicates that no other assets identified by the defendant in his Motion for Return of Property were, in fact, ever seized by state, local, or federal law enforcement, including: Jewelry, Electronics, Football career and equipment, Dog, Bike, and Miscellaneous (Sacred family items, clothes, resumes, cooking ware, personal training equipment, antique pictures, camping equipment, business plans, self-help books, Bible (religious items), Home video footage, DVDs. This conclusion is further supported by the fact that the identified items to be seized pursuant to the search warrants executed in this case for the defendant's hotel room (Bates Doc. 00091) and vehicle (Bates

2

Doc. 00097), did not include such personal items to be seized for evidentiary value; and the Reports of Executions from these Search Warrants (Bates Docs. 00092 and 00098) did not identify such items as being seized.

Dated: 6/16/2020

*Tonya Andrews*
Tonya S. Andrews
Assistant U.S. Attorney
Chief, Asset Recovery Division