**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 17, 2020**

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEON HENDERSON ASKEW,

Defendant - Appellant.

No. 19-1453
(D.C. No.1:11-CR-00184-WJM-1)
(D. Colo.)

_____

**ORDER**[*]

_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

After a conviction on drug-and-gun charges,[1] Mr. Leon Askew unsuccessfully moved to vacate his sentence. He then filed two requests for a "*Franks* hearing," which is a hearing on the veracity of an affidavit submitted in order to obtain a warrant. *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997). The district court denied both requests, and Mr. Askew wants to appeal the second denial of a *Franks* hearing.

---

[*] This order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] *See* 18 U.S.C. § 922(g)(i), § 924(c)(1)(A); 21 U.S.C. § 841(a)(1), (b)(1)(C).

To appeal, Mr. Askew needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). We can issue the certificate only if Mr. Askew's appellate argument is reasonably debatable. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

In our view, Mr. Askew fails to satisfy this standard. He argues that the district court should have granted his second request for a *Franks* hearing. If this argument is proven, it could support vacatur of the sentence under 28 U.S.C. § 2255. But Mr. Askew has already filed a § 2255 motion and obtained a ruling on the merits. So any new § 2255 motion would be second or successive, and the district court would lack jurisdiction in the absence of authorization to file a second-or-successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Askew hasn't stated any grounds for authorization. 28 U.S.C. § 2255(h). So his appellate argument isn't reasonably debatable and we can't issue a certificate of appealability. Given the absence of a certificate of appealability, we dismiss the appeal. 28 U.S.C. § 2253(c)(1)(B).[2]

                                Entered for the Court


                                Robert E. Bacharach
                                Circuit Judge

---

[2] We grant leave to proceed in forma pauperis.