FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2020

JEFFREY P. COLWELL
CLERK

Pg. 1 of 2

USA V. Askew
Case No. 11-cr-184-WJM
on page 1 appellate no. 19-1453
a mandate date order was issued
from 10th circuit on July 17, 2020. The order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be for it's persuasive value if appropriate.

**Motion for Immediate Release Under 19 USC 1592.**

The governments "Pertinent Facts" showing there were no fourth amendment violation are wholly inconsistent in two (2) documents namely ECF No.161 and NOTICE OF ERRATA RE: ECF NO 203

OMITTED FACTS: while waiting in Room 439 for the arrival of the Humane society another deputy observed a plastic baggie containing several "rocks" of suspected narcotics. The baggie was in plain sight on the bed nearest the bathroom, near the pillow at the head of the bed.

These facts shows an illegal entry and was omitted from ECF No.161 on pg. 3 at "Pertinent Facts." and Absent of exigent circumstances U.S. V. Martinez, 643 F.3d 1292 (10th Cir. 2011)

Then later identified in ECF No. 203 on pg. 6 at Deputy Thompson, in Pertinent Part:

Under 19 USC § 1592 penalties for fraud, negligence, or gross negligence.
(a) Prohibition- No person, by fraud, gross negligence or negligence may enter any

pg. 2 of 2

document oral statement or act which is material and false. Kingsdown Med Consultants, Ltd v. Hollister Inc. 863 F.2d 867, 872 (Fed Cir. 1988) en banc to overrule precedent that stated "gross negligence" mandates a finding of deceptive intent.

See also Negligence US v. Hitachi America LTD 172 F.3d 1319 (Fed Cir. 1999) "The government alleged that all of the statements made negligently, and in the alternative the statements were made fraudulently or with gross negligence."

### Conclusion

The removal of these facts from ECF No. 161 was material but for it the court can conclude a 4th amendment violation as set forth in ECF No. 203 at "Pertinent Facts".

There is an immediate release warranted as there ECF No. 161 is prohibited from entering the record and there is no further evidence outside of the "gathered from" illegal entry.

Under 19 U.S.C. 1592 I move this honorable court for immediate release.

The court must assess omitt facts in the light. Stewart V. Donges, 915 F.2d 572, 582-83 (10th Cir. 1990)

### Certificate of Service

I certify that a true and correct copy was mailed to

United States District Court
901-19th St.
Denver, CO 80294

Respectfully submitted

/s/ Leon H. Ce

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

July 17, 2020

Jane K. Castro
Chief Deputy Clerk

Mr. Jeffrey P. Colwell
United States District Court for the District of Colorado
Office of the Clerk
Alfred A. Arraj U.S. Courthouse
901 19th Street
Denver, CO 80294-3589


Mr. Leon Henderson Askew
FCI - Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
#37987-013


Mr. Michael Conrad Johnson
Office of the United States Attorney
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202


RE:    **19-1453, United States v. Askew**
       Dist/Ag docket: 1:11-CR-00184-WJM-1

Dear Clerk, Appellant, and Counsel:

Please be advised that the court issued an order today dismissing this case.

In addition, pursuant to Federal Rule of Appellate Procedure 41, the Tenth Circuit's mandate issued today, and the court's judgment takes effect.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

CMW/at

2

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FILED
United States Court of Appeals
Tenth Circuit

July 17, 2020

Christopher M. Wolpert
Clerk of Court

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEON HENDERSON ASKEW,

    Defendant - Appellant.

No. 19-1453
(D.C. No.1:11-CR-00184-WJM-1)
(D. Colo.)

---

### ORDER*

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

After a conviction on drug-and-gun charges,[1] Mr. Leon Askew unsuccessfully moved to vacate his sentence. He then filed two requests for a "*Franks* hearing," which is a hearing on the veracity of an affidavit submitted in order to obtain a warrant. *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997). The district court denied both requests, and Mr. Askew wants to appeal the second denial of a *Franks* hearing.

---

\*   This order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1]   *See* 18 U.S.C. § 922(g)(i), § 924(c)(1)(A); 21 U.S.C. § 841(a)(1), (b)(1)(C).

To appeal, Mr. Askew needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). We can issue the certificate only if Mr. Askew's appellate argument is reasonably debatable. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

In our view, Mr. Askew fails to satisfy this standard. He argues that the district court should have granted his second request for a *Franks* hearing. If this argument is proven, it could support vacatur of the sentence under 28 U.S.C. § 2255. But Mr. Askew has already filed a § 2255 motion and obtained a ruling on the merits. So any new § 2255 motion would be second or successive, and the district court would lack jurisdiction in the absence of authorization to file a second-or-successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Askew hasn't stated any grounds for authorization. 28 U.S.C. § 2255(h). So his appellate argument isn't reasonably debatable and we can't issue a certificate of appealability. Given the absence of a certificate of appealability, we dismiss the appeal. 28 U.S.C. § 2253(c)(1)(B).[2]

                          Entered for the Court

                          Robert E. Bacharach
                          Circuit Judge

---

[2] We grant leave to proceed in forma pauperis.

2

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

July 17, 2020

Christopher M. Wolpert
Clerk of Court

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEON HENDERSON ASKEW,

Defendant - Appellant.

No. 19-1453
(D.C. No. 1:11-CR-00184-WJM-1)
(D. Colo.)

---

### ORDER

---

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

This matter is before the court on appellant's Motion for Immediate Release Under 19 U.S.C. § 1592. In light of the contemporaneous dismissal of the appeal, the Motion for Immediate Release Under 19 U.S.C. § 1592 is dismissed as moot.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

