**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 11-cr-00184-WJM
(Civil Case No. 16-cv-02590-WJM)

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

LEON HENDERSON ASKEW,

      Defendant-Movant.
_____

**GOVERNMENT RESPONSE TO "MOTION FOR IMMEDIATE RELEASE
UNDER 19 U.S.C. § 1592" (ECF No. 207)**
_____

      Pursuant to this court's order (ECF No. 208), the United States responds to

defendant Leon Henderson Askew's "Motion for Immediate Release under 19 U.S.C.

§ 1592."  (ECF No. 207).  This is Askew's third motion under 19 U.S.C. § 1592.  This

court concluded that his first two motions constituted unauthorized second or

successive motions under 28 U.S.C. § 2255, and, as a consequence, this court lacked

jurisdiction over them.  The court should reach that same conclusion as to Askew's

present motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

      **A.**    **Askew is Convicted**

      Askew was charged in a four-count superseding indictment with felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to

distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession

with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and carrying or using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 34.)  A jury found him guilty on all four counts. (ECF Nos. 60, 103.)  Instead of filing a direct appeal, Askew timely filed a § 2255 motion.  (ECF No. 108.)

**B.**    **Askew Moves for a New Trial; This Court Denies His Motion**

After his conviction, Askew moved for a new trial.  (ECF No. 86.)  He argued that police officers illegally entered his room at the Days Inn, visually searched the room, and then used information obtained during that search to prepare the affidavit for a search warrant.  (ECF No. 86 at 2-3, ¶ 9 (citing ECF No. 86-1 at 3 (Exhibit A at 3)).)

This court denied Askew's motion for a new trial, concluding, "[t]o the extent that Mr. Askew challenges the affidavits of the search warrants that the Government relied on at trial as the basis for a motion for new trial, his argument also fails."  (ECF No. 99 at 5.)  It noted that "[w]hen determining whether a search warrant is supported by probable cause, considerable deference is given to the initial determination of probable cause made by the magistrate or judge who issued the warrant."  (*Id.* (citation omitted).) In denying the motion, this court ruled that Askew "has failed to demonstrate any inadequacies in the search warrants that would require a new trial in the interest of justice."  (*Id.*)

### C.     Askew Moves for Relief Under 28 U.S.C. § 2255

Askew then raised four claims for relief in his amended § 2255 motion.  (ECF No. 138 at 4-6.)  In each claim, he alleged that police officers violated his Fourth Amendment rights because they:

- were illegally present on his premises (claim one),

- illegally searched his vehicle and his residence (claim two),

- illegally entered his residence (claim three), and

- illegally obtained evidence during the course of the unconstitutional search and seizure (claim four).

(*Id.*)

### D.     The Government Opposes Askew's Amended § 2255 Motion

The government argued that Askew's amended § 2255 motion should be denied. (ECF No. 143 at 4, 5-8.)  First, it asserted that his claims were all Fourth Amendment claims and therefore not cognizable in a § 2255 motion.  (*Id.*)  Second, it asserted that all four claims rested on arguments Askew could have raised on direct appeal; but because he did not file an appeal, the arguments were procedurally defaulted.  (*Id.*) Finally, the government asserted that, even if the court considered the merits of Askew's amended motion, the record showed that Askew's Fourth Amendment rights were not violated.  (Id.)

### E.     This Court Denies Askew's Amended § 2255 Motion

On August 8, 2017, this court denied Askew's amended § 2255 motion, ruling that his Fourth Amendment claims were not reviewable because Askew had a full and fair opportunity to litigate these claims at trial and on direct appeal.  (ECF No. 149 at 4.)

The court also found that the claims were procedurally defaulted because Askew could have raised them on appeal but failed to do so.  (*Id.* at 5-6.)  Finally, the court analyzed the "pertinent facts" and concluded that Askew did not suffer a Fourth Amendment violation.  (*Id.* at 6.)  Accordingly, the court found no reason to hold a hearing on Askew's amended motion.  (*Id.* at 7.)

