IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 11-cr-0184-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEON HENDERSON ASKEW,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTIONS FOR
RETURN OF PROPERTY AND FOR IMMEDIATE RELEASE**

This matter is before the Court on Defendant Leon Henderson Askew's Motion for Return of Property (ECF No. 196) and Motion for Immediate Release Under 19 U.S.C. § 1592 ("Motion for Release") (ECF No. 207), which the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons that follow, the Court denies both motions.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On May 2, 2011, Colorado Springs police officers were patrolling the area of town where Askew was staying in a hotel.  (ECF No. 77 at 4.)  The officers noticed a van with expired license plates, and ascertained that Askew was the owner.  (*Id.*)  Three officers approached Askew's room and knocked on the door.  (*Id.*)  When Askew answered the door, the officers smelled marijuana smoke, and asked for Askew's identification.  (*Id.*)  Askew fled, and an officer apprehended him.  (*Id.* at 4.)  Officers obtained a warrant to search Askew's room and discovered narcotics and a loaded

firearm.  (*Id.*)

A superseding indictment issued January 9, 2012 charged Askew with: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (4) carrying or using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 34.)  After a trial commencing on January 17, 2012, a jury found Askew guilty on all four counts.  (ECF No. 60-7 at 1–3; ECF No. 103 at 1.)  On June 12, 2012, U.S. District Judge Wiley Y. Daniel sentenced Askew to 130 months' incarceration.  (ECF No. 103 at 2.)  Askew did not file a direct appeal.

On June 14, 2012, Askew filed his first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF No. 108.)  He alleged that law enforcement officers had violated his Fourth Amendment rights, and sought for his sentence to be vacated on these grounds.  (*Id.* at 2.)  Askew argued that the officers unlawfully searched his hotel room and used the information gained therefrom in the affidavit supporting the search warrant later executed.  (*Id.* at 2–3.)  On August 8, 2017, Judge Daniel denied Askew's § 2255 motion, reasoning that Fourth Amendment claims are not reviewable in a § 2255 motion where the movant had a full and fair opportunity to litigate the Fourth Amendment issues at trial or on direct appeal.  (ECF No. 149 at 4–5; *see also United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993).)  Judge Daniel further analyzed the relevant facts, finding that Askew did not suffer a Fourth Amendment violation.  (ECF No. 149 at 6.)

On March 29, 2018, Askew filed a motion pursuant to 19 U.S.C. § 1592, an anti-fraud provision of the Tariff Act of 1930, again challenging the affidavit supporting the search warrant that led to his arrest, and seeking release from custody.  (ECF No. 163 at 1–3.)  Judge Daniel found that the motion reargued the same Fourth Amendment issues raised and rejected in Askew's § 2255 motion.  (ECF No. 165 at 2–3.)  Judge Daniel therefore construed the § 1592 motion as a second or successive § 2255 motion.  (*Id.* at 3.)  Because a successive § 2255 motion must be authorized by the Tenth Circuit, and Askew's motion was not, Judge Daniel denied the motion for lack of jurisdiction.  (*Id.* at 3.)

On August 27, 2018, Askew filed another motion under § 1592, again arguing that law enforcement officers had violated his Fourth Amendment rights.  (ECF No. 169 at 1–2.)  Again, Judge Daniel construed Askew's § 1592 motion as a successive § 2255 motion.  (ECF No. 171 at 1–2.)  As the Tenth Circuit had not granted Askew leave to file a successive § 2255 motion, Judge Daniel denied the motion for lack of jurisdiction.  (*Id.* at 2.)

Askew filed his Motion for Return of Property on May 20, 2020, seeking return of several items allegedly seized during and after his arrest.  (ECF No. 196 at 1–2.)  The Government filed a response on June 15, 2020, stating that it did not possess any of the property Askew sought.  (ECF No. 203 at 1.)  Askew filed his Motion for Release on July 28, 2020, again claiming that law enforcement officers violated his Fourth Amendment rights by relying on a defective search warrant.  (ECF No. 207 at 1–2.) The Government filed a response, arguing that the Court lacked jurisdiction because the Motion for Release was a successive § 2255 application which had not been

3

authorized by the Tenth Circuit.  (ECF No. 210 at 1.)

## II. MOTION TO RETURN PROPERTY

### A.    *Pro Se* Litigant

Askew is proceeding *pro se* and is entitled to liberal construction of his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This means that, if the Court can reasonably read the pleadings to state a valid claim on which Askew could prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.  *Hall*, 935 F.2d at 1110. The Court, however, cannot act as an advocate for Askew.  *See id.* at 1110.

