CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. LEON HENDERSON ASKEW                                     DKT. NO. 1:11CR00184-1

### PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Michael Bohlen, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Leon Henderson Askew, who was placed on supervision by the Honorable Wiley Y. Daniel, sitting in the United States District Court in Denver, Colorado, on June 8, 2012.  The defendant was sentenced to 130 months imprisonment and 5 years supervised release for an offense of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), Possession With Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession With Intent to Distribute Cocaine, 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Carrying or Using a Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A). The defendant's custodial sentence was amended to 116 months on June 11, 2015.  On June 11, 2019, the case was reassigned to Your Honor.  Supervision commenced on March 12, 2021, and is set to expire on March 11, 2026.  As noted in the judgment [Document 103], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **VIOLATION OF LAW**

On or about March 27, 2021, the defendant committed Harassment – Strike/Shove/Kick, in Denver County, case number 22M01490.  This is a Class 3 misdemeanor, which constitutes a Grade C violation of supervised release.

The defendant's case was set for a plea and sentencing hearing.  On June 10, 2022, the defendant failed to appear for his scheduled court hearing and a failure to appear warrant was issued.

2. **VIOLATION OF LAW**

On or about January 31, 2022, the defendant committed Firearm and Ammunition Possession by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1)(1), and Ammunition Possession by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1)(2), in the U.S. District Court, District of Colorado, case number 1:22-cr-00145-PAB-01.  This is a Class C Felony, which constitutes a Grade B violation of supervised release.

Case 1:11-cr-00184-WJM   Document 220   Filed 06/21/22   USDC Colorado   Page 2 of 3

| Leon Henderson Askew | Petition for Warrant on Person Under Supervision | June 21, 2022 |
| --- | --- | --- |
| 1:11CR00184-1 | Page 2 | |

On March 29, 2022, a Report on Offender Under Supervision was filed with the Court [Document 219], advising the Court as to the defendant's pending charges in El Paso County, case number 2022CR565.  The El Paso County case was dismissed due to the defendant's indictment in the U.S. District Court, District of Colorado.  On May 4, 2022, an arrest warrant was issued in case number 1:22-cr-00145-PAB-01, which is still active.  According to the police report, the defendant attempted to board a plane at the Colorado Springs airport with a handgun and ammunition in his personal carryon.

3. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about May 9, 2022, the defendant was directed to report to the probation officer at 12:00 PM on May 10, 2022, and he failed to so report, which constitutes a Grade C violation of supervised release.

The defendant was contacted by phone on May 9, 2022, and he was directed to report to the office the following day at 12:00 PM.  The defendant failed to report as directed, and he has not contacted probation since the phone conversation on May 9, 2022. Multiple attempts to contact him by phone and text message have been unsuccessful. Due to his active warrants, a home contact has not been conducted.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.  Further, the defendant has absconded from supervision and his current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical. The defendant failed to appear in his misdemeanor case in Denver County, and currently has two active warrants.  He is no longer communicating with the probation office and is presumed to have absconded from supervision. Due to his active warrants, serving him with a summons presents a safety concern for the probation office.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*/s/ Michael Bohlen*
  Michael Bohlen
  United States Probation Officer
  Place:   Colorado Springs
  Date:    June 21, 2022

Case 1:11-cr-00184-WJM   Document 220   Filed 06/21/22   USDC Colorado   Page 3 of 3

Leon Henderson Askew  
1:11CR00184-1

Petition for Warrant on Person Under Supervision  
Page 3

June 21, 2022

*/s/ Travis L. Cormaney*

Travis L. Cormaney  
Supervisory United States Probation Officer  
Place:   Colorado Springs  
Date:    June 21, 2022

### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class A felony, thus the maximum sentence allowed upon revocation is 5 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 12 to 18 months.

### STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community. In addition, he presents a risk of non-appearance based upon his willful choice to abscond from supervision. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.