**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 11-cr-00184-WJM

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

LEON HENDERSON ASKEW,

    Defendant-Movant.

---

**GOVERNMENT RESPONSE TO DEFENDANT'S
"MOTION TO CLARIFY APPOINTMENT AND TO APPOINT ANOTHER ATTORNEY
TO REPRESENT MR. ASKEW ON POST-CONVICTION ISSUES" (ECF No. 254)**

---

In accordance with this court's Order (ECF No. 255), the United States responds to Mr. Askew's "Motion to Clarify Appointment and to Appoint Another Attorney to Represent Mr. Askew on Post-Conviction Issues" (ECF No. 254).

### BACKGROUND

    A.    **Mr. Askew's "Motion to Clarify and to Appoint Another Attorney"**

The motion now before this court was filed by the attorney who represents Mr. Askew in his supervised release violation petition. In that motion, Mr. Askew's attorney notes that she has been appointed counsel specifically to represent Mr. Askew in the supervised release violation petition. (ECF No. 254 at 1.) Counsel further states that she has "confirmed with the CJA Coordinating Attorney that her representation is limited to assisting Mr. Askew with the alleged violation of supervised release and she has not been appointed to represent Mr. Askew on post-conviction issues." *Id*.

Counsel asks for two types of relief in the motion.  She "seeks clarification that she is not counsel for Mr. Askew on post-conviction issues other than representing Mr. Askew in a supervised release violation petition."  *Id*. at 1-2.  In addition, she requests on Mr. Askew's behalf "that a different attorney from the CJA panel be appointed to represent Mr. Askew in pursuing post-conviction relief."  *Id*. at 2.

**B.     Mr. Askew is not currently pursuing post-conviction relief**

The government notes that Mr. Askew is not currently pursing post-conviction relief, other than to request that an attorney be appointed to represent him to consider the possibility of pursuing post-conviction relief.

- After his conviction, Mr. Askew moved for a new trial.  (ECF No. 86.)  This court denied his motion.  (ECF No. 99.)

- Mr. Askew filed an amended § 2255 motion.  (ECF No. 138.)  This court denied that motion.  (ECF No. 149.)

- Mr. Askew filed two motions seeking relief under 19 U.S.C. § 1592.  (ECF Nos. 163 and 169.)  This court denied both motions.  (ECF Nos. 165 and 171.)

- Mr. Askew appealed the second denial, and the Tenth Circuit dismissed the appeal.  (ECF No. 205.)

- Mr. Askew filed a third motion seeking relief under 19 U.S.C. § 1592.  (ECF No. 207).  This court denied that motion in December 2020.  (ECF No. 213.)

- Mr. Askew filed in February 2023, a "Motion to Produce the Body of Leon Henderson Askew Before This Court to Show Cause."  (ECF No. 249.)  This court struck that motion.  (ECF No. 250.)

Since December 2020—other than the matter involving Mr. Askew's supervised release violation petition, and Mr. Askew's February 2023, "Motion to Produce the Body" which this court struck—the only "post-conviction relief" Mr. Askew has sought from this court has been the appointment of counsel to assist him in considering the possibility of pursuing post-conviction relief.  *See* ECF Nos. 214, 241, 246, 252, 253.  Other than these requests for the appointment of counsel to pursue post-conviction relief, Mr. Askew has not actually filed any substantive requests for post-conviction relief that are currently pending before this court.  *See* docket.

## DISCUSSION

Because no substantive request for post-conviction relief is currently pending before this court, this court should deny Mr. Askew's request for the appointment of counsel to assist him in post-conviction proceedings.  Indeed, this court earlier this year denied Mr. Askew's request for the appointment of counsel for this very reason.  This court noted in its February 2023, Order denying Mr. Askew's "Motion to Appoint Counsel for Post-Conviction Proceedings" (ECF No. 246), that "*no post-conviction or habeas corpus action is pending*."  (ECF No. 247 (emphasis added).)  Based on that fact, this court denied Mr. Askew's motion to appoint counsel for him in post-conviction proceedings.  *Id*.

Nothing has changed following the issuance of this court's order in ECF No. 247.  Since the date of that order, Mr. Askew has not filed a motion with this court seeking post-conviction relief.

For the same reasons that this court denied Mr. Askew's motion set forth in ECF No. 246, the court should deny his present motion for appointment of counsel in post-conviction proceedings. See ECF No. 247.

The government notes that defendants have no right to counsel in post-conviction proceedings. See *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."). That should certainly hold true when a defendant has not even mounted a collateral attack on his conviction, and no motion for post-conviction relief is currently before the court.

## CONCLUSION

For the reasons stated about, Mr. Askew's current counsel who is presently assisting him in his supervised release violation petition should not also be appointed to assist him on any other post-conviction issues. In addition, no other counsel should be appointed at this time to assist Mr. Askew in pursuing post-conviction relief.

Respectfully submitted this 10th day of April, 2023.

> COLE FINEGAN
> United States Attorney
>
> *s/ Michael C. Johnson*
> MICHAEL C. JOHNSON
> Assistant United States Attorney
> 1801 California Street, Suite 1600
> Denver, Colorado 80202
> Telephone: (303) 454-0134
> E-mail: michael.johnson2@usdoj.gov
>
> Attorneys for Plaintiff-Respondent
> United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*s/ Kayla Keiter*
KAYLA KEITER
U.S. Attorney's Office