**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 11-cr-184-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

LEON HENDERSON ASKEW,

     Defendant.

---

**ORDER ON MOTIONS CONCERNING APPOINTMENT OF COUNSEL**

---

     This matter is before the Court on: (1) Defendant Leon Henderson Askew's Motion to Correct Reason to Strike Motion to Clarify Leon Henderson Askew (Terminated) Verbatim [240] and [244] ("Motion to Correct") (ECF No. 252); (2) Defendant's Motion to Appoint Counsel for Pending Post Conviction Motion Re: ECF [249] ("Motion to Appoint") (ECF No. 253); and (3) Attorney Dru Nielsen's Motion to Clarify Appointment and to Appoint Another Attorney to Represent Mr. Askew on Post-Conviction Issues ("Motion to Clarify") (ECF No. 254).

     In the Motion to Correct, Defendant notes that the Court struck his Motion to Produce the Body of Leon Henderson Askew Before This Court to Show Cause ("Motion to Produce") (ECF No. 249) because the Motion to Produce was filed *pro se*, and Defendant was represented by counsel on the docket (ECF No. 250).   (ECF No.

1

252.)   However, through the current briefs and motions currently at issue, it has become clear to the Court that Attorney Nielsen only represents Defendant in connection with the supervised release violation petition; she does not represent him in any other capacity.   (*See* ECF Nos. 254, 256.)   Therefore, the Court grants the Motion to Correct to the extent it is now clarified that Attorney Nielsen only represents Defendant in connection with the supervised release petition violation.   The Motion to Correct is otherwise denied, and the Motion to Produce remains stricken.

Second, the Court addresses Defendant's Motion to Appoint.   (ECF No. 253.) He requests that the Court appoint him counsel in connection with the Motion to Produce.   The Court finds that Defendant has failed to show good cause to appoint counsel in connection with this Motion to Produce—which, in any event, has been stricken—and denies the Motion to Appoint.

Finally, the Court addresses the Motion to Clarify.   (ECF No. 254.)   The Court grants the Motion to Clarify and concludes that Attorney Nielsen has been appointed by the CJA panel to assist Defendant with the alleged violation of supervised release; she has not been and will not be—per her request here (*id.* at 2)—appointed to represent Defendant in pursuing post-conviction relief.

As the Government points out in its response, Defendant has not filed a substantive request for post-conviction relief which is pending before this Court.   (ECF No. 256 at 3.)   Moreover, defendants have no right to counsel in post-conviction proceedings.   *See Pennsylvania v. Finley*, 481 U.S. 551, 555 1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral

attacks upon their convictions.")   Therefore, even if Defendant chooses to file a request for post-conviction relief in the future, he is not entitled to counsel without leave of Court.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendant Leon Henderson Askew's Motion to Correct Reason to Strike Motion to Clarify Leon Henderson Askew (Terminated )Verbatim [240] and [244] (ECF No. 252) is GRANTED IN PART and DENIED IN PART as set forth herein;

2.      Defendant's Motion to Appoint Counsel for Pending Post Conviction Motion Re: ECF [249] (ECF No. 253) is DENIED; and

3.      Attorney Dru Nielsen's Motion to Clarify Appointment and to Appoint Another Attorney to Represent Mr. Askew on Post-Conviction Issues (ECF No. 254) is GRANTED as set forth herein.


Dated this 18th day of April, 2023.

BY THE COURT:


_____

William J. Martínez
Senior United States District Judge