### F.    This Court Denies Askew's First Two Motions Under 19 U.S.C. § 1592

After this court denied Askew's amended § 2255 motion, he sought relief via 19 U.S.C. § 1592.  Askew filed his first § 1592 motion on March 29, 2018.  (ECF No. 163.[1]) This court found that Askew's motion merely reargued the Fourth Amendment issues he had raised in his amended § 2255 motion.  (ECF No. 165 at 3.)  It concluded that Askew's first § 1592 motion was a second or successive § 2255 motion and required authorization by the Tenth Circuit.  *Id.*  Because the circuit court had not authorized Askew to proceed with his first § 1592 motion, this court determined it lacked jurisdiction to consider it. *Id.*

His second motion was filed on August 27, 2018.  (ECF No. 169.)  Again, Askew reargued the Fourth Amendment issues he raised in his amended § 2255 motion.  *Id.* This court found that his second motion was also a second or successive § 2255 motion, and because the Tenth Circuit had not authorized the second motion, this court lacked jurisdiction to consider it.  (ECF No. 171.)

---

[1]  The Clerk's Office docketed Askew's first motion under 19 U.S.C. § 1592 as a reply to the Government's response to Askew's motions.  *See* ECF No. 163; *see also* ECF No. 165 at 1.

### G.   Askew's Current 19 U.S.C. § 1592 Motion

In his present motion, Askew alleges that "the government's 'pertinent facts' showing there were no Fourth Amendment violation[s]" are "inconsistent in two documents, namely ECF No. 161 and ECF No. 204 (entitled "Notice of Errata re: ECF No. 203").  (ECF No. 207 at 1.)  He sets forth the following "omitted facts":

> While waiting in room 439 for the arrival of the Humane Society another deputy observed a plastic baggie containing several "rocks" of suspected narcotics.  The baggie was in plain sight on the bed nearest the bathroom, near the pillow at the head of the bed.

(ECF No. 207 at 1.)  Askew does not explain, however, how ECF No. 161 and ECF No. 204 are inconsistent.

Askew argues that these omitted facts "show[ ] an illegal entry" and complains that the facts were omitted from ECF No. 161 at page 3.[2]  (ECF No. 207 at 1.)  He concludes that "[t]he removal of these facts from ECF No. 161 was material" and that, "but for it," this court can conclude his Fourth Amendment rights were violated "as set forth in ECF No. 203 at 'Pertinent Facts.'"  (ECF No. 207 at 2.)

Askew contends his "immediate release" is warranted as relief.  (*Id.*)  He bases this on his allegation that "ECF No. 161 is prohibited from entering the record," and on his allegation that the only evidence against him was illegally gathered when law enforcement illegally entered his motel room.  (*Id.*)

---

[2]  ECF No. 161 is the government's opposition to Askew's "Motion to Introduce Fraud" (ECF No. 158) and opposition to Askew's motion to "Produce the Body" (ECF No. 159).  This court denied these two motions.  (ECF No. 165.)  The government filed ECF No. 161 after this court had already denied Askew's amended § 2255 motion.  (*See* ECF No. 149.)

## ARGUMENT

**I.     Askew's Motion under 19 U.S.C. § 1592 is an Unauthorized Second or Successive § 2255 Motion, and Therefore This Court Lacks Jurisdiction to Consider It**

As with Askew's first two motions under § 1592, his third motion should be

treated as a § 2255 motion.  "It is the relief sought, not his pleading's title, that

determines whether the pleading is a § 2255 motion."  *United States v. Nelson*, 465

F.3d 1145, 1149 (10th Cir. 2006).  If the pleading "seeks relief from the conviction or

sentence," it should be treated as a successive § 2255 application.  *Id.* at 1147.  "On the

other hand, if the pleading only attacks, not the substance of the federal court's

resolution of a claim on the merits, but some defect in the integrity of the federal habeas

proceedings, then it is not advancing a new claim and should not be characterized as a

successive petition."  *Id.* (internal quotation marks and citation omitted).