### B.    Rule 41(g) Framework

Although Askew does not specify the legal basis of his Motion for Return of Property, he appears to rely on Federal Rule of Criminal Procedure 41(g).  Pursuant to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  The Government may respond to a Rule 41(g) motion with evidence that it has legitimate reason to retain the property, or that it does not possess the property.  *Id.*; *Clymore v. United States*, 415 F.3d 1113, 1118 (10th Cir. 2005).

Askew specifically seeks return of: (1) confiscated cash with interest (unknown value); (2) 2000 Pontiac Montana van; (3) jewelry; (4) electronics; (5) his football career and equipment; (6) his dog; (7) his bicycle; and (8) miscellaneous items including

"sacred family items," clothing, books, cookware and personal training equipment. (ECF No. 196 at 3.)  Askew contends that these items were seized when law enforcement searched his residence.  (*Id.* at 1–2.)

On November 22, 2020, Askew submitted a letter to the Court representing that he recovered the currency from the El Paso Police Department and no longer seeks its return.  (ECF No. 212 at 1.)  Accordingly, the portion of the Motion for Return of Property seeking the currency is moot.

### C.     Jurisdiction

The Government first contends that the Court lacks jurisdiction to consider Askew's Motion for Return of Property because Askew timely filed an appeal challenging the Court's dismissal of his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  (ECF No. 203 at 4.)  Upon the timely filing of a notice of appeal, jurisdiction over an action transfers from the district court to the court of appeals with respect to any matters involved in the appeal.  *Int'l Paper Co. v. Whitson*, 595 F.2d 559, 561–62 (10th Cir. 1979).

However, Askew attaches a Tenth Circuit order to his Motion for Release, indicating that the Tenth Circuit dismissed his *Franks* appeal on July 17, 2020.  (ECF No. 207 at 5–6.)  As such, Askew appears to have no pending appeal which would divest the Court of jurisdiction.  Accordingly, the Court has jurisdiction to consider the merits of Askew's Motion for Return of Property.

### D.     Merits

First, Askew must show that he is entitled to return of his property under Rule

41(g). See Fed. R. Crim. P. 41(g); *United States v. Caldwell*, 2019 WL 7900061, at *1 (D. Colo. Feb. 5, 2019). Typically, a criminal defendant is entitled to return of property after criminal proceedings have terminated, even if a seizure was initially lawful. See *United States v. Soto-Diarte*, 370 F. App'x 886, 887 (10th Cir. 2010).

Assuming that Askew is entitled to return of his property, he still must put forth some evidence supporting his contention that his property is "in the actual or constructive possession of the United States." See *United States v. Daprano*, 2011 WL 5220234, at *4 (D.N.M. Oct. 26, 2011) (quoting *United States v. Solis*, 108 F.3d 722, 722–23 (7th Cir. 1997)). Askew does not specifically allege that the United States possesses his property. (ECF No. 196 at 1–2.) The Government further asserts that it has never been in possession of the demanded property, providing several exhibits in support of this contention. (ECF Nos. 103-1, 103-2 & 103-3.)

The Government includes in its Response to Askew's Motion for Return of Property a declaration of Assistant United States Attorney Tonya S. Andrews, which describes the disposition of the property Askew seeks. (ECF No. 203-1.) Ms. Andrews asserts that she searched for any assets seized from Askew in any criminal, civil or administrative proceeding, relying on a Consolidated Asset Tracking System ("CATS").[1] (*Id.* at 1.) She also inquired with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the federal agency involved in Askew's criminal case, as to any assets ATF may have seized. (*Id.*)

---

[1] CATS is a database managed by the Department of Justice, which tracks assets seized by federal law enforcement agencies. See *Consolidated Asset Tracking System*, Department of Justice, https://www.justice.gov/jmd/major-information-systems (last visited Dec. 16, 2020).

The Government also includes two Reports of Execution of Search Warrant ("Search Warrant Reports") in its Response. (ECF Nos. 203-2 & 203-3.) The Search Warrant Reports indicate that the only items Askew seeks which were seized by law enforcement were the currency, which he has since recovered, and his van. (ECF No. 203-2 at 1.) Both items were taken into the custody of local law enforcement. (*Id.*) Upon further inquiry, Ms. Andrews determined that El Paso County had sold Askew's van at auction. (ECF No. 203-1 at 1.) Ms. Andrews states that a deputy sheriff in El Paso County has contacted the Humane Society inquiring about retrieval of Askew's dog. (*Id.*) The Government was unable to locate any record of the remaining items sought. (*Id.*) Based on the CATS inquiry and the two Search Warrant Reports, Ms. Andrews concluded that the United States has never had possession of any of the items Askew seeks. (*Id.* at 1–2; ECF No. 203-2 at 1.)