It cannot reasonably be disputed that Askew's motion seeks relief from his

conviction.  He claims law enforcement officers illegally entered his residence.  (ECF

No. 207 at 1.)  But this is the same Fourth Amendment issue he raised in his amended

§ 2255 motion, where he claimed that police officers illegally entered his residence and

illegally obtained evidence during the course of the unconstitutional search and seizure.

(ECF No. 138 at 4-6.)  These arguments have already been rejected by this court.  (*See*

ECF Nos. 99, 149.)

Although Askew complains that certain facts were omitted by the government in

ECF No. 161—the government's response to Askew's motion to introduce fraud and

motion to produce the body—he does not allege government misconduct or fraud.

6

(ECF No. 207.)  Nor does he allege some defect in the integrity of the § 2255 proceeding.  Rather, he attacks the integrity of his underlying trial and sentencing proceedings.  He argues that certain allegedly omitted facts "show[ ] an illegal entry" (ECF No. 207 at 1), and he contends that this court can conclude his Fourth Amendment rights were violated.  (*Id.* at 1, 2.)  Askew's motion is therefore a second or successive § 2255 motion.

Nothing in the record shows that the Tenth Circuit has authorized Askew to proceed with such a motion.  Accordingly, this court lacks jurisdiction to consider it.  *See In Re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2006) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." (quotation omitted)).

But even if Askew's present motion could be construed to pertain to "a defect in the integrity of the federal habeas proceedings," that would bring the motion under the rubric of Fed. R. Civ. P. 60(b).  *Woodberry v. McKune*, 172 F. App'x 848, 850 (10th Cir. 2006) (unpublished) (quotation omitted).  Fraud must be pleaded with particularity.  *Id.* (citing Fed. R. Civ. P. 9(b)) (other citation omitted).  Askew's conclusory allegation that the government omitted certain "pertinent facts" in the government's response to Askew's motion to introduce fraud and motion to "produce the body" (ECF No. 161), and his conclusory allegation that ECF No. 161 is somehow inconsistent with the

government's "Notice of Errata re: ECF No. 203" (ECF No. 204),[3] do not satisfy this standard.

Moreover, Askew's allegations are meritless.  He claims the following facts were omitted from ECF No. 161, that is, the government's "Response to 'Motion to Introduce Fraud' (ECF NO. 158) and Motion 'to Produce the Body of' Defendant (ECF No. 159)":

> While waiting in room 439 for the arrival of the Humane Society another deputy observed a plastic baggie containing several "rocks" of suspected narcotics.  The baggie was in plain sight on the bed nearest the bathroom, near the pillow at the head of the bed.

(ECF No. 207 at 1.)  According to Askew, "[t]he removal of these facts from ECF No. 161 was material" and that, "but for it," this court can conclude his Fourth Amendment rights were violated.  (*Id.* at 2.)

Any omission was not material.  The government was responding in ECF No. 161 to ECF No. 158 and ECF No. 159.  The particular facts that Askew complains about-- because they were not included in ECF No. 161--were not necessary to be included in ECF No. 161 in order for the government to respond to Askew's two motions.  Indeed, this court denied both ECF No. 158 and ECF No. 159 following the government's filing of its response.  (*See* ECF No. 165.)

---

[3]  In the government's Notice of Errata, it noted two typographical errors in its "Response to Motion for Return of Property" (ECF No. 203).  It pointed out that the declaration attached to the response inadvertently listed the name "Leon Hernandez Askew" instead of the name "Leon Henderson Askew."  It also noted that it unintentionally omitted the word "stated" on one page of the motion.  (*See* ECF No. 204.)

More important, the allegedly omitted facts did not show an illegal entry. *These facts were not omitted* from Deputy A. Thompson's affidavit in support of the search warrant. (*See* ECF No. 86-1 at 3.) In his affidavit, Deputy Thompson stated:

> While waiting in room #439 for the arrival of the Humane Society, Deputy Hoffmann observed a plastic baggie containing several "rocks" of suspected narcotics. The baggie was in plain sight on the bed nearest the bathroom, near the pillow at the head of the bed.