As stated, Askew fails to allege facts suggesting that the United States currently possesses, or has ever possessed, his property. Even if he had made such an initial showing, the Government has adequately rebutted it. Taking together the Government's Response, Ms. Andrews' declaration and the Search Warrant Reports, the Court finds that Askew has failed to establish that the Government either possesses or has ever possessed his belongings. While sympathetic to Askew's situation, the Court cannot order the Government to return property that is not in its custody. Askew's Motion for Return of Property is therefore denied with prejudice.

### III. MOTION FOR RELEASE

Again, as Askew is proceeding *pro se*, the Court liberally construes his

pleadings. *See Hall*, 935 F.2d at 1110.  Askew brings his Motion for Release pursuant to 19 U.S.C. § 1592.  (ECF No. 207 at 1.)  It is the relief sought, however, rather than the title, that determines whether a pleading is a § 2255 motion.  *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).  Namely, if a motion "seeks relief from conviction or sentence," courts should treat it as a § 2255 motion.  *Id.* at 1147.  Askew seeks immediate release from custody, though his argument is premised on law enforcement's alleged unlawful search of his hotel room.  (ECF No. 207 at 2.)  Accordingly, the Court construes Askew's Motion for Release as a § 2255 motion.

As stated, Askew has previously filed three § 2255 motions. (ECF Nos. 108, 163 & 169.)  A successive § 2255 motion must be authorized by an appellate court in order to proceed, if a prior § 2255 motion has already been resolved on the merits.  *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2006).  A pleading is not considered a successive § 2255 motion, however, if it attacks "some defect in the integrity of the federal habeas proceedings," rather than a court's resolution of the defendant's claim on the merits. *Nelson*, 465 F.3d at 1147.

Here, Askew again challenges the underlying proceedings resulting in his conviction, contending that the evidence against him was obtained as a result of an illegal search and the conviction was therefore invalid.  (ECF No. 207 at 1–2.)  As such, it is a successive § 2255 application and requires authorization by the Tenth Circuit to proceed.  *See Nelson*, 465 F.3d at 1147.

The record does not indicate that the Tenth Circuit Court of Appeals has authorized a subsequent § 2255 petition.  Accordingly, the Court lacks jurisdiction to

consider the merits of Askew's Motion for Release. *See Cline*, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." (quotation omitted)).

Finally, even if he were able to establish jurisdiction, Askew does not assert a viable § 2255 claim. Askew reargues the same Fourth Amendment issues raised in his prior § 2255 motion, namely, that officers illegally entered his hotel room. (ECF No. 138 at 4–6.) As Judge Daniel noted in denying Askew's initial § 2255 motion, Askew had the opportunity to raise these issues through a direct appeal, which he opted not to pursue. (ECF No. 149 at 4–5.) Askew's claims are procedurally defaulted due to his failure to raise the issues on appeal. *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). Askew further does not argue that he should be excused from his procedural default and has not alleged actual prejudice, rendering his claim untenable. *Id.* (stating that where a defendant fails to raise an issue on appeal, he is precluded from raising it in a § 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains"). Askew's Motion for Release is therefore denied without prejudice.

\* \* \*

The Court pauses to make an additional observation. Askew's persistent filings of § 2255 motions after repeated denials amounts to an abuse of the legal system. His initial § 2255 motion was resolved on the merits three years ago, and he was never authorized to file a successive § 2255 motion. (ECF No. 149.) Askew has instead

attempted to cloak three successive § 2255 motions as distinct procedural and substantive filings by purporting to bring them under 19 U.S.C. § 1592, which, as stated, is an anti-fraud provision of a statute wholly unrelated to criminal habeas proceedings.  (ECF Nos. 163, 169 & 207; *see also* 19 U.S.C. § 1592.)

District courts have considerable discretion "to fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).  *Pro se* litigants challenging criminal proceedings are not exempt from such sanctions.  *United States v. Akers*, 807 F. App'x 861, 865 (10th Cir. 2020) (upholding district court's imposition of monetary sanctions on *pro se* litigant after repeated unauthorized filing of successive § 2255 motions).  The Court will not tolerate Askew's further endeavors to baselessly file successive § 2255 motions without authorization to do so.  Askew is advised that if he continues to burden the Court with unauthorized filings, he will be subject to monetary sanctions in the amount of not less than $250 per filing that the Court deems frivolous.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Askew's Motion for Return of Property (ECF No. 196) is DENIED WITH PREJUDICE; and

2. Askew's Motion for Immediate Release Under 19 U.S.C. § 1592 (ECF No. 207) is DENIED WITHOUT PREJUDICE.

Dated this 17th day of December, 2020.

BY THE COURT:

William J. Martinez
United States District Judge