*Id.* Thus, the state court judge who reviewed the search warrant application was apprised of these facts, and the judge was able to take them into consideration in determining whether to issue the search warrant. (ECF No. 86-1.)

In sum, this court lacks jurisdiction to consider Askew's motion because it is an unauthorized second or successive § 2255 motion. Even if his motion could be construed to pertain to a defect in the integrity of his § 2255 proceedings, he has failed to plead fraud with particularity. Finally, the allegedly omitted facts were not omitted from the affidavit in support of the search warrant, and thus even if this court reviews Askew's motion on the merits, it is baseless.

## II.     Regardless of Whether Askew's Motion is a Second or Successive § 2255 Motion, His Claim Under 19 U.S.C. § 1592 is Frivolous and Therefore This Matter Should be Dismissed and Closed

Section 1592 of Title 19 of the U.S. Code is entitled "Penalties for fraud, gross negligence, and negligence." The statute is contained in Part V, "Enforcement Provisions," of the Tariff Act of 1930. It provides, in pertinent part:

(a) Prohibition

(1) General rule

>       Without regard to whether the United States is or may be deprived of
>       all or a portion of any lawful duty, tax, or fee thereby, no person, by
>       fraud, gross negligence, or negligence--
>
>           (A) may enter, introduce, or attempt to enter or introduce any
>           merchandise into the commerce of the United States by means of--
>
>               (i) any document or electronically transmitted data or
>               information, written or oral statement, or act which is material
>               and false, or
>
>               (ii) any omission which is material, or
>
>           (B) may aid or abet any other person to violate subparagraph (A).

19 U.S.C. § 1592(a).

But Askew's criminal case does not concern introduction of "merchandise

into the commerce of the United States" through a "document or electronically

transmitted data" that is "material and false."  Rather, he was convicted of gun

charges in violation of 18 U.S.C. §§ 922 and 924, and drug charges in violation of

21 U.S.C. § 841.

This court may dismiss this matter sua sponte if it is "satisfied that the

action is frivolous or malicious."  28 U.S.C. § 1915(e)(2).  The purpose of

§ 1915(e)(2)—formerly § 1915(d)—is "to discourage the filing of, and waste of

judicial and private resources upon, baseless lawsuits that paying litigants

generally do not initiate . . . ."  *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

This matter originated as a motion under § 2255, but that motion was resolved

more than three years ago.  Since then, Askew's matter has morphed and is now solely

a claim under § 1592.  Section 1915(e)(2) authorizes dismissal of "a claim based on an

indisputably meritless legal theory."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.

1991) (quoting *Neitzke,* 490 U.S. at 327).  Askew's 19 U.S.C. § 1592 claim is based on an indisputably meritless legal theory.  This case should be dismissed and closed.

## CONCLUSION

Because defendant Leon Henderson Askew's motion should be regarded as a second or successive § 2255 motion, this court lacks jurisdiction to consider it.  And because Askew's claim under § 1592 is frivolous, this case should be dismissed and closed.

Respectfully submitted this 17th day of August, 2020.

JASON R. DUNN
United States Attorney

*/s/ Michael C. Johnson*
MICHAEL C. JOHNSON
Assistant United States Attorney
United States Attorney's Office
1801 California Street
Suite 1600
Denver, CO  80202
Telephone:  (303) 454-0100
E-mail:  michael.johnson2@usdoj.gov

Attorneys for Plaintiff-Respondent
United States of America

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August 17, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system.  I also hereby certify that I placed a copy of the foregoing in the U.S. Mail, postage prepaid, and addressed the envelope to:

Leon Henderson Askew
BOP Reg. No. 37987-013
FCI Hazelton
P.O. Box 5000
1640 Sky View Drive
Bruceton Mills, WV  26525

*s/ Erin Prall*
Erin Prall
United States Attorney's